UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

-------------------------------------------------X
BARBARA E. MURPHY,                : 3:03 CV 00519 (MRK)
    Plaintiff,                              :
                                                  :
    v.                                           :
                                                  : **MEMORANDUM IN SUPPORT**
                                                  : **OF MOTION FOR DEFAULT**
THE CITY OF STAMFORD and    :
DAVID VECCHIA,                       : JANUARY 29, 2004
    Defendants.                          :
-------------------------------------------------X

**I.    FACTS**

On March 24, 2003, Plaintiff, Barbara E. Murphy filed a complaint against defendant David Vecchia (hereinafter "Defendant" or "Vecchia") in United States District Court, District of Connecticut .

On April 2, 2003, plaintiff served Notice of Lawsuit and Requests for Waivers of Service of Summons upon defendants in accordance with Federal Rules of Civil Procedure, Rule 4(d).  On or about April 22, 2003, plaintiff received executed waivers of service of summons from Defendant (attached as Exhibit "A" to the Affidavit of Elisabeth Seieroe Maurer).

**II.    DEFENDANT IS IN DEFAULT FOR FAILURE TO PLEAD**

Pursuant to Federal Rules of Civil Procedure Rule 4(d)(3), by agreeing to waive formal service of process, defendant's time for responding to the complaint is tripled from 20 days to 60 days following the request for waiver.

Taking into consideration the 3-day service-by-mail provision of Federal Rule of Civil Procedure Rule 6(e), Defendant's filing deadline for his responsive pleading was June 2, 2003. No pleading has been received to date.

When a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend...the clerk shall enter the party's default. Federal Rules of Civil Procedure, Rule 55(a).

### III. CONCLUSION

For the reasons stated above, plaintiff respectfully moves for default to be entered against defendant, David Vecchia

PLAINTIFF,
BARBARA E. MURPHY

BY: _____
Elisabeth Seieroe Maurer (ct11445)
Law Offices of Elisabeth Seieroe Maurer, PC
871 Ethan Allen Hwy., Suite 202
Ridgefield, CT 06877
Phone (203) 438-1388
Fax (203) 431-0357
E-mail esmaurer@esmlaw.net

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------X
BARBARA E. MURPHY,                : 3:03 CV 00519 (MRK)
   Plaintiff,                             :
                                                    :
v.                                                    :
                                                    : **AFFIDAVIT**
                                                    :
THE CITY OF STAMFORD and     :
DAVID VECCHIA,                       : JANUARY 29, 2004
   Defendants.                          :
------------------------------------------------X

Elisabeth Seieroe Maurer, under penalties of perjury, hereby affirms:

1. I am the attorney for the plaintiff, Barbara E. Murphy, and, as thus, fully familiar with the matters testified herein.

2. Plaintiff, Barbara E. Murphy, through her attorneys The Law Offices of Elisabeth Seieroe Maurer P.C. (hereinafter "Plaintiff") filed a complaint against defendant, David Vecchia (hereinafter "Defendant" or "Vecchia") in United States District Court, District of Connecticut on March 24, 2003.

3. On April 2, 2003, plaintiff served Notice of Lawsuit and Request for Waiver of Service of Summons upon defendant.

4. On or about April 22, 2003, plaintiff received executed waivers of service of summons from Defendant (attached as Exhibit "A").

5.    Pursuant to Federal Rules of Civil Procedure Rule 4(d)(3), by agreeing to waive formal service of process, defendant's time for responding to the complaint is tripled from 20 days to 60 days following the request for waiver.

6.    Taking into consideration the 3-day service-by-mail provision of Federal Rule of Civil Procedure Rule 6(e), defendant's filing deadline for their responsive pleading was June 2, 2003.

7.    No pleading has been received to date.

Executed this 29th day of January 2004.

_____
Elisabeth Seieroe Maurer

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONECTICUT

-------------------------------------------------X
BARBARA E. MURPHY,                : Docket No. 303 CV 00519 DJS
    Plaintiff,                            :
v.                                                 : **WAIVER OF SERVICE**
                                                             : **OF SUMMONS**
THE CITY OF STAMFORD and     :
DAVID VECCHIA,                        :
    Defendants.                         : April 2, 2003
-------------------------------------------------X

TO:   Thomas W. Ozimkoski Jr., Esq.
         The Law Offices of Elisabeth Seieroe Maurer, PC
         871 Ethan Allen Hwy., Suite 202
         Ridgefield, CT 06877

     I acknowledge receipt of your request that I waive service of a summons in the action mentioned above in the United States District Court for the District of Connecticut. I have received two copies of this instrument, a copy of the Complaint in the action, and a Notice of Lawsuit, and a means by which I can return the signed waiver to you without cost to me.

     I agree to save the cost of service of a summons and an additional copy of the complaint in this lawsuit by not requiring that the entity on whose behalf I am acting be served by judicial process in the manner provided by the Federal Rules of Civil Procedure, Rule 4. For my convenience, a copy of the relevant portions of Rule 4 has been attached to this document.

     **David Vecchia** will retain all defenses or objections to the lawsuit or to the jurisdiction or venue of the Court except for objections based on a defect in the summons or in the service of the summons.

     I understand that a judgment may be entered against **David Vecchia** if an answer or motion under the Federal Rules of Civil Procedure, Rule 12 is not served upon you within 60 days after date request was sent.

4/22/03
_____                         _____
Date                                                              David Vecchia

## DUTY TO AVOID UNNECESSARY COSTS OF SERVICE OF SUMMONS

Rule 4 of the Federal Rules of Civil Procedure requires certain parties to cooperate in saving unnecessary costs of service of summons and complaint. A defendant located in the United States who, after being notified of an action and asked by a plaintiff located in the United States to waive service of a summons, fails to do so will be required to bear the cost of such service unless good cause be shown for its failure to sign and return the waiver.

It is not good cause for a failure to waive service that a party believes that the complaint is unfounded or that the action has been brought in an improper place or in a court that lacks jurisdiction over the subject matter of the action or over its person or property. A party who waives service of the summons retains all defenses and objections (except any relating to the summons or the service of the summons), and may later object to the jurisdiction of the court or to the place where the action has been brought.

A defendant who waives service must within the time specified on the waiver form serve on the plaintiff's attorney a response to the complaint and must also file a signed copy of the response with the court. If the answer or motion is not served within this time, a default judgment may be taken against the defendant. By waiving service, a defendant is allowed more time to answer than if the summons had been actually served when the request for waiver of service was received.