UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA E MURPHY
Plaintiff

CIVIL NO.
3:03 cv 00519 (MRK)

FILED
MAR 3  1 29 PM '04
DISTRICT COURT
NEW HAVEN, CONN.

v

THE CITY OF STAMFORD AND
DAVID VECCHIA
Defendants

February 27, 2004

ANSWER OF DAVID VECCHIA

The defendant DAVID VECCHIA, hereby files its Answer to the Complaint of March 20, 2003

1-4. As to the allegations set forth Paragraphs 1 through 3, Defendant Vecchia lacks sufficient knowledge upon which to form a belief, and therefore leaves Plaintiff to her proof.

5-6. Defendant admits the allegations of par. 5 through 6.

7. Defendant admits the first sentence of par. 7 and denies that Vecchia was a supervisor of the plaintiff.

8. Defendant admits the allegation of par. 8.

9. Defendant admits that the first. second and last sentence of par. 9, and denies the third and fourth sentence since Vecchia had no supervisory authority over plaintiff.

10-11. As to the allegations set forth in Paragraphs 10-11, Defendant Vecchia denies making sexual advances.

12. Plaintiff has not defined "at this time". Plaintiff and Defendant Vecchia worked in same building from July, 1993 thru September, 1996.

1

13-34. Defendant denies the allegations of par. 13. through 34 and therefore leaves Plaintiff to her proof.

35  Defendant has no knowledge of sentence 1. Defendant does admit that he spoke to Attorney Fraser and agreed to meet him at his office.

36. Defendant denies returning computer discs at this meeting. Defendant denies sentence 2, he never spoke to Fraser. Defendant admits to sentences 3 and 4.

37. Defendant denies the allegations of par. 37, and therefore leaves Plaintiff to her proof.

38-40. Defendant has no knowledge of allegations of par. 38 through 40, and therefore leaves Plaintiff to her proof.

41. Defendant admits to sentence 1. Defendant denies sentence 2 and therefore leaves Plaintiff to her proof.

42-47. Defendant has no knowledge of par. 42-47.and therefore leaves Plaintiff to her proof.

48-53. Defendant denies the allegations of par. 48- 53. and therefore leaves the Plaintiff to her proof..

54. Defendant denies par.54 and leaves Plaintiff to her proof.

55-57. Defendant has no knowledge of par.55-57 and leaves Plaintiff to her proof.

58. Defendant denies par.58 and leaves plaintiff to her proof..

59. Defendant has no knowledge of the allegation of par. 59..

60. Defendant admits to the allegation of par. 60 and adds that the charge of stalking was dismissed.

61. Defendant has no knowledge of the allegations par. (a) thru (i)  and leaves to her proof. Defendant adds that the charge of stalking was dismissed.

62. Defendant admits to par.62.

2

63-64. Defendant has no knowledge of the allegations of par. 63 and 64.

65. Defendant denies para 65 and leaves Plaintiff to her proof.

66-67. Defendant has no knowledge of the allegations of par 66-67 (pages 16 and 17) and leaves Plaintiff to her proof.

68-69. Defendant admits the allegations of par. 68 and 69.

70-71. Defendant denies the allegation of par. 70 and par. 71.

72-73. Defendant has no knowledge of the allegations of par. 72 and par. 73.

74-82. Defendant denies the allegations of par. 74 through 82.

FIRST CAUSE OF ACTION (p 18)

1-83. The defendant re-alleges and incorporates by reference the answers to paragraphs 1 through 83 as the answers to paragraphs 1-83.

84-89. The defendant denies the allegations of paragraphs 84 through 89.

SECOND CAUSE OF ACTION (p 19)

1-90. The defendant re-alleges and incorporates by reference the answers to paragraphs 1 through 90 as the answers to paragraphs 1-90.

91-93 The defendant denies the allegations of paragraphs 91 through 93.

THIRD CAUSE OF ACTION (p 20)

The defendant Vecchia does not respond to this Third Cause of Action as it is not addressed to defendant Vecchia..

FOURTH CAUSE OF ACTION (p.21)

The defendant Vecchia does not respond to this Fourth Cause of Action as it is not addressed to defendant Vecchia.

FIFTH CAUSE OF ACTION (p. 22)

The defendant Vecchia does not respond to this Fifth Cause of Action as it is not addressed to defendant Vecchia.

SIXTH CAUSE OF ACTION (p. 23)

The defendant Vecchia does not respond to this Sixth Cause of Action as it is not addressed to defendant Vecchia.

SEVENTH CAUSE OF ACTION (p.24)

1- 126. The defendant re-alleges and incorporates by reference the answers to paragraphs 1 through 126 as the answers to paragraphs 1- 126.

127- 130. The defendant denies the allegations of paragraphs 127 through 130.

EIGHTH CAUSE OF ACTION (p.25)

The defendant Vecchia does not respond to this Eighth Cause of Action as it is not addressed to defendant Vecchia.

NINTH CAUSE OF ACTION (p.26)

1-136. The defendant re-alleges and incorporates by reference the answers to paragraphs 1 through 136 as the answers to paragraphs 1- 136.

137- 144. The defendant denies the allegations of paragraphs 137 through 144.

TENTH CAUSE OF ACTION (p. 27)

1-145. The defendant re-alleges and incorporates by reference the answers to paragraphs 1 through 145 as the answers to paragraphs 1- 145.

146- 156 The defendant denies the allegations of paragraphs 146 through 156.

ELEVENTH CAUSE OF ACTION (p.28)

1- 157. The defendant re-alleges and incorporates by reference the answers to paragraphs 1 through 157 as the answers to paragraphs 1- 157.

158- 168. The defendant denies the allegations of paragraphs 158 through 168.

TWELTH CAUSEOF ACTION (p.29).

1-169. The defendant re-alleges and incorporates by reference the answers to paragraphs 1 through 169 as the answers to paragraphs 1- 169.

170- 179. The defendant denies the allegations of paragraphs 170 through 179.

THIRTEENTH CAUSE OF ACTION (p. 30)

The defendant Vecchia does not respond to this Thirteenth Cause of Action as it is not addressed to defendant Vecchia.

SPECIAL DEFENSES

1) The court lacks jurisdiction over any claims under 42 USC Section 1983 as the same claims were made in a CHRO/ EEOC complaint filed in September 2001, and those claims were dismissed in February, 2002 and a release of jurisdiction letter was issued in March (CHRO) and April (EEOC) of 2002, giving notice of 90 days to file suit, this lawsuit was filed more than 90 days thereafter, in March, 2003. Thus the claims in this lawsuit are beyond the time periods granted by law and as noted in the Release of Jurisdiction letters of March and April, 2002, and therefore plaintiff's claims are barred by law.

2) Vecchia is not a supervisor of Murphy.

3) The Court should decline jurisdiction over state claims.

4) The state claims are barred by statue of limitations of two years, pursuant to 52-557n, CGS

THE DEFENDANT
DAVID VECCHIA

*/s/ David Vecchia*
David Vecchia
PO BOX 159
West Redding, CT 06896
203-744-4307

CERTIFICATION

I hereby certify that a copy of the forgoing Production was mailed, postage prepaid, this 28th day of February, 2003 to the following:

Law Offices of Elisabeth S Maurer, PC
871 Ethan Allen Hwy, Suite 202
Ridgefield, CT 06877


James V, Minor
Assistant Corporate Counsel
City of Stamford
888 Washington Boulevard
Box 10152
Stamford, CT 06904-2152


David Vecchia
Defendant
Pro Se