UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

---------------------------------------------------X
BARBARA E. MURPHY,               :   3:03 CV 00519 (MRK)
    Plaintiff,                          :
                                             :
    v.                                       :
                                             :
THE CITY OF STAMFORD and         :
DAVID VECCHIA,                   :   April 8, 2004
    Defendants.                         :
---------------------------------------------------X

**MEMORANDUM OF LAW IN SUPPORT OF PLANTIFF'S
MOTION FOR A PROTECTIVE ORDER**

    Barbara Murphy (hereinafter, "Murphy") submits this memorandum of law in support of her motion for a protective order pursuant to Rule 26 (c) of the Federal Rules of Civil Procedure (hereinafter, "FRCP ____") A protective order is appropriate because as discussed below and in the attached Moving Affirmation of Elisabeth Seieroe Maurer sworn to April 8, 2004, and the exhibits annexed thereto (hereinafter, "Maurer Aff"), it will protect Murphy from undue annoyance, embarrassment, and oppression.

I.  **PRELIMINARY STATEMENT**

    This action was commenced by Murphy on or about March 20, 2003, alleging various claims against defendant David Vecchia (hereinafter, "Vecchia") and the City of Stamford (hereinafter, "City") including violation of 42 U.S.C. § 1983, breach of contract, civil assault, invasion of privacy by intrusion, intentional infliction of

emotional distress, and negligent infliction of emotional distress. Issue was joined in March 2004, denying liability and asserting affirmative defenses.

Procedurally, both defendants have answered and discovery has begun. A motion for summary judgment is pending against Vecchia based, in part, on his failure to respond to Requests to Admit. Further, a motion to compel is pending against the City for failure to respond to Interrogatories and Document Requests. Further, a stipulated protective order was entered into by Plaintiff and the City limiting access to Plaintiff's medical records to "attorney's eyes only."

## II.  **FACTS**

As described in more detail in the Affirmation of Elisabeth Seieroe Maurer submitted herewith, Vecchia has pled guilty to breaking and entering and harassing Murphy, been terminated and lost the labor arbitration regarding his termination. A copy of the arrest warrant affidavit is attached as Exhibit "A" to the Maurer Affirmation.

The City has noticed Plaintiff's continued deposition to delve into her emotional damage including the medications she takes, her dreams, her prior psychological condition, etc. This motion seeks a protective order pursuant to FRCP 26 (c) expelling Vecchia from that deposition and sealing the record thereof.

Murphy has testified twice in front of Vecchia with damaging results. When the City subpoenaed her to attend the arbitration of Vecchia's termination, the Panel, based on her therapist's opinion letter, provided her with a guarded room to wait in, a State Trooper in the hearing room, and allowed counsel to position her where

Vecchia would not be in her line of sight and to sit with her while she testified. Vecchia repeatedly, even though represented, asked that she speak louder, dropped things to draw her attention, attempted to approach her and leered at her. She cried, shook and was quickly incoherent.

During the first portion of her deposition, the City's counsel agreed to have a uniformed officer in the room and Murphy was able to manage several brief exchanges. In between, she cowered in counsel's office trying to pull herself together. Vecchia was gleeful, repeatedly positioned himself to close the distance between himself and Murphy. He made several requests that she speak louder and would not redirect his attention from her when someone else spoke to him. Eventually, the officer repositioned himself and Murphy to establish a physical and visual barrier between Murphy and Vecchia.

Murphy's doctor reports that each session causes Murphy substantial damage.

## III. ARGUMENT

### A. An Order Should be Issued to Protect Murphy from Annoyance, Embarrassment and Oppression.

The grant of a protective order is appropriate where:

> As a prerequisite to the issuance of such a protective order, Rule 26(c) requires a showing of "good cause." Once good cause has been demonstrated, the burden then shifts to the party resisting the issuance of the order to show why the court should allow free dissemination of the disputed discovery materials. Culinary Foods, Inc. v. Raychem Corp., 151 F.R.D. 297, 300-01 (N.D. Ill. 1993) (citation omitted). Ahern v. Trans Union LLC, 2002 U.S. Dist. LEXIS 26355  (D CT 2002)

3

As described above, David Vecchia has a long standing behavior of inappropriate conduct toward Barbara Murphy for which he has; been arrested, pled guilty to, been terminated for and arbitrated against unsuccessfully.  Even so, when given the opportunity to be in a conference room during a deposition with Barbara Murphy, he was unable to behave appropriately further exacerbating the damage he has already done to her.

David Vecchia has already admitted each of the allegations in the complaint including dozens of occurrences of inappropriate conduct as well as the fact that even after being given two chances to conform his behavior by ceasing contact with Murphy, he has not complied. To prevent any further misconduct and the attendant damage to Murphy, we respectfully request that this court grant a protective order excluding Vecchia from Barbara Murphy's continuing deposition and any access to her medical documents.

Dated: April 8, 2004

                PLAINTIFF,
                BARBARA E. MURPHY

                BY: _____
                Elisabeth Seieroe Maurer (ct11445)
                Law Offices of Elisabeth Seieroe Maurer, PC
                871 Ethan Allen Hwy., Suite 202
                Ridgefield, CT 06877
                Phone (203) 438-1388
                Fax (203) 431-0357
                E-mail esmaurer@esmlaw.net