UNITED STATES DISTRICT COURT
DISTRICT OF CONECTICUT

---------------------------------------------------X
BARBARA E. MURPHY,                : Docket No. 3:03 CV 00519 (MRK)
    Plaintiff,                              :
                                                  :
    v.                                         :
                                                  :
THE CITY OF STAMFORD and   :
DAVID VECCHIA,                        : APRIL 8, 2004
    Defendants.                         :
---------------------------------------------------X


## AFFIRMATION OF ELISABETH SEIEROE MAURER

Elisabeth Seieroe Maurer hereby affirms under the penalties of perjury that:

1. I am an attorney licensed to practice law in the State of Connecticut, and I represent the Plaintiff Barbara E. Murphy ("Murphy") in this action.

2. This is a 42 USC 1983 case that revolves around the stalking of the plaintiff, an employee of Stamford, by an employee of the City. Both the City and the "stalker" are defendants. David Vecchia ("Vecchia") has appeared pro se.

3. Procedurally, both defendants have answered and discovery has begun. A motion for summary judgment is pending against Vecchia based, in part, on his failure to respond to Requests to Admit. Further, a motion to compel is pending against the City for failure to respond to Interrogatories

and Document Requests. Further, a stipulated protective order was entered into by Plaintiff and the City limiting access to Plaintiff's medical records to "attorney's eyes only."

4. Vecchia has pled guilty to breaking and entering and harassing Murphy, been terminated and lost the labor arbitration regarding his termination. A copy of the arrest warrant affidavit is attached as Exhibit "A".

5. The City has noticed Plaintiff's continued deposition to delve into her emotional damage including the medications she takes, her dreams, her prior psychological condition, etc. This motion seeks a protective order pursuant to FRCP 26 (c) expelling Vecchia from that deposition and sealing the record thereof.

6. Murphy has testified twice in front of Vecchia with damaging results. When the City subpoenaed her to attend the arbitration of Vecchia's termination, the Panel, based on her therapist's opinion letter, provided her with a guarded room to wait in, a State Trooper in the hearing room, and allowed me to position her where Vecchia would not be in her line of sight and to sit with her while she testified. Vecchia repeatedly, even though represented, asked that she speak louder, dropped things to draw her attention, attempted to approach her and leered at her. She cried, shook and was quickly incoherent.

7. During the first portion of her deposition, the City's counsel agreed to have a uniformed officer in the room and we were able to manage several

brief exchanges. In between, she cowered in my office trying to pull herself together. Vecchia was gleeful, repeatedly positioned himself to close the distance between them. He made several requests that she speak louder and would not redirect his attention from her when someone else spoke to him. Eventually, the officer repositioned himself and Murphy to establish a physical and visual barrier between Murphy and Vecchia.

8. Her doctor reports that each session causes Murphy substantial damage.

9. Jim Minor, counsel for the City, and I have discussed this matter at length and can come to no resolution that prevents Vecchia, while unrepresented, from having access to Murphy's medical files and participating in her deposition.

Wherefore, Plaintiff respectfully requests that this court issue a protective order excluding David Vecchia from participating in Barbara Murphy's continued deposition and from access to any document referencing her medical condition.

Dated: April 8, 2004

_____
Elisabeth Seieroe Maurer