UNITED STATES DISTRICT COURT
DISTRICT OF CONECTICUT

---------------------------------------------------X
BARBARA E. MURPHY,                :     3:03 CV 00519 (MRK)
    Plaintiff,                          :
                                             :
    v.                                      :
                                             :
THE CITY OF STAMFORD and          :
DAVID VECCHIA,                    :     April 7, 2004
    Defendants.                         :
---------------------------------------------------X

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO COMPEL

**I.**    **FACTS**

On August 25, 2003, plaintiff served her First Request for Production of Documents (attached to the Affirmation of Elisabeth Seieroe Maurer Affirmation as Exhibit "A," hereinafter, "Maurer Aff."). On September 5, 2003, plaintiff served Plaintiff's First Request for Interrogatories and Second Request for Production of Documents. Maurer Aff. Exhibit "B". On October 21, 2003, plaintiff's counsel wrote to defense counsel asking for a response to the above-mentioned requests. Maurer Aff. Exhibit "C". On March 11, 2004, after repeated promises from counsel, plaintiff's counsel wrote to defense counsel again requesting a response to the above-mentioned requests. Maurer Aff. Exhibit "D". Defendant has produced no response, objection or privilege log to date. To date plaintiff's counsel has spent 3.5 hours at $275.00 or $825 as well as $35.20 in fedex, copying and mailing costs to send repeated requests.

## II. DEFENDANT SHOULD BE COMPELLED TO PRODUCE THE REQUESTED DOCUMENTS

Plaintiff's request is authorized under FRCP 34 and 37(a). Murphy seeks information and documents that are either relevant or likely to lead to relevant documents. Federal Rules of Civil Procedure, Rule 26(b)(1), Oppenheimer Fund, Inc. v Sanders, 437 US 340, 351, 98 S. Ct. 2380, 2389 (1978). The information and documents at issue are not protected from discovery by any relevant privilege.

Further, Defendant has waived any objection by failing to object timely. Waiver may result where the holder of the privilege fails to make a timely and specific objection to a discovery request. Handbook of Federal Civil Discovery and Disclosure, Second Edition, §1.74 at page 95, citing Baxter Travenol Laboratories, Inc. v. Abbott Laboratories, 117 F.R.D. 119 (N.D. Ill. 1987); and Marx v. Kelly, Hart & Hallman, 929 F.2d 8, 10-11 (1st Cir. 1991). Additionally, where discovery is by interrogatories or for production of documents, the responding party must make a timely objection. Handbook of Federal Civil Discovery and Disclosure, Second Edition, §1.74 at page 95, citing Wright, Miller & Marcus, Federal Practice and Procedure: civil 2d §2016.1.

## III. CONCLUSION

For the reasons stated above, Plaintiff's Motion to Compel should be granted and this Court should determine that the City of Stamford has waived all objections to the Interrogatories and Requests, issue an order compelling the City to produce

the demanded answers and documents immediately and award plaintiff $860.20 in attorney's fees and costs.

Dated: April 7, 2004

        Respectfully submitted,

        PLAINTIFF,
        BARBARA MURPHY

BY: _____
        Elisabeth Seieroe Maurer (ct11445)
        Law Offices of Elisabeth Seieroe Maurer, PC
        871 Ethan Allen Hwy., Suite 202
        Ridgefield, CT 06877
        Phone (203) 438-1388, Fax (203) 431-0357
        E-mail:  esmaurer@esmlaw.net