## UNITED STATES DISTRICT COURT
## DISTRICT OF CONECTICUT

```
--------------------------------------------------X
BARBARA E. MURPHY,               :      3:03 CV 00519 (MRK)
        Plaintiff,               :
                                 :
        v.                       :
                                 :
THE CITY OF STAMFORD and         :
DAVID VECCHIA,                   :      April 7, 2004
        Defendants.              :
--------------------------------------------------X
```

## AFFIRMATION OF ELISABETH SEIEROE MAURER

Elisabeth Seieroe Maurer hereby affirms under the penalties of perjury that:

1.    I am an attorney licensed to practice law in the State of Connecticut, and I represent Barbara E. Murphy in this action.

2.    On August 25, 2003, plaintiff served her First Request for Production of Documents (attached to this Affirmation as Exhibit "A,").

3.    On September 5, 2003, Plaintiff served Plaintiff's First request for interrogatories and second request for production of documents. (attached to this Affirmation as Exhibit "B").

4.    On October 21, 2003, I wrote to defense counsel asking for a response to the above-mentioned requests. A copy is attached as Exhibit "C".

5.    On March 11, 2004, after repeated promises from counsel, I wrote to defense counsel again requesting a response to the above-mentioned requests. A copy is attached as Exhibit "D".

6.    Defendant has produced no objection or privilege log to date.

7.    I have consulted with Defendant's counsel on this matter by letter and in person at the  deposition of William Stover and Barbara Murphy without success in an attempt to resolve this matter without court action.

8.    To date I have spent 3.5 hours at $275.00 or $825 as well as $35.20 in fedex, copying and mailing costs to send repeated requests for compliance and to prepare this motion to compel.

Wherefore, plaintiff respectfully requests that this court determine that the City of Stamford has waived all objections to the Interrogatories and Requests, issue an order compelling the City to produce the demanded answers and documents immediately and award plaintiff $860.20 in attorney's fees and costs.

Dated: April 7, 2004

Elisabeth Seieroe Maurer

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONECTICUT

_____X
                        :
**BARBARA E. MURPHY,**      :
    **Plaintiff,**        :    **Civil Action No**
                     :    **03-CV-0519 (DJS))**
**v.**                       :
                     :
                     :
**CITY of STAMFORD and**  :
**DAVID VECCHIA**       :
    **Defendants.**     :    **August 15, 2003**
_____X

### PLAINITFF'S FIRST REQUEST FOR
### PRODUCTION OF DOCUMENTS PURSUANT TO RULE 34

The Plaintiff, Barbara Murphy, (hereinafter "Murphy"), by and through her attorney the Law Offices of Elisabeth Seieroe Maurer, PC and pursuant to Rule 34 of the Federal Rules of Civil Procedure, serves the following request for production of documents upon the Defendants, the City of Stamford, (hereinafter, "City") and David Vecchia, (hereinafter, "Vecchia"). The City and Vecchia shall be referred to collectively as the "Defendants" throughout this document.

## A.    **INSTRUCTIONS FOR ANSWERING**

1.     All documents shall be produced within thirty (30) days from the date of service.  If you cannot produce the requested documents or any part thereof, after exercising due diligence to secure the documents, than so state and produce the remainder of the documents as fully as possible.

2.     Defendants are required, in responding to this request to obtain and furnish all documents that are within the possession, custody or control of themselves, their representatives, employees, agents, brokers, attorneys, investigators, or any persons acting on their behalf.

3.     Each request should be responded to separately, completely, in writing, and under oath, unless objected to.  However, a document which is the response to more than one request may, if the relevant portion is marked or indexed, be produced and referred to in a later response.

4.     All documents produced shall be segregated and indentified by paragraphs to which they are primarily responsive.  Where required by a particular paragraph of this request, documents produced shall be further segregated and identified as indicated in this paragraph.  For any documents that are stored or maintained in files in the normal course of business, such documents shall be

produced in such files, or in such manner as to preserve and identify the file from which such documents were taken.

5.    All documents produced in response to this request shall include all attachments and enclosures.

6.    With respect to any document requested which was once in the possession, custody or control of Defendants, but no longer is, please indicate the date the document ceased to be in possession, custody or control, the manner in which it ceased, and the name and address of the present custodian.

7.    Whenever a description of a document or information is requested, it is the intention that the answer shall state the following information with respect to each such document:

(a)    The title, heading or caption of such document, if any.

(b)    The identifying number(s), letter(s), or combination thereof, if any and the significance or meaning or such number(s), letter(s), or combinations thereof.

(c)    The inclusive dates of each such document.

(d)    The general nature of such documents (i.e. whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages of which it consists.

3

   (e)     The name of the person to whom such document was addressed and the name of each person, other than such addressee, to whom such document or a copy thereof, was sent.

   (f)     The identity of the person who has custody of such document.

     The foregoing information shall be given in sufficient detail to enable a party or person to whom a subpoena is directed to identify fully the document to be produced and to enable a party to determine that such document then produced is in fact the document so desired.

     8.    In the event any document called for by this request has been destroyed, discarded, misplaced or otherwise disposed of, or is otherwise presently unavailable to Defendants, the unavailable document is to be identified as follows: addresser, addressee, indicated or blind copies, date, subject matter, number of pages, attachments or appendices, all persons to whom the document was distributed shown or explained, date of destruction or disposal and name and business title of person who destroyed, discarded, misplaced or disposed of such document.

4

9.    All documents called for by this request or related to this request, for which the Defendants claim a privilege or statutory authority as a ground for not producing such document, shall be listed chronologically as follows:

(a)    The place, date, and manner of recording or otherwise preparing the document;

(b)    The name and title of the sender;

(c)    The identity of each person or persons (other than stenographic or clerical assistants) participating in the preparation of the document;

(d)    The identity and title of with Defendants, if any, or the person or persons supplying Defendant's attorney with the information requested above;

(e)    The identity of each person to whom the contents of the documents have heretofore been communicated by copy, exhibition, sketch, reading or substantial summarization, the dates of said person at the time of said communication;

(f)    Type of document;

(g)    Subject matter (without revealing the relevant information for which privilege or statutory authority is claimed); and

5

(h)    Factual and legal basis for claim, privilege or specific statutory or regulatory authority which provides the claimed ground for not producing such document;

(i)    State the basis for assertion of the privilege or exclusionary principle; and

(j)    Give a summary statement of the document's title, date, author, recipient, custodian and subject matter in sufficient detail to permit the Panel to reach a determination in the event of a motion to compel the production of the requested documents.

10.    Pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendants are under a continuing duty to promptly supplement their production with documents obtained subsequent to the preparation and filing of a response to each request. Thus, these Requests for Production are to be considered continuing. Therefore, Defendants are requested to provide, by way of supplementary production, such additional documents as they or any person acting on their behalf may obtain which will augment or modify their initial compliance. Such supplementary compliance is to be served upon Plaintiff's counsel within thirty (30) days of the receipt of such documents.

**B.    DEFINITIONS**

1.    "Document(s)": As used throughout this particular document, refers to any kind of written, typewritten, printed or graphic material or matter, e-mail, reproduction, xerographic reproduction or photocopy thereof, or any other tangible means of recording or memorializing any form of communication, intelligence, or representation however produced or reproduced, of every kind and description in the actual or constructive possession, custody or control or producing parties, their agents, attorneys, accountants, and/or any other person authorized to act on behalf of said party, wherever located, including specifically, but without limiting the generality of the foregoing, the originals (or copies where originals are not available) and all copies that are not identical to the original, of file indices, file folders, notes, memoranda, letters, telegrams, books, accounts, microfilm, microfiche, papers, certificates, notices, computer tapes, computer cards, computer print-outs, inter-office communications, intra-office communications, visual recordings, motion pictures, videotapes, audio tapes, photographs, reports, drafts, calendars, appointment books, diaries, minutes of meetings of boards of directors, notices of meetings or conversations, catalogues, written agreements, plans, charts, maps, diagrams, contracts, checks, check registers, passbooks, books of account, statements, confirmations, financial statements, statements of income,

receipts, invoices, bills, cables, leases, or any other form of writing or other material similar to the foregoing, however denominated by Defendants.

2.    "Communication": Means the transmittal of information, the information transmitted, and any process by which information is transmitted.

3.    "Plaintiff": Refers to Barbara Murphy, who shall be referred to as "Murphy" throughout this document.

4.    "Defendants": Refers to David Vecchia and the City of Stamford, and their officers, directors, employees, members, selectmen, commissioners, board members, volunteer committee members, subsidiaries, affiliates, or any similar person. This definition is not intended to impose a discovery obligation on any person who is not a party or an agent of a party to this litigation.

5.    "Person": Means any natural persons, firms, proprietorships, associations, partnerships, corporations and every other type of business, legal or governmental entity or association.

6.    "Regarding": Means concerning, relating to, referring to, describing, evidencing or constituting.

7.    "Relate(s)": Means concerning, reflecting, regarding, referring to, describing, evidencing or constituting.

8.    "Claim": Means a demand or assertion, whether oral or written, formal or informal, by any person for monetary payment, the undertaking of action, or the cessation of action.

9.    "Complaint": Means any formal, informal, written or oral statement or communication setting forth an allegation against a party.

10.    "Consulted" or "Contracted":  Means any form of communication, such as oral statements, telephonic conversations or other mechanical communications or any other type of communication including written letter or documents.

11.    "Management" or "Manage": Includes any act or directing, conducting, administering, controlling, or handling an identified function or duty.

12.    "Relevant Time Period": Shall be construed to encompass the time period from January 1, 1993 through present.


C.    **RULES OF CONSTRUCTION**

1.    "All/Any": The terms "all" and "any" shall be construed to include all and any of what may be requested.

2.    "And/Or": The connectives "and" and "or" shall be construed

9

either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside its scope.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

1.    Provide all documents, not previously provided, relating to Vecchia, including but not limited to, Vecchia's personnel file that should contain: (1) job performance evaluations, including job performance evaluations completed during 1997-2002; (2) disciplinary records; (3) employment related complaints filed with the City of Stamford against Vecchia; (4) employment related complaints filed with the City of Stamford by Vecchia; and (5) documents relating investigations conducted concerning employment related complaints filed with the City of Stamford against Vecchia and employment related complaints filed with the City of Stamford by Vecchia.

2.    Provide all documents, not previously provided, related in any manner to any training given by the City to David Vecchia, including but not limited to, course syllabus, training materials, as well as, the dates of the courses, the course of instruction, identities, titles, or responsibilities of each person responsible in any

manner for said training.

3.      Provide all personnel policies, handbooks, manuals, agreements, guidelines, and any other similar documents, not previously provided, that relate to the City's policies and procedures regarding the conduct of its employees, which have been issued since 1993.

4.      Provide a copy of all notices posted in the Government Center regarding the conduct of its employees, which have been posted since 1993.

5.      Provide a copy of all documents, not previously provided, relating to the 1998 arrest of David Vecchia as described in a letter dated March 21, 2002, from the City's unemployment insurance specialists, Consultech, to the Connecticut Department of Labor.

6.      Provide a copy of all documents, not previously provided, relating to the 2000 arrest of David Vecchia as described in a letter dated March 21, 2002, from the City's unemployment insurance specialists, Consultech, to the Connecticut

11

Department of Labor.

     7.     Provide a copy of all documents, not previously provided, relating to the discharge of David Vecchia. This request shall include, but is not limited too, notices of the termination hearing, notice of termination, any appeals of the termination, transcripts of any appeals of the termination, evidence submitted during the appeals of the termination and award(s) rendered of any appeals of the termination.

     8.     Provide all non-privileged documents, not previously provided, relating to any communications between either Defendant and any person regarding Vecchia, which are related in any manner to any complaint involving David Vecchia.

     9.     Provide all witness statements, written notes, videotapes, and/or audiotapes memorializing any interviews, not previously provided, regarding any complaint against David Vecchia.

10.   Provide any non-privileged documents, not previously provided, that relate to any investigations performed by or on behalf of the Defendants with regard to any complaints against David Vecchia, including but not limited to Office of Legal Affairs and in particular to any investigations performed by or on behalf of Andrew McDonald while in his capacity as City Corporation Counsel.

11.   Provide any non-privileged documents that relate to factual or legal determinations made by Defendants with regard to any complaints, filed against David Vecchia, including but not limited to Office of Legal Affairs and in particular Andrew McDonald while in his capacity as City Corporation Counsel.

12.   Provide all statements, memorandums, and/or documents, not previously provided, relating to witnesses or potential witnesses or persons contacted in connection with this action.

13.   Provide any non-privileged documents, not previously provided, that relate to any proposed or actual settlements that relate to any complaint filed against David Vecchia.

13

14.    Provide all insurance polices and/or insurance coverage that the

Defendants have or had for liability arising from employment practices, including

any letters of reservation relating to this matter.


Done in Ridgefield, Connecticut this 15th day of August, 2003.

> PLAINTIFF,
> Barbara Murphy


BY:    _____

> Elisabeth Seieroe Maurer (ct11445)
> The Law Offices of Elisabeth Seieroe Maurer, PC
> 871 Ethan Allen Hwy., Suite 202
> Ridgefield, CT 06877
> Phone (203) 438-1388
> Fax (203) 431-0357
> email: esmaurer@esmlaw.net

## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-----------------------------------------------------X
BARBARA E. MURPHY,                  :      Docket No. 3:03 CV 00519 (DJS)
      Murphy,                       :
                                    :
            v.                      :      CERTIFICATE OF SERVICE
                                    :
THE CITY OF STAMFORD and            :
DAVID VECCHIA,                      :      August 15, 2003
      Defendants.                   :
-----------------------------------------------------X
```

I hereby certify that a copy of the Plaintiff's First Request for Production of

Documents Pursuant to Rule 34 has been hand-delivered, on this 15th day of

August, 2003, to the following counsel and pro se parties of record:

James V. Minor                          David Vecchia
Assistant Corporation Counsel           PO Box 159
888 Washington Boulevard, Box 10152     West Redding, CT 06896
Stamford, CT 06904-2152


_____
Elisabeth Seieroe Maurer

# EXHIBIT B

UNITED STATES DISTRICT COURT
DISTRICT OF CONECTICUT

```
_____ x
                                 :
BARBARA E. MURPHY,               :
      Plaintiff,                 :        CIVIL ACTION NO.
                                 :        03-CV-0519 (DJS))
v.                               :
                                 :        PLAINTIFF'S FIRST REQUEST FOR
                                 :        INTERROGATORIES AND SECOND
CITY of STAMFORD and             :        REQUEST FOR PRODUCTION OF
DAVID VECCHIA                    :        DOCUMENTS
      Defendants.                :
_____ x        SEPTEMBER 5, 2003
```

The Plaintiff, Barbara Murphy, (hereinafter "Murphy"), by and through her attorney the Law Offices of Elisabeth Seieroe Maurer, PC and pursuant to Rule 33 of the Federal Rules of Civil Procedure, hereby requests Defendants, the City of Stamford, (hereinafter, "City") and David Vecchia, (hereinafter, "Vecchia") answer the following interrogatories separately, fully, in writing, and under oath. The City and Vecchia shall be referred to collectively as the "Defendants" throughout this document.

Pursuant to Rule 33(b)(3) of the Federal Rules of Civil Procedure, Defendants shall provide a written copy of the answers and/or objections to these interrogatories within thirty (30) days from the date of service of the interrogatories. In answering these interrogatories, please furnish all information available to the Defendants, including information in the possession of its attorneys, investigators,

or any person acting on their behalf and not merely on information of personal knowledge. If the Defendants are unable to answer a specific interrogatory or any part thereof, after exercising due diligence to secure the information needed to answer, than please state the reason for not being able to answer the particular interrogatory or any part thereof. If only part of the interrogatory can be answered, please provide the portion that can be answered as fully as possible.

Additionally, pursuant to Rule 26(e) of the Federal Rules of Civil Procedure, Defendants are under a continuing duty to promptly supplement their answers to the interrogatories by way of supplementary answers. Supplemental answers shall be supplied when additional information arises or is obtained that may augment or modify the initial answer given to an interrogatory. Such supplemental compliance is to be served upon Murphy's attorney within thirty (30) days of the receipt of such information.

In responding to these interrogatories, please refer to the following definitions, rules of construction, and instructions.

**A.    DEFINITIONS:**

1.    "Document(s)": The term "document", as used throughout this particular document, refers to any kind of written, typewritten, printed or graphic material or matter, e-mail, reproduction, xerographic reproduction or photocopy thereof, or any other tangible means of recording or memorializing any form of communication, intelligence, or representation however produced or reproduced, of

2

every kind and description in the actual or constructive possession, custody or control or producing parties, their agents, attorneys, accountants, and/or any other person authorized to act on behalf of said party, wherever located, including specifically, but without limiting the generality of the foregoing, the originals (or copies where originals are not available) and all copies that are not identical to the original, of file indices, file folders, notes, memoranda, letters, telegrams, books, accounts, microfilm, microfiche, ultrafiche, papers, certificates, notices, computer tapes, computer cards, computer print-outs, inter-office communications, intra-office communications, visual recordings, motion pictures, videotapes, audio tapes, photographs, reports, drafts, calendars, appointment books, diaries, minutes of meetings of boards of directors, notices of meetings or conversations, catalogues, written agreements, plans, charts, maps, diagrams, contracts, checks, check registers, passbooks, books of account, statements, confirmations, financial statements, statements of income, receipts, invoices, bills, cables, leases, or any other form of writing or other material similar to the foregoing, however denominated by Defendants.

2.    "Communication": The term "communication" means the transmittal of information, the information transmitted, and any process by which information is transmitted.

3.    "Plaintiff": The term "Plaintiff" refers to Barbara Murphy who shall be referred to as "Murphy" throughout this document.

3

4.     "Defendants": The term "Defendants" refers to David Vecchia and the City of Stamford, and their officers, directors, employees, members, selectmen, commissioners, board members, volunteer committee members, subsidiaries, affiliates, or any similar person.  This definition is not intended to impose a discovery obligation on any person who is not a party or an agent of a party to this litigation.

5.     "Person": The term "person" is defined as any natural person or business, legal or governmental entity or association.

6.     "Regarding": The term "regarding" means concerning, relating to, referring to, describing, evidencing or constituting.

7.     "Relate(s)": The term "relate(s)" means concerning, reflecting, regarding, referring to, describing, evidencing or constituting.

8.     "Relevant Time Period": The phrase "relevant time period" as used throughout this document shall be construed to encompass the time period from January 1, 1993 through present.

**B.     RULES OF CONSTRUCTION:**

1.     "All/Any": The terms "all" and "any" shall be construed to include all and any of what may be requested.

2.     "And/Or": The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the

4

discovery request all responses that might otherwise be construed to be outside its scope.

### C.   INSTRUCTIONS:

      1.    With respect to any information requested which was once in the possession, custody or control of Defendants, but no longer is, please indicate the date the information ceased to be in possession, custody or control, the manner in which it ceased, and the name and address of the present custodian.

      2.    Whenever a description of information is requested, it is the intention that the answer shall state the following information with respect to each such item of information:

          (a)    The title, heading or caption of such information or document, if any.

          (b)    The identifying number(s), letter(s), or combination thereof, if any and the significance or meaning or such number(s), letter(s), or combinations thereof.

          (c)    The inclusive dates of each such item of information or document.

          (d)    The general nature of such information or documents (i.e. whether it is a letter, memorandum, minutes of a meeting, etc.) and the number of pages of which it consists.

5

(e)     The name of the person to whom such information or
        document was addressed and the name of each person,
        other than such addressee, to whom such document or a
        copy thereof, was sent.

(f)     The identity of the person who has custody of such
        information or document.

The foregoing information shall be given in sufficient detail to enable a
party or person to whom subpoena is directed to identify fully the information or
document to be produced and to enable a party to determine that such information
or document then produced is in fact the information or document so desired.

3.      The documents produced in this request shall include all
attachments and enclosures.

4.      In the event any document called for by this request has been
destroyed, discarded, misplaced or otherwise disposed of, or is otherwise presently
unavailable to Defendants, the unavailable document is to be identified as follows:
addresser, addressee, indicated or blind copies, date, subject matter, number of
pages, attachments or appendices, all persons to whom the document was
distributed shown or explained, date of destruction or disposal and name and
business title of person who destroyed, discarded, misplaced or disposed of such
document.

5.    In the event Defendants decline to produce any information or document on the ground of evidentiary privilege or discovery exclusion: (1) state the basis for assertion of the privilege or exclusionary principle and (2) give a summary statement of the document's title, date, author, recipient, custodian and subject matter in sufficient detail to permit the Panel to reach a determination in the event of a motion to compel the production of the requested information or documents.

6.    These interrogatories shall be deemed to be continuing and it is requested that you promptly supplement your production to include information or documents subsequently located or acquired.

7.    Each request shall be answered separately and fully in writing under oath, unless it is objected to, in which event the objecting party shall produce the any portion of the information or document to the extent the interrogatory is not objectionable.

8.    All grounds for an objection to a request shall be stated with specificity.

## INTERROGATORIES

1.    List all sexual harassment investigations from January 1, 1998, through the present.

a.    List the names of any and all complainants, investigators as well as departments investigating sexual harassment claims.

7

   b.  List the number of hearings.

   c.  List the results and/or findings of the hearings.

  2.  List all harassment investigations of any type from January 1, 1998, through the present.

   a.  List the names of any and all complainants, investigators as well as departments investigating any type of harassment claims.

   b.  List the number of hearings.

   c.  List the results and/or findings of the hearings.

## PRODUCTION OF DOCUMENTS

  1.  Copies of all documents related to all sexual harassment investigations from January 1, 1998, through the present.

  2.  Copies of all documents related to all harassment investigations from January 1, 1998, through the present.

  3.  Copies of all reports related to all sexual harassment investigations from January 1, 1998, through the present.

  4.  Copies of all reports related to all harassment investigations from January 1, 1998, through the present.

  5.  Copies of any and all notes taken by Bill Stover or anyone else in connection with all meetings with David Vecchia occurring in 2001.

  6.  Copies of any documents not provided previously from the David Vecchia investigatory file.

8

7.    Copies of any and all notes taken by Fred Manfredonia in connection with all meetings between Mr. Manfredonia and Janet Vecchia in September and/or October 1998.

8.    Copies of any and all drafts, notes, agreements, documents in connection the City of Stamford's March 2001 proposal for David Vecchia's return to employment.

Dated:    Ridgefield, Connecticut
          September 5, 2003


                    PLAINTIFF,
                    Barbara Murphy


          BY:    _____
                    Elisabeth Seieroe Maurer (ct11445)
                    The Law Offices of Elisabeth Seieroe Maurer, PC
                    871 Ethan Allen Hwy., Suite 202
                    Ridgefield, CT 06877
                    Phone (203) 438-1388
                    Fax (203) 431-0357
                    email: esmaurer@esmlaw.net


9

**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
---------------------------------------------------X
BARBARA E. MURPHY,              :      Docket No. 3:03 CV 00519 (DJS)
     Murphy,                    :
                                :
          v.                    :      CERTIFICATE OF SERVICE
                                :
THE CITY OF STAMFORD and        :
DAVID VECCHIA,                  :      September 5, 2003
     Defendants.                :
---------------------------------------------------X
```

I hereby certify that a copy of Plaintiff's First Request for Interrogatories and

Second Request for Production of Documents has been sent via first-class mail on

this 5th day of September 2003 to the following counsel and pro se parties of

record:

James V. Minor                          David Vecchia
Assistant Corporation Counsel           PO Box 159
888 Washington Boulevard, Box 10152     West Redding, CT 06896
Stamford, CT 06904-2152

_____
Elisabeth Seieroe Maurer

# EXHIBIT C

October 21, 2003

James V. Minor Esq.
Assistant Corporation Counsel
888 Washington Boulevard ,Box 101
Stamford, CT   06904-2152

RE:   **Civil No. 3:03 CV 00519 (DJS)**
      **Murphy v. City of Stamford, et al.**

Dear Attorney Minor:

On September 5, 2003, our office requested from Defendant City of
Stamford responses to interrogatories and production. Pursuant to FRCP
Rule 33(b)(3), that response is due in 30 days, which was October 6, 2003.
In order to avoid a motion to compel, please provide the City's responses
forthwith.

Sincerely,

The Law Offices of Elisabeth Seieroe Maurer P.C.


Elisabeth Seieroe Maurer

ESM/rc

cc:   David Vecchia (by first-class mail)

VIA FACSIMILE and First-Class Mail

# EXHIBIT D

March 11, 2004

James V. Minor Esq.
Assistant Corporation Counsel
888 Washington Boulevard, Box 101
Stamford, CT  06904-2152

      **RE:    Civil No. 3:03 CV 00519 (MRK)**
              **Murphy v. City of Stamford, et al.**

Dear Attorney Minor:

Enclosed is a draft copy of a motion to modify the Report of the Parties'
Planning meeting.  I write to request your consent on this extension.

Further, discovery remains outstanding; specifically, a response to Plaintiff's
September 5, 2003, interrogatories.  That request included:

1.     A list all harassment investigations of any type from January 1, 1998,
       through the present.

2.     A list all sexual harassment investigations from January 1, 1998,
       through the present.

As you may remember, on October 21, 2003, we sent correspondence to you
asking for a response.  Please send that response within 10 days in order to
avoid a motion to compel.

James V. Minor, Esq.                    2                        March 11, 2004

Finally, please let us know whether the City plans to indemnify Vecchia because if it declines, we will be forced to amend the complaint to include the Estate of William Stover.

I look forward to your prompt response.

Sincerely,

The Law Offices of Elisabeth Seieroe Maurer P.C.


Elisabeth Seieroe Maurer

ESM/rc

VIA FACSIMILE and First-Class Mail