UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------X
BARBARA E. MURPHY,                  :     Docket No. 3:03 CV 00519 (MRK)
    Murphy,                          :
                                    :
          v.                        :     **NOTICE TO PRO SE LITIGANT**
                                    :
THE CITY OF STAMFORD and            :
DAVID VECCHIA,                      :     APRIL 6, 2004
    Defendants.                      :
------------------------------------------------X

## NOTICE TO PRO SE LITIGANT OPPOSING MOTION FOR SUMMARY JUDGMENT AS REQUIRED BY LOCAL RULE OF CIVIL PROCEDURE 56(b)

The purpose of this notice, which is required by the Court, is to notify you that the plaintiff has filed a motion for summary judgment asking the Court to determine some or all of the claims against you without a trial. The plaintiff argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor.

THE PLAINTIFF'S MOTION MAY BE GRANTED AND YOU MAY BE FOUND LIABLE ON PLAINTIFF'S CLAIMS AGAINST YOU WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 56 OF THE LOCAL RULES OF CIVIL PROCEDURE. COPIES OF THESE RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the plaintiff's version of the facts; (2) you have evidence contradicting the plaintiff's version;

and (3) the evidence you rely on, if believed by a jury, would be sufficient to support a verdict in your favor.

To make this showing, you must file one or more affidavits disputing the plaintiff's version of the facts. An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths. In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims.

If you fail to submit evidence contradicting the plaintiff's version of the facts, your claims may be dismissed without further notice. It is therefore very important that you read the plaintiff's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the plaintiff's version of the relevant facts. It is also very important that you review the enclosed copy of Rule 56 of the Local Rules of Civil Procedure carefully. This rule provides detailed instructions concerning papers you must file in opposition to the plaintiff's motion, including how you must respond to specific facts the plaintiff claims are undisputed (see Rule 56(a)(2)) and how you must support your claims with specific references to evidence (see Rule 56(a)(3)). If you fail to follow these instructions, the plaintiff's motion may be granted.

You must file your opposition papers with the Clerk of the Court and mail a copy to plaintiff's counsel and all counsel of record within 21 days of the filing

of the plaintiff's motion with the Clerk of the Court. This 21-day period is extended an additional three days if any of the conditions of Rule 6(e) of the Federal Rules of Civil Procedure are met (for example, if you received the plaintiff's motion by mail or overnight delivery service).

> PLAINTIFF,
> BARBARA E. MURPHY
>
> BY: _____
> Elisabeth Seieroe Maurer (ct11445)
> Law Offices of Elisabeth Seieroe Maurer, PC
> 871 Ethan Allen Hwy., Suite 202
> Ridgefield, CT 06877
> Phone (203) 438-1388
> Fax (203) 431-0357
> E-mail esmaurer@esmlaw.net

LII
legal information institute
collection home

**Federal Rules of Civil Procedure**

tell me more

search

**VII. JUDGMENT > Rule 56.**

Prev | Next

Notes

Law About ...
Civil Procedure

## Rule 56. Summary Judgment

### (a) For Claimant.

A party seeking to recover upon a claim, counterclaim, or cross-claim or to obtain a declaratory judgment may, at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party, move with or without supporting affidavits for a summary judgment in the party's favor upon all or any part thereof.

### (b) For Defending Party.

A party against whom a claim, counterclaim, or cross-claim is asserted or a declaratory judgment is sought may, at any time, move with or without supporting affidavits for a summary judgment in the party's favor as to all or any part thereof.

### (c) Motion and Proceedings Thereon.

The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

### (d) Case Not Fully Adjudicated on Motion.

If on motion under this rule judgment is not rendered upon the whole case or for all the relief asked and a trial is necessary, the court at the hearing of the motion, by examining the pleadings and the evidence before it and by interrogating counsel, shall if practicable ascertain what material facts exist without substantial controversy and what material facts are actually and in good faith controverted. It shall thereupon make an order specifying the facts that appear without substantial controversy,

including the extent to which the amount of damages or other relief is not in controversy, and directing such further proceedings in the action as are just. Upon the trial of the action the facts so specified shall be deemed established, and the trial shall be conducted accordingly.

### (e) Form of Affidavits; Further Testimony; Defense Required.

Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith. The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits. When a motion for summary judgment is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial. If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

### (f) When Affidavits are Unavailable.

Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

### (g) Affidavits Made in Bad Faith.

Should it appear to the satisfaction of the court at any time that any of the affidavits presented pursuant to this rule are presented in bad faith or solely for the purpose of delay, the court shall forthwith order the party employing them to pay to the other party the amount of the reasonable expenses which the filing of the affidavits caused the other party to incur, including reasonable attorney's fees, and any offending party or attorney may be adjudged guilty of contempt.

Prev | Next

© copyright    about us    send email

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

# LOCAL RULES OF CIVIL PROCEDURE

(Effective January 1, 2003)

# RULE 56

## SUMMARY JUDGMENT

### (a) Motions for Summary Judgment

1. There shall be annexed to a motion for summary judgment a document entitled "Local Rule 56(a)1 Statement," which sets forth in separately numbered paragraphs a concise statement of each material fact as to which the moving party contends there is no genuine issue to be tried. All material facts set forth in said statement will be deemed admitted unless controverted by the statement required to be filed and served by the opposing party in accordance with Local Rule 56(a)2.

2. The papers opposing a motion for summary judgment shall include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement must also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

3. Each statement of material fact by a movant in a Local Rule 56(a)1 Statement or by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, must be followed by a specific citation to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial. The affidavits, deposition testimony, responses to discovery requests, or other documents containing such evidence shall be filed and served with the Local Rule 56(a)1 and 2 Statements in conformity with Fed. R. Civ. P. 56(e). Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including, when the movant fails to comply, an order denying the motion for summary judgment, and, when the opponent fails to comply, an order granting the motion.

4. The Local Rule 56(a)1 and 2 Statements referred to above shall be filed and served along with the motion, memorandum of law and certificate of service required by Local Rule 7 and the Federal Rule of Civil Procedure 56.

**(b) Notice to Pro Se Litigants Regarding Summary Judgment**

Any represented party moving for summary judgment against a party proceeding pro se shall file and serve, as a separate document, in the form set forth below, a "Notice to Pro Se Litigant Opposing Motion for Summary Judgment." If the pro se party is not a plaintiff, or if the case is to be tried to the Court rather than to a jury, the movant will modify the notice accordingly. The movant shall attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and of this Local Civil Rule 56.

## Notice to Pro Se Litigant Opposing Motion For Summary Judgment
## As Required by Local Rule of Civil Procedure 56(b)

The purpose of this notice, which is required by the Court, is to notify you that the defendant has filed a motion for summary judgment asking the Court to dismiss all or some of your claims without a trial. The defendant argues that there is no need for a trial with regard to these claims because no reasonable jury could return a verdict in your favor.

THE DEFENDANT'S MOTION MAY BE GRANTED AND YOUR CLAIMS MAY BE DISMISSED WITHOUT FURTHER NOTICE IF YOU DO NOT FILE PAPERS AS REQUIRED BY RULE 56 OF THE FEDERAL RULES OF CIVIL PROCEDURE AND RULE 56 OF THE LOCAL RULES OF CIVIL PROCEDURE. COPIES OF THESE RULES ARE ATTACHED TO THIS NOTICE, AND YOU SHOULD REVIEW THEM VERY CAREFULLY.

The papers you file must show that (1) you disagree with the defendant's version of the facts; (2) you have evidence contradicting the defendant's version; and (3) the evidence you rely on, if believed by a jury, would be sufficient to support a verdict in your favor.

To make this showing, you must file one or more affidavits disputing the defendant's version of the facts. An affidavit is a sworn statement by a witness that the facts contained in the affidavit are true to the best of the witness's knowledge and belief. To be considered by the Court, an affidavit must be signed and sworn to in the presence of a notary public or other person authorized to administer oaths. In addition to affidavits, you may also file deposition transcripts, responses to discovery requests, and other evidence that supports your claims.

If you fail to submit evidence contradicting the defendant's version of the facts, your claims may be dismissed without further notice. It is therefore very important that you read the defendant's motion, memorandum of law, affidavits, and other evidentiary materials to see if you agree or disagree with the defendant's version of the relevant facts. It is also very important that you review the enclosed copy of Rule 56 of the Local

Rules of Civil Procedure carefully. This rule provides detailed instructions concerning the papers you must file in opposition to the defendant's motion, including how you must respond to specific facts the defendant claims are undisputed (see Rule 56(a)(2) and how you must support your claims with specific references to evidence (see Rule 56(a)(3). If you fail to follow these instructions, the defendant's motion may be granted.

You must file your opposition papers with the Clerk of the Court and mail a copy to the defendant's counsel within 21 days of the filing of the defendant's motion with the Clerk of the Court. This 21-day period is extended an addtional three days if any of the conditions of Rule 6(e) of the Federal Rules of Civil Procedure are met (for example, if you received the defendant's motion by mail or overnight delivery service).
(Amended July 18, effective August 1, 2003)