UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-----------------------------------------------------X
BARBARA E. MURPHY,                  :      DN 3:03 CV 00519 (MRK)
     Plaintiff,                     :
                                    :
     v.                             :
THE CITY OF STAMFORD and            :
DAVID VECCHIA,                      :      March 31, 2005
     Defendants.                    :
-----------------------------------------------------X
```

**DEFENDANT CITY OF STAMFORD'S MOTION FOR SUMMARY JUDGMENT**

The defendant, City of Stamford, pursuant to FRCP 56, has moved for summary judgment on all counts against it for the following reasons:

1) Plaintiff's hostile workplace claim under 42 USC 1983 (Count 3) is defeated as a matter of law since the off-duty harassment and stalking were not so severe and pervasive enough to create a "hostile workplace".

2) Plaintiff's hostile workplace claim, assuming there is a hostile workplace, is defeated as a matter of law by the defendant City of Stamford's prompt and effective response to the plaintiff's complaint by obtaining an agreement that the co-worker cease such actions in 1998, which was effective for over two years, and

|     | |
| --- | --- |
|     | upon plaintiff's complaint of resumption of stalking in 2000, his arrest, suspension and termination. |
| 3)  | Plaintiff fails to allege or supply evidence to support a cause of action against the City of Stamford for sexual harassment based upon 42 USC 1983, because Plaintiff fails to prove, as a matter of law, that the City of Stamford has a custom or policy of tolerating co-worker sexual harassment. |
| 4)  | Plaintiff fails to provide evidence that the City intentionally discriminated against plaintiff or that plaintiff was treated differently from others similarly situated. |
| 5)  | Plaintiff's state claims are defeated as a matter of law because of statute of limitations, failure to exhaust her union grievance procedure, and governmental immunity. |
| 6)  | Plaintiff has no 1983 claim under denial of equal protection since she suffered no loss of employment or benefits of employment, compared to the stalker who was arrested, suspended and fired. |
| 7)  | Plaintiff's 13th count (§ 46a-60, CGS) fails because of failure to sue within 90 days of the release letter. |

Attached hereto are the following to support this Motion: a Memorandum in Support thereof; a Statement of Facts not in dispute pursuant to Rule 56 (a) (1); and Appendix with Exhibits, Affidavits and depositions excerpts.

Wherefore, the Defendant City of Stamford respectfully request entry of summary judgment in its favor on counts 3, count 13 (violation of the state human rights statute, Sec. 46a-40, CGS), as well as the state tort causes of action (counts 4, 5 and 6 allege negligent supervision or negligent retention; count 8, breach of contract; count 11, intentional and count 12 negligent infliction of emotional distress).

THE DEFENDANT, CITY OF STAMFORD

THOMAS M. CASSONE
DIRECTOR OF LEGAL AFFAIRS

BY_____
    James V. Minor
    Assistant Corporation Counsel
    Bar No. CT 05963
    888 Washington Blvd, Box 10152
    Stamford, CT  06904-2152
    (203) 977-4087 fax 977-5560

## **CERTIFICATION**

4

     I hereby certify that a copy of the foregoing Memorandum of Law was mailed, postage prepaid, this 31st day of March, 2005, to the following:

| | |
|---|---|
| Law Offices of Elisabeth S. Mauer, PC<br>871 Ethan Allen Hwy, Suite 202<br>Ridgefield, CT 06877 | David Vecchia<br>5 Ridgefield Road<br>Bethel, CT 06801 |

                                          _____
                                          James V. Minor
                                          Assistant Corporation Counsel