**UNITED STATES DISTRICT COURT**
**DISTRICT OF CONNECTICUT**

```
-------------------------------------------------X
BARBARA E. MURPHY,              :      DN 3:03 CV 00519 (MRK)
      Plaintiff,                :
                                :
      v.                        :
THE CITY OF STAMFORD and        :
DAVID VECCHIA,                  :      March  24, 2005
      Defendants.               :
-------------------------------------------------X
```

<u>AFFIDAVIT OF ASSISTANT FIRE CHIEF PETER BROWN</u>

Peter Brown, being duly sworn deposes and says that:

1.  My name is Peter Brown, I am over the age of majority and I appreciate the
    meaning of an oath.

2.  I am the Assistant Fire Chief in the Stamford Fire Department and worked in
    such capacity at the Fire Department Headquarters at 629 Main Street,
    Stamford, CT in 1994 to the present.

3. As part of my duties, I was the direct supervisor of Barbara Murphy. I was aware of the behavior of Mr. Vecchia and his harassment of Barbara Murphy.

4. I thought that Mr. Vecchia had an interest in Ms. Murphy, since I was aware that he brought her candy before he was restricted from getting access to the third floor. At the time, I didn't think that his sending her candy was a problem for Barbara.

5. I later learned that he was bothering her, after he broke into her car at her home. Barbara told me that she was upset about Mr. Vecchia and didn't want him to see him at work.

6. I know that after Barbara told me about her problems with Mr. Vecchia, I told her that she did not have to go to the building where he worked, Government Center, 888 Washington Boulevard, and I volunteered to go there so she wouldn't have to go and chance meeting him.

7. I also know that a directive was sent to the dispatcher at the first floor entrance to the Fire Department HQ, to screen people, and that Mr. Vecchia was not allowed to come to the third floor, where Barbara worked.

8. I know that she consulted her personal attorney, Ben Fraser, who helped her to deal with the situation after Mr. Vecchia broke into her car.

9. I was aware that Barbara had a meeting with personnel from Human Resources with her personal attorney, Ben Fraser, at the Firehouse Headquarters.

10. I spoke to Mr. Stover, the Assistant Director of Human Resources, after he met in September, 1998 with Mr. Vecchia and Barbara Murphy, and told him what I knew about Barbara's concerns. (Stover depo p. 23-4)

11. I understood the outcome of the meeting was that Mr. Vecchia was warned to stay away from her, and that if he didn't, he could be fired if he was in violation of city policy.

12. I believe that Mr. Vecchia left her alone for a period of time.

13. I know that Barbara went to the police when she felt that Mr. Vecchia broke his agreement to leave her alone, and that he was arrested, suspended from work, and fired after he pled guilty.

14. I know that Barbara was allowed to take time off from her normal work hours to go to counseling for her problem with Mr. Vecchia.

15. I don't believe that Mr. Vecchia ever entered Ms. Murphy's work area for years after he was told to leave her alone, or from 1998 to the present.

16. I believe that Barbara Murphy during 1997 through the present was safe at work on the third floor of the Fire Department Headquarters, and that I and others assisted her in any way we could to protect from Mr. Vecchia.

17. There is nothing that I would not have done for Barbara to help her if she asked me. For instance, I went to criminal court once at her request for moral support.

18. I believe that Barbara is respected and happy as Administrative Assistant for the Fire Department, and that the Fire Department is her "family".

19.  The above is true to the best of my knowledge and belief.


**Dated at the City of Stamford, Connecticut this 24th day of March, 2005.**

___s/_____
Peter Brown
Assistant Fire Chief
City of Stamford, Connecticut


Sworn and subscribed to me this 24th day of March, 2005.


___s/_____
James V. Minor
Commissioner of the Superior Court