## UNITED STATES DISTRICT COURT
## DISTRICT OF CONNECTICUT

```
-------------------------------------------------X
BARBARA E. MURPHY,                :        DN 3:03 CV 00519 (MRK)
     Plaintiff,                   :
                                  :
          v.                      :
THE CITY OF STAMFORD and          :
DAVID VECCHIA,                    :        March  29, 2005
     Defendants.                  :
-------------------------------------------------X
```

### AFFIDAVIT OF DEPUTY FIRE CHIEF ROBERT LEHN

Robert Lehn, being duly sworn deposes and says that:

1. My name is Robert Lehn, I am over the age of majority and I appreciate the meaning of an oath.

2. I am Deputy Fire Chief and worked in Fire Department Headquarters from 1994 to the present. In 1996, I was also the training officer, and although not the plaintiff's supervisor, I had occasional contact with her at work as training officer. Even after I stopped being the training officer, in Spring, 1998, as shift

commander I would bring paperwork to the third floor during my shift and see Barbara on the third floor.

3. As a personal friend of Barbara Murphy, I observed some of the behavior of Mr. Vecchia at off-duty places such as a local bar named Brennan's, and I did not appreciate there was a problem until later. Mr. Vecchia kept his distance, was courteous to Barbara, although it seemed to be that Mr. Vecchia had a crush on Ms. Murphy.

4. I didn't think that his attempts to get her to like him, such as sending her candy, were a problem for Barbara.

5. I later learned from Barbara that he was bothering her at Brennan's, and that he broke into her car when it was parked at her house.

6. Barbara didn't seek my advice and I thought that she could handle her problem with Mr. Vecchia herself. I know that she consulted her personal attorney, Ben Fraser, who helped her to deal with the situation.

7. I learned from Barbara that she had a meeting with personnel from Human Resources and her personal attorney, Ben Fraser, at the Firehouse Headquarters.

8. I understood the outcome of the meetings with Human Resources was that Mr. Vecchia was warned to stay away from Barbara Murphy, and that his job was in jeopardy if he didn't.

9. I was not asked by Barbara to participate in this process. I know that Mr. Vecchia left her alone for a period of time.

10. I know that there was a directive at Firehouse Headquarters about not allowing anyone access to Headquarters, unless they were announced and/or escorted.

11. I know that Barbara did not want to harm Mr. Vecchia at work or with the police, but she just wanted him out of her life.

12. I know that Barbara went to the police when she felt that Mr. Vecchia broke his agreement to leave her alone, and that he was arrested, suspended from work, and fired after he pled guilty.

13. I believe that Barbara Murphy for the period of 1997 through the present was safe at work on the third floor of the Fire Department Headquarters, and that I and others, assisted her in any way we could to protect her from Mr. Vecchia.

14. In the beginning, Barbara didn't ask me to do anything as she wanted to handle her problem with Mr. Vecchia herself. Later on, after she was upset, I listened to her vent. I don't know that there is anything that I could have done for Barbara to protect her from Mr. Vecchia, other than what was done by the city.

15. I believe that Barbara is happy as Administrative Assistant for the Fire Department, and that she considers us to be her "family".

16. The above is true to the best of my knowledge and belief.

**Dated at the City of Stamford, Connecticut this 29th day of March, 2005.**

_____
Robert Lehn
Deputy Fire Chief
City of Stamford, Connecticut


Sworn and subscribed to me this 29th day of March, 2005.


_____
James V. Minor
Commissioner of the Superior Court

4