ARREST WARRANT APPLICATION
JD-CR-64 Rev. 9-98
C.G.S. § 54-2a, Pr. Bk. Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT

| | FOR COURT USE ONLY |
| --- | --- |
| | Supporting Affidavits Sealed |
| | ☐ YES    ☐ NO |

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(Town)* | G.A. NO |
| --- | --- | --- |
| David Vecchia, 5 Ridgedale Road, Bethel, Ct. w/m, 12/30/46 | Stamford | 1 |

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the...

☒ affidavit below...          ☐ affidavit(s) attached.

| DATE AND SIGNATURE | DATE | SIGNED *(Prosecutorial Official)* |
| --- | --- | --- |
| | 11/29/00 | ~~(signature)~~ |

## AFFIDAVIT                    pg. 10 of 12

The undersigned, being duly sworn, deposes and says:

then realized David was stalking her also. That when Mary approached David and told him of the message he became very upset, and stated, he was going to get arrested. That Mary remembers some of the things that David took out of Murphy's car were in their trash bin. That when Mary asked David about his behavior he replied, he thought Murphy liked him, as she was nice to him. That he had also put balloons on her car for her 40th birthday.

20. That Mary Vecchia produced a copy of SNET phone records showing calls to Murphy's residence, 203-866-5207, from her phone line, 203-938-2409. That on 03/21/98, 2 calls were made to Murphy's residence, one at 6:32pm., and the other at 9:40pm. That on 03/22/98, there was another call made to Murphy's residence at 4:43pm.

21. That Mary Vecchia knew about Janet Vecchia getting involved in late March of 1998, that David was to get therapy, but, only attended 2-3 sessions, then felt that he wouldn't be arrested, so stopped. That David admitted his attraction and obsession for Murphy, but, became very depressed when he learned that Murphy did not feel the same.

22. That Mary Vecchia showed This Affiant a book titled, "Stopping A Stalker", which was written by a Chicago Police Officer. That Mary stated, she found this book in David's briefcase as well as 50-60 pages of research on Stalking that David had obtained through the Internet. That Mary became very concerned at that point, and stated, David was in Vietnam and in "Special Operations", specializing in Espionage.

**ARREST WARRANT APPLICATION**
JD-CR-64 Rev. 9-98
C.G.S. § 54-2a, Pr. Bk. Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT

| FOR COURT USE ONLY |
| --- |
| Supporting Affidavits Sealed |
| ☐ YES   ☐ NO |

| NAME AND RESIDENCE (Town) OF ACCUSED | COURT TO BE HELD AT (Town) | G.A. NO. |
| --- | --- | --- |
| David Vecchia, 5 Ridgedale Road, Bethel, Ct. w/m, 12/30/46 | Stamford | 1 |

### APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the...

☒ affidavit below...     ☐ affidavit(s) attached.

| DATE AND SIGNATURE | DATE 11/29/00 | SIGNED (Prosecutorial Official) |
| --- | --- | --- |

### AFFIDAVIT                              pg. 11 of 12

The undersigned, being duly sworn, deposes and says:

2 3 That Mary Vecchia was unsure if her husband had any weapons, and upon her request, This Affiant and Corporal Briggs conducted a search of specific area's where David Vecchia still had some personal belongings inside 600 Redding Road. That at Mary Vecchia's request, A Consent To Search Premises Without A Search Warrant form was completed. That the only two area's checked were the master bedroom with negative results, and the garage area, with Corporal Briggs locating a 762-51, military issued live round in a coffee can, which was in an area where David Vecchia had his personal belongings. That this type of ammunition can be utilized in a weapon such as a AK-47.

2 4 That Mary Vecchia spoke about her problems with David in the past three years, and felt his compulsive, relentless, and unpredictable behavior was similar towards her as it was with Murphy. That he was calling her, leaving things at her house, sending letters, and having strange occurrences at her home just like Murphy. That she feels her house and phone lines are bugged, as David knows where she is going and what she will do, even before she does it. That she and her children are extremely fearful of her husband, and for a period, were all sleeping together in the same room with the door locked out of fear for their safety.

2 5 That Mary Vecchia stated, David was allowed "supervised" visits with the children, however, that was stopped in May of 2000, as Patricia Grunert, the children's therapist advised the court that David Vecchia should not be allowed near his children at all. That since that time, David has been very angry and started to frequent the area of Grunert's residence, watching her from the street. That Mary Vecchia told This Affiant that the children are petrified of their father, don't want anything to do with him, and are both in on-going counseling, as well as herself. That Mary Vecchia told This Affiant and Corporal Briggs that she fears for the safety of herself, her children, the therapist, and Barbara Murphy.

DATE AND   DATE                     SIGNED (Affiant)

# ARREST WARRANT APPLICATION

JD-CR-64 Rev. 9-98
C.G.S. § 54-2a, Pr. Bk. Sec. 36-1, 36-2, 36-3

STATE OF CONNECTICUT
SUPERIOR COURT

FOR COURT USE ONLY
Supporting Affidavits Sealed
☐ YES     ☐ NO

| NAME AND RESIDENCE *(Town)* OF ACCUSED | COURT TO BE HELD AT *(Town)* | G.A. NO. |
|---|---|---|
| David Vecchia, 5 Ridgedale Road, Bethel, Ct. w/m, 12/30/46 | Stamford | 1 |

## APPLICATION FOR ARREST WARRANT

TO: A Judge of the Superior Court

The undersigned hereby applies for a warrant for the arrest of the above-named accused on the basis of the facts set forth in the...

☒ affidavit below...     ☐ affidavit(s) attached.

| DATE AND SIGNATURE | DATE 11/29/00 | SIGNED *(Prosecutorial Official)* |
|---|---|---|

## AFFIDAVIT

pg. 12 of 12

The undersigned, being duly sworn, deposes and says:

26  That The Affiant, based on his training and experience and knowledge of the C.G.S. therefore believes that David Vecchia went to extreme measures to learn about the art of Stalking through the Internet, as well as the book titled, "Stopping A Stalker", then acted out his learning's for the past three years towards the victim, Barbara Murphy. That The Affiant therefore believes that probable cause exists in the after mentioned application and request that a warrant be issued for the arrest of David Vecchia, w/m, 12/30/46, of 5 Ridgedale Road in Bethel, Ct. That This Affiant will appear in court if necessary.

| DATE AND SIGNATURE | DATE 11/28/00 | SIGNED *(Affiant)* FF 9588 |
|---|---|---|
| JURAT | SUBSCRIBED AND SWORN TO BEFORE ME ON *(Date)* 11/28/00 | SIGNED *(Judge, Clerk, Comm. Sup. Ct., Notary Pub.)* |

## FINDING

The foregoing Application for an arrest warrant, and affidavit(s) attached to said Application, having been submitted to and considered by the undersigned, the undersigned finds from said affidavit(s) that there is probable cause to believe that an offense has been committed and that the accused committed it and, therefore, that probable cause exists for the issuance of a warrant for the arrest of the above-named accused.

| DATE AND SIGNATURE | DATE 11/29/00 | SIGNED *(Judge, Clerk, Comm. Sup. Ct., Notary Pub.)* |
|---|---|---|

# EXHIBIT 6

CR 00 0135077                    :        SUPERIOR COURT

STATE OF CONNECTICUT :                    STAMFORD/NORWALK J.D.

VS                               :        AT STAMFORD

DAVID VECCHIA                    :        JANUARY 23, 2002


B E F O R E:

 THE HONORABLE MARTIN NIGRO, JUDGE


A P P E A R A N C E S:
 :

  FOR THE STATE:

  PAUL FERENCEK, ESQ.

  STATES ATTORNEY


  FOR THE DEFENDANT:

  MARK KATZ, ESQ.


     Reported by

     Sharon Haas

1

MR. FERENCEK: Your honor, the next matter, David Vecchia, I believe it is 35 on the jury docket. We have a disposition, your honor.

MR. KATZ: May prior pleas and elections be withdrawn, your honor?

THE COURT: They may be withdrawn at the request of the defendant.

MR. FERENCEK: Filing a substitute information in docket 135077, you are charged with criminal trespassing in the first degree in violation of 53a-107, subsection one. How do you plead, guilty or not guilty?

THE DEFENDANT: Guilty.

MR. FERENCEK: In count number two, disorderly conduct, in violation of 53a-182, subsection two, how do you plead? Guilty or not guilty?

THE DEFENDANT: Guilty.

THE COURT: All right, before I accept these pleas I am going to ask you some questions to make sure you understand what rights you are giving up and obligations you are assuming.

Have you had enough time to talk this matter over with your lawyer?

THE DEFENDANT: Yes, your honor.

THE COURT: Did your discussion include your intention to plead guilty to the charges?

THE DEFENDANT: Yes, your honor.

THE COURT: And did your attorney go over with you the possible maximum sentence that might be imposed, the elements of the crime the state would have to prove beyond a reasonable doubt before you could be convicted of the charges?

THE DEFENDANT: Yes, your honor.

THE COURT: I am sure he did, but just for the record. The charge of criminal trespass in the first degree carries with it a maximum sentence of one year or two thousand dollar fine, or both. Before you could be convicted of that charge the state would have the prove the following elements beyond a reasonable doubt. First of all, you were the person that was involved.

Has this having been directed not to leave, refuse to leave? Is that the - -

MR. FERENCEK: It was an incident, Your honor, where the victim had indicated not to bother her at her home or at her car or at any other place. It was communicated

3

numerous times.    And there was a break in to her automobile.

THE COURT: Okay,    The state would have to prove that you were the person that was involved,   knowing that you were directed not to appear or enter into the premises, and having no other right to enter into the premises you did in fact leave the premises after you had been personally communicated to you that you shouldn't be in there.

MR. KATZ: No, Your honor, he in fact entered her motor vehicle without her permission at her residence.    She was not home at the time, nor was she present.    The specific conduct was an entry into the motor vehicle without her permission.

THE COURT: Premises - -

MR. FERENCEK: We are also agreed that she had told him on numerous times not to be on the property via the home or car. It had been communicated to him.

MR. KATZ: Not by her, though.

MR. FERENCEK: By others.    It doesn't have to be by her.

THE COURT: It has to be knowing you are not licensed or privileged to enter the premises, and this is in this case a motor

4

vehicle.    You   entered   or   remained   in   the building   after   you   were   told   to   leave   or not   enter   personally   communicated   to   such person   by   the   owner   of   the   premises   or another person authorized to communicate.

MR.   KATZ: Yes.   He  -  -  yes, your   honor.

THE   COURT: All   right.    Then   the   charge of   disorderly   conduct   carries   with   it   a possible   maximum   sentence   of   three   months. That   would   have   to   show   that   you   were engaged   in   obstreperous,   loud   and   abusive language involving other persons.

If   you   enter   pleas   of   guilty   you   are giving   up   your   right   to   trial.    You   are giving   up   your   right   to   maintain   your   plea of   not   guilty   and   require   the   state   to actually   prove   you   are   guilty   of   either these   crimes,   which   I   assume   are   a substitute   information,   or   of   the   original charges if we had gone forward.

You   are   giving   up   your   right   to   cross examine   witnesses   against   you   at   a   jury trial or a court trial.    That would be your election.    You   are   giving   up   your   right   to call   witnesses   in   your   own   behalf   to testify on your behalf.

You   don't   have   to   testify.    You   don't

5

have to call witnesses. You don't have to present any defenses. You don't have to do a thing at a trial except sit there with your arms crossed. It is up to the state to prove you are guilty and prove you are guilty beyond a reasonable doubt.

Do you understand that if I accept the pleas you are not going to have this trial? Do you understand that?

THE DEFENDANT: Yes.

THE COURT: I am going to ask the states attorney to describe what it is he claims he would present. I want you to listen to what he says because I am going to ask if these are the claims you are entering a plea of guilty to.

MR. FERENCEK: Your honor, regarding the criminal trespass in the first degree, the victim in the case is an individual by the name of Barbara Murphy. I believe the defendant met her at their workplace. Thereafter during evening hours he would bother her repeatedly. She and other individuals clearly indicated to the defendant on numerous times that he was to have no contact with her, not to bother her at her home, at her car or any other place.

And on or about March 20, 1998 Ms. Murphy noticed the following morning that her car had been broken into at her home. She had reason to believe it was the defendant, based upon these prior occasions. Thereafter the defendant did write her a letter apologizing for breaking into the car and admitting culpability with regard to that. He also took several personal items from the automobile.

Then on the disorderly conduct charge the relevant date there is October of 2000. The victim, Ms. Murphy, was at a local restaurant/bar in Stamford and at some point during that evening the defendant walked in and began staring her down. There had been many prior occasions when he had bothered her in that same fashion, and this conduct was perceived by her and her companion as being annoying and interfering. And she actually felt threatened by it as well, based upon these prior occasions. She filed a complaint with the police.

THE COURT: Are those the claims you are pleading guilty to?

MR. KATZ: Your honor, if I may clarify?

7

Mr. Vecchia admits that he knew that he had actual knowledge when he entered the motor vehicle that he had no right to do so. And that his conduct in that regard was proscribed by law. He admits that. He admits the conduct as charged that he was violating the law by entering that property and by entering that vehicle.

The problem he has is the timing, the sequence. He doesn't remember specifically what events transpired before or after that incident. He does acknowledge and agree that he had no right to enter her property or that vehicle.

THE COURT: All right. He may be admired admitting to conduct that could be considered a felony, but he is pleading to a misdemeanor.

MR. KATZ; That is correct.

MR. FERENCEK: If I could also add that he was originally charged with burglary in the third degree. In light of this plea bargain, the plea agreement that we both struck here, we are reducing it to a misdemeanor charge of criminal trespass.

Is there a disposition agreement since you referred to that?

8

MR. FERENCEK: Yes, your honor. The agreed disposition of a total effective sentence of one year suspended with a three year period of probation with the following special conditions.

Number one, counseling, psychiatric counseling and any type of substance abuse counseling deemed appropriate by the office of adult probation.

Number two, no contact of any sort with the victim, Barbara Murphy.

And also, number three, he is agreeing not to object to any kind of criminal restraining order that Ms. Murphy may see fit within the three year period to obtain against the defendant.

MR. KATZ: I think that Mr. Ferencek meant civil restraining order.

MR. FERENCEK: Civil restraining order.

THE COURT: Right. She has to establish grounds for any order.

Before your client enters his plea, counsel, is that your understanding of the disposition agreement?

MR. KATZ: Yes, your honor.

THE COURT: Before you entered your plea, did you understand that that was the

9

disposition agreement?

THE DEFENDANT: Yes, your honor.

THE COURT: Besides that understanding, did anyone make any other kind of promises or offer for you to induce you to plead guilty when you otherwise would not have? Is this the only agreement you have about this? The only offer that was made to get you - - is there some difficulty with the question?

THE DEFENDANT: No, your honor.

THE COURT: Well, what is the answer?

THE DEFENDANT: Could you rephrase the question again? I'm sorry.

THE COURT: Besides this understanding about the disposition agreement, did anybody make any other kind of offer or promise to you to induce you to plead guilty when you otherwise would not have?

THE DEFENDANT: No, your honor.

THE COURT: Are you making up your own mind in pleading guilty? Nobody is forcing you to do this?

THE DEFENDANT: That is correct, your honor.

THE COURT: All right. Is there any comment you wish to make on behalf of your

10

client?

MR. KATZ: Yes, Your honor, there is a brief comment that I do wish to make. And that is that Mr. Vecchia during these proceedings that resulted in the criminal charges brought against him was going through an extremely stressful period. During the period of this time he was separated from his wife and children. He was probably mistakenly of the belief that he and Barbara Murphy might have a relationship, a friendly relationship, which did not turn out to be the case.

He fully recognized and has always acknowledged that his conduct in 1998 was not only illegal but inappropriate. As to his conduct in the year 2000 however, it has always been his position that the incidents were more of coincidence, more of happenstance, but that he should have had the presence of mind to avoid any contact with the victim because of a potential for exactly what has happened under these circumstances. And he recognizes and accepts responsibility for those consequences. I just wish the court to be aware of that.

MR. FERENCEK: And I would simply add that based upon my conversations with the victim, there never was any kind of relationship between these two parties.

THE COURT: Well, that is in people's perceptions.

Is there anything you want to say before I impose the sentence?

THE DEFENDANT: No, your honor.

THE COURT: I will make a finding that you knowingly and voluntarily entered your plea of guilty. That you had the effective assistance of counsel. That if the evidence alluded to by the state could be introduced at trial there is a factual basis for a plea. And I will make a finding of guilty on each count.

On the charge of criminal trespass in the first degree I sentence you to the custody of the Commissioner of Corrections for a period of one year. Suspend the execution of the sentence.

What was the term of probation?

MR. FERENCEK: Three years.

THE COURT: Three years. On the charge of disorderly conduct I sentence you to the custody of the Commissioner of Corrections

12

for a period of three months. Suspend the execution of the sentence. And run that concurrent with the other sentence. The total effective sentence is one year suspended, three years probation.

I will adopt the special conditions of probation which the parties understood. And I won't re-enunciate them. They will be part of the disposition agreement.

You are going to have to make sure your client sees the Probation Office representative before he leaves.

MR. KATZ: Thank you, your honor.

MR. FERENCEK: Thank you, your honor.

***********

13

CR 00 0135077                :        SUPERIOR COURT

STATE OF CONNECTICUT :                STAMFORD/NORWALK J.D.

VS                           :        AT STAMFORD

DAVID VECCHIA                :        JANUARY 23, 2002


C E R T I F I C A T I O N

    I   hereby  certify  the  foregoing  is  a  true  and
accurate  transcript,  to  the  best  of  my  ability,  of
the    proceedings    in    the    above-referenced    cause,
heard before Judge Nigro.

    Certified this 8th day of September, 2002.


_____

Sharon Haas, Court Monitor

JS 44
(Rev. 3/99)

# CIVIL COVER SHEET

The JS–44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as require by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the u of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON THE REVERSE OF THE FORM.)

## I. (a) PLAINTIFFS

Barbara E. Murphy

**DEFENDANTS**

The City of Stamford
and
David Vecchia

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF    Fairfield
(EXCEPT IN U.S. PLAINTIFF CASES)

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT    Fairfield
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:    IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)
Elisabeth Seieroe Maurer
The Law Offices of Elisabeth Seieroe Maurer
PC    871 Ethan Allen Highway, Suite 202
Ridgefield, CT 06877

ATTORNEYS (IF KNOWN)

## II. BASIS OF JURISDICTION (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government
Plaintiff

XX 3 Federal Question
(U.S. Government Not a Party)

☐ 2 U.S. Government
Defendant

☐ 4 Diversity
(Indicate Citizenship of Parties
in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN "X" IN ONE BOX FOR PLAINT
(For Diversity Cases Only) AND ONE BOX FOR DEFENDANT)

|  | PTF | DEF |  | PTF | DE |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 610 Agriculture | ☐ 422 Appeal 28 USC 158 | ☐ 400 State Reapportionment |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 362 Personal Injury — Med. Malpractice | ☐ 620 Other Food & Drug | | ☐ 410 Antitrust |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 423 Withdrawal 28 USC 157 | ☐ 430 Banks and Banking |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | ☐ 365 Personal Injury — Product Liability | ☐ 630 Liquor Laws | | ☐ 450 Commerce/ICC Rates/etc. |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 640 R.R. & Truck | **PROPERTY RIGHTS** | ☐ 460 Deportation |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 650 Airline Regs. | ☐ 820 Copyrights | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 152 Recovery of Defaulted Student Loans (Excl. Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | ☐ 660 Occupational Safety/Health | ☐ 830 Patent | ☐ 810 Selective Service |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 690 Other | ☐ 840 Trademark | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐ 875 Customer Challenge 12 USC 3410 |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 710 Fair Labor Standards Act | ☐ 861 HIA (1395ff) | ☐ 891 Agricultural Acts |
| ☐ 195 Contract Product Liability | | ☐ 385 Property Damage Product Liability | ☐ 720 Labor/Mgmt. Relations | ☐ 862 Black Lung (923) | ☐ 892 Economic Stabilization Act |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | ☐ 863 DIWC/DIWW (405(g)) | ☐ 893 Environmental Matters |
| ☐ 210 Land Condemnation | ☐ 441 Voting | ☐ 510 Motions to Vacate Sentence | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act | ☐ 864 SSID Title XVI | ☐ 894 Energy Allocation Act |
| ☐ 220 Foreclosure | ☒ 442 Employment | **HABEAS CORPUS:** | ☐ 740 Railway Labor Act | ☐ 865 RSI (405(g)) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 443 Housing/ Accommodations | ☐ 530 General | | **FEDERAL TAX SUITS** | ☐ 900 Appeal of Fee Determination Under Equal Access to Jus |
| ☐ 240 Torts to Land | ☐ 444 Welfare | ☐ 535 Death Penalty | ☐ 790 Other Labor Litigation | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 950 Constitutionality of State Statutes |
| ☐ 245 Tort Product Liability | ☐ 440 Other Civil Rights | ☐ 540 Mandamus & Other | ☐ 791 Empl. Ret. Inc. Security Act | ☐ 871 IRS — Third Party 26 USC 7609 | ☐ 890 Other Statutory Actions |
| ☐ 290 All Other Real Property | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |

## V. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

☒ 1 Original
Proceeding

☐ 2 Removed from
State Court

☐ 3 Remanded from
Appellate Court

☐ 4 Reinstated or
Reopened

☐ 5 Transferred from
another district
(specify)

☐ 6 Multidistrict
Litigation

☐ 7 Appeal to Distri
Judge from
Magistrate
Judgment

## VI. CAUSE OF ACTION (CITE THE U.S. CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE.
DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

This is an action under 42 U.S.C. section 1983 alleging the deprivation of rights, privileges,
and immunities secured by the Constitution and laws of the United States arising from the negli
supervision of the employees of the City of Stamford, causing Murphy damage

## VII. REQUESTED IN COMPLAINT:

CHECK IF THIS IS A CLASS ACTION
☐ UNDER F.R.C.P. 23

DEMAND $
$5,000,000.00 +

CHECK YES only if demanded in complain
JURY DEMAND:    XX YES    ☐ NO

## VIII. RELATED CASE(S) IF ANY (See instructions):

JUDGE _____    DOCKET NUMBER _____

DATE
3/20/03

SIGNATURE OF ATTORNEY OF RECORD
_[signature]_

FOR OFFICE USE ONLY

3 0 3 C V 0 0 5 1 9 DJS

United States District Court
District of Connecticut
FILED AT          HEAR HARTFORD

———————— 3-24- 2003
Kevin F. Rowe, Clerk
By Michelle Sheima/
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

ORDER ON PRETRIAL DEADLINES

Unless otherwise ordered by the Judge to whom this is case is assigned, the parties shall adhere to the following deadlines:

(a)    In accordance with Local Civil Rule 26(e), within thirty days of the appearance of a defendant, the parties shall confer for the purposes described in Fed. R.Civ. P. 26(f). Within ten days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to the Local Civil Rules.

(b)    All motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings shall be filed within 60 days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District.

(c)    All motions to dismiss based on the pleadings shall be filed within 90 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District. The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d)    Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(e) but parties may commence formal discovery immediately thereafter without waiting entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Informal discovery by agreement of the parties is encouraged and may commence at anytime. Unless otherwise ordered, discovery shall be completed within 6 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District.

(e)    Unless otherwise ordered, all motions for summary judgment shall be filed within 7 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer from another District.

Unless specifically ordered by the Court, an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order on all parties to the action.

By Order of the Court
Kevin F. Rowe, Clerk

———————————————

This Order is issued pursuant to the Standing Order on Scheduling In Civil Cases, which appears in the Appendix to the Local Civil Rules

(Rev. 1/2/03)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| 141 CHURCH STREET | 450 MAIN STREET | 915 LAFAYETTE BLVD | 14 COTTAGE PLACE |
|---|---|---|---|
| NEW HAVEN, CT 06510 | HARTFORD, CT 06103 | BRIDGEPORT, CT 06604 | WATERBURY, CT 06702 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 | (203) 597-6311 |

NOTICE TO COUNSEL AND PRO SE PARTIES

THE ATTACHED CASE HAS BEEN ASSIGNED TO DISTRICT JUDGE DOMINIC J. SQUATRITO WHO SITS IN HARTFORD. COUNSEL AND PRO SE PARTIES SHOULD FILE ALL FUTURE PLEADINGS OR DOCUMENTS IN THIS MATTER WITH THE CLERK'S OFFICE IN HARTFORD. ANY ATTEMPT TO FILE PLEADINGS OR OTHER DOCUMENTS RELATED TO THIS ACTION IN ANY OF THE OTHER SEATS OF COURT WILL RESULT IN THOSE PLEADINGS OR DOCUMENTS BEING REFUSED AT THE COURT OR BEING RETURNED TO YOUR OFFICE. SEE D.CONN. L. CIV. R. 3(a).

COUNSEL AND PRO SE PARTIES ARE REQUIRED TO BECOME FAMILIAR WITH AND ABIDE BY THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF CIVIL PROCEDURE FOR THE DISTRICT OF CONNECTICUT AND STANDING ORDERS REGARDING SCHEDULING IN CIVIL CASES AND THE FILING OF TRIAL MEMORANDA.

COUNSEL AND PRO SE PARTIES ARE HEREBY NOTIFIED THAT FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION, WITHIN 21 DAYS AFTER THE MOTION IS FILED, MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION. FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION TO DISMISS WITHIN 21 DAYS AFER THE MOTION IS FILED MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION, EXCEPT WHERE THE PLEADINGS PROVIDE SUFFICIENT GROUNDS TO DENY THE MOTION. SEE D.CONN. L. CIV. R. 7(a)1

COUNSEL AND PRO SE PARTIES ARE FURTHER NOTIFIED THAT THEY ARE REQUIRED TO COMPLY WITH REQUIREMENTS RELATING TO MOTIONS FOR SUMMARY JUDGMENT AS SET FORTH IN FED. R. CIV. P. 56 AND D.CONN. L. CIV. R. 56. A PARTY MAY MOVE FOR SUMMARY JUDGMENT WHEN THAT PARTY BELIEVES THERE IS NO GENUINE ISSUE OF MATERIAL FACT REQUIRING TRIAL AND THE PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. THE MOTION MAY BE DIRECTED TOWARD ALL OR PART OF A CLAIM OR DEFENSE AND IT MAY BE MADE ON THE BASIS OF THE PLEADINGS OR OTHER PORTIONS OF THE RECORD IN THE CASE OR IT MAY BE SUPPORTED BY AFFIDAVITS AND OTHER MATERIALS OUTSIDE THE PLEADINGS.

WHEN A PARTY SEEKING SUMMARY JUDGMENT (THE "MOVING PARTY") FILES A SUPPORTING AFFIDAVIT, THE PARTY OPPOSING SUMMARY JUDGMENT MUST FILE AN AFFIDAVIT, OR OTHER DOCUMENTARY EVIDENCE, CONTRADICTING THE MOVING PARTY'S SUBMISSIONS TO DEMONSTRATE THAT THERE ARE FACTUAL ISSUES REQUIRING A TRIAL. FACTS ASSERTED IN THE AFFIDAVIT(S) OF THE MOVING PARTY WILL BE TAKEN AS TRUE IF NOT CONTROVERTED BY COUNTER-AFFIDAVITS OR OTHER DOCUMENTARY EVIDENCE.

LOCAL CIVIL RULE 56(a) REQUIRES THE PARTY SEEKING SUMMARY JUDGMENT TO FILE A DOCUMENT ENTITLED " LOCAL RULE 56(a)1 STATEMENT," WHICH SETS FORTH IN SEPARATELY NUMBERED PARAGRAPHS A CONCISE STATEMENT OF EACH MATERIAL FACT AS TO WHICH THE MOVING PARTY CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED. THE MATERIAL FACTS SET FORTH IN THIS STATEMENT SHALL BE DEEMED ADMITTED UNLESS CONTROVERTED BY THE "LOCAL RULE 56(a)2 STATEMENT" REQUIRED TO BE SERVED BY THE OPPOSING PARTY. THE PARAGRAPHS IN THE 56(a)2 STATEMENT SHALL CORRESPOND TO THE PARAGRAPHS IN THE 56(a)1 STATEMENT AND SHALL STATE WHETHER THE FACTS ASSERTED BY THE MOVING PARTY ARE ADMITTED OR DENIED. THE LOCAL RULE 56(a)2 STATEMENT MUST ALSO INCLUDE IN A SEPARATE SECTION A LIST OF EACH ISSUE OF MATERIAL FACT AS TO WHICH IT IS CONTENDED THERE IS A GENUINE ISSUE TO BE TRIED.

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## ORDER RE: DISCLOSURE STATEMENT

ANY NONGOVERNMENTAL CORPORATE PARTY TO AN ACTION IN
THIS COURT SHALL FILE A STATEMENT IDENTIFYING ALL ITS
PARENT CORPORATIONS AND LISTING ANY PUBLICLY HELD
COMPANY THAT OWNS 10% OR MORE OF THE PARTY'S STOCK. A
PARTY SHALL FILE THE STATEMENT WITH ITS INITIAL PLEADING
FILED IN THE COURT AND SHALL SUPPLEMENT THE STATEMENT
WITHIN A REASONABLE TIME OF ANY CHANGE IN THE
INFORMATION. COUNSEL SHALL APPEND A CERTIFICATE OF
SERVICE TO THE STATEMENT IN COMPLIANCE WITH LOCAL
RULE 5(b).

COUNSEL FOR PLAINTIFF OR REMOVING DEFENDANT SHALL BE
RESPONSIBLE FOR SERVING A COPY OF THIS ORDER UPON ALL
PARTIES TO THE ACTION.

BY ORDER OF THE COURT

KEVIN F. ROWE, CLERK

Revised 1/2/03

United States District Court
District of Connecticut
Kevin F. Rowe, Clerk

141 Church Street
New Haven, CT  06510
(203) 773-2140

450 Main Street
Hartford, CT  06103
(860) 240-3200

915 Lafayette Blvd.
Bridgeport, CT  06604
(203) 579-5861

## HELPFUL HINTS FOR COUNSEL

1. Do make sure filings have original signatures, name, address and federal bar number printed beneath. (We prefer blue ink so we know it isn't a photocopy.) Each pleading must include a certificate of service.

2. Do not sign pleadings unless you have filed an appearance.

3. Do let us know if you have an address change in accordance with Local Rule 83.1(c)3. Just putting a different address on an appearance is not enough.

4. Do file pleadings in the correct seat of court.

5. Do include the judges initials after the case number.

6. Do not staple separate documents together.

7. Do not submit documents in a 3-ring binder, unless directed by a judge.

8. Do file original signed documents with only one case number, unless a consolidation order is entered by the court.

9. Do two-hole punch filings at the top center, especially big ones.

10. Do not use "blue backs" on your pleadings. They are not used in our court.

11. Do not file motions with titles that are so confusing that no one can figure out what relief you are seeking.

12. Do not send courtesy copies unless ordered by the judge.

13. Do call us if you have any questions, we are here to help you.

(Revised 1/2/03)

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

Barbara E. Murphy
          Plaintiff

                                            **SUMMONS IN A CIVIL CASE**

              V.

The City of Stamford and
David Vecchia
          Defendants                CASE NUMBER:  **3 03 C V 0 0 5 1 9 DJ**


TO: (Name and address of Defendant)

          David Vecchia
          5 Ridgedale Road
          Bethel, CT 06801


**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)
          Elisabeth Seieroe Maurer
          The Law Offices of Elisabeth Seieroe Maurer, PC
          871 Ethan Allen Highway, Suite 202
          Ridgefield, CT 06877


an answer to the complaint which is served on you with this summons, within _____ *20* _____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk
of this Court within a reasonable period of time after service.


KEVIN F. ROWE                              3-25-03
_____          _____
CLERK                                      DATE

*Michelle Sherman*
_____
(By) DEPUTY CLERK

                                   A TRUE COPY ATTEST
                                   KEVIN F. ROWE, CLERK
                                   BY *Michelle Sherman*

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

District of _____

Barbara E. Murphy
          Plaintiff

                    V.                              **SUMMONS IN A CIVIL CASE**

The City of Stamford and
David Vecchia
          Defendants                CASE NUMBER:  **303CV00519 DJ**

TO: (Name and address of Defendant)

          David Vecchia
          5 Ridgedale Road
          Bethel, CT 06801

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)
          Elisabeth Seieroe Maurer
          The Law Offices of Elisabeth Seieroe Maurer, PC
          871 Ethan Allen Highway, Suite 202
          Ridgefield, CT 06877

an answer to the complaint which is served on you with this summons, within _____20_____ days after service
of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you
for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk
of this Court within a reasonable period of time after service.

KEVIN F. ROWE                               3-25-03
_____          _____
CLERK                                        DATE

Michelle E. Sherman
_____
(By) DEPUTY CLERK

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE |
|---|

| | DATE |
|---|---|
| Service of the Summons and complaint was made by me[1] | |

| | TITLE |
|---|---|
| NAME OF SERVER *(PRINT)* | |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant.  Place where served: _____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and
   discretion then residing therein.

   Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

G  Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information
contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                    Date                      *Signature of Server*


                                              _____
                                              *Address of Server*


(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.

AO 440 (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

Barbara E. Murphy
         Plaintiff

              V.

The City of Stamford and
David Vecchia
         Defendants

**SUMMONS IN A CIVIL CASE**

CASE NUMBER: **3 0 3 C V 0 0 5 1 9** _DJ_

TO: (Name and address of Defendant)

    The City of Stamford
    Donna M. Loglisci
    Town Clerk
    P.O. Box 10152
    Stamford, CT 06904

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Elisabeth Seieroe Maurer
    The Law Offices of Elisabeth Seieroe Maurer, PC
    871 Ethan Allen Highway, Suite 202
    Ridgefield, CT 06877

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

KEVIN F. ROWE

_____
CLERK

_Michelle Sherman_
(By) DEPUTY CLERK

3·25-03
_____
DATE

A TRUE COPY ATTEST
KEVIN F. ROWE, CLERK
BY _Michelle Sherman_

AO 440  (Rev. 8/01) Summons in a Civil Action

# UNITED STATES DISTRICT COURT

_____ District of _____

Barbara E. Murphy
        Plaintiff

                V.

The City of Stamford and
David Vecchia
        Defendants

### SUMMONS IN A CIVIL CASE

CASE NUMBER: **3 03CV00519** *DJ*

TO: (Name and address of Defendant)

    The City of Stamford
    Donna M. Loglisci
    Town Clerk
    P.O. Box 10152
    Stamford, CT 06904

**YOU ARE HEREBY SUMMONED** and required to serve on PLAINTIFF'S ATTORNEY (name and address)

    Elisabeth Seieroe Maurer
    The Law Offices of Elisabeth Seieroe Maurer, PC
    871 Ethan Allen Highway, Suite 202
    Ridgefield, CT 06877

an answer to the complaint which is served on you with this summons, within _____20_____ days after service of this summons on you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint. Any answer that you serve on the parties to this action must be filed with the Clerk of this Court within a reasonable period of time after service.

KEVIN F. ROWE

_____
CLERK

Michelle Sherman
(By) DEPUTY CLERK

3·25-03
_____
DATE

AO 440 (Rev. 8/01) Summons in a Civil Action

| RETURN OF SERVICE | | |
|---|---|---|
| Service of the Summons and complaint was made by me[1] | DATE | |
| NAME OF SERVER *(PRINT)* | TITLE | |

*Check one box below to indicate appropriate method of service*

G  Served personally upon the defendant.  Place where served: _____

G  Left copies thereof at the defendant's dwelling house or usual place of abode with a person of suitable age and discretion then residing therein.

Name of person with whom the summons and complaint were left: _____

G  Returned unexecuted: _____

G  Other (specify): _____

| STATEMENT OF SERVICE FEES | | |
|---|---|---|
| TRAVEL | SERVICES | TOTAL |

| DECLARATION OF SERVER |
|---|

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Return of Service and Statement of Service Fees is true and correct.

Executed on _____          _____
                    Date                              *Signature of Server*


                                        _____
                                        *Address of Server*

(1) As to who may serve a summons see Rule 4 of the Federal Rules of Civil Procedure.



United States District Court
District of Connecticut
FILED AT    NEW HAVEN

3-25-2003
Kevin F. Rowe, Clerk

By Michelle Sherman
Deputy Clerk

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

## ORDER ON PRETRIAL DEADLINES

Unless otherwise ordered by the Judge to whom this is case is assigned, the parties shall adhere to the following deadlines:

(a)    In accordance with Local Civil Rule 26(e), within thirty days of the appearance of a defendant, the parties shall confer for the purposes described in Fed. R.Civ. P. 26(f). Within ten days thereafter, the parties shall jointly file a report on Form 26(f), which appears in the Appendix to the Local Civil Rules.

(b)    All motions relating to joinder of parties, claims or remedies, class certification, and amendment of the pleadings shall be filed within 60 days after filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District.

(c)    All motions to dismiss based on the pleadings shall be filed within 90 days after the filing of the complaint, the filing of a petition for removal, or the transfer of an action from another District. The filing of a motion to dismiss shall not result in the stay of discovery or extend the time for completing discovery.

(d)    Formal discovery pursuant to the Federal Rules of Civil Procedure may not commence until the parties have conferred as required by Fed. R. Civ. P. 26(f) and Local Civil Rule 26(e) but parties may commence formal discovery immediately thereafter without waiting entry of a scheduling order pursuant to Fed. R. Civ. P. 16(b). Informal discovery by agreement of the parties is encouraged and may commence at anytime. Unless otherwise ordered, discovery shall be completed within 6 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer of an action from another District.

(e)    Unless otherwise ordered, all motions for summary judgment shall be filed within 7 months after the filing of the complaint, the filing of a petition for removal, or the date of transfer from another District.

Unless specifically ordered by the Court, an extension of time to comply with any one of the time limits in this Order does not automatically extend the time to comply with subsequent time limits.

Counsel for plaintiff or removing defendant shall be responsible for serving a copy of this order on all parties to the action.

By Order of the Court
Kevin F. Rowe, Clerk

---

This Order is issued pursuant to the Standing Order on Scheduling In Civil Cases, which appears in the Appendix to the Local Civil Rules

(Rev. 1/2/03)

UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| 141 CHURCH STREET | 450 MAIN STREET | 915 LAFAYETTE BLVD | 14 COTTAGE PLACE |
|---|---|---|---|
| NEW HAVEN, CT 06510 | HARTFORD, CT 06103 | BRIDGEPORT, CT 06604 | WATERBURY, CT 06702 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 | (203) 597-6311 |

NOTICE TO COUNSEL AND PRO SE PARTIES

THE ATTACHED CASE HAS BEEN ASSIGNED TO DISTRICT JUDGE DOMINIC J. SQUATRITO WHO SITS IN HARTFORD. COUNSEL AND PRO SE PARTIES SHOULD FILE ALL FUTURE PLEADINGS OR DOCUMENTS  IN THIS MATTER WITH THE CLERK'S OFFICE IN HARTFORD. ANY ATTEMPT TO FILE PLEADINGS OR OTHER DOCUMENTS RELATED TO THIS ACTION IN ANY OF THE OTHER SEATS OF COURT WILL RESULT IN THOSE PLEADINGS OR DOCUMENTS BEING REFUSED AT THE COURT OR BEING RETURNED TO YOUR OFFICE. SEE D.CONN. L. CIV. R. 3(a).

COUNSEL AND PRO SE PARTIES ARE REQUIRED TO BECOME FAMILIAR WITH AND ABIDE BY THE FEDERAL RULES OF CIVIL PROCEDURE, THE LOCAL RULES OF CIVIL PROCEDURE FOR THE DISTRICT OF CONNECTICUT AND STANDING ORDERS REGARDING SCHEDULING IN CIVIL CASES AND THE FILING OF TRIAL MEMORANDA.

COUNSEL AND PRO SE PARTIES ARE HEREBY NOTIFIED THAT FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION, WITHIN 21 DAYS AFTER THE MOTION IS FILED, MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION. FAILURE TO FILE AND SERVE A MEMORANDUM IN OPPOSITION TO A MOTION TO DISMISS WITHIN 21 DAYS AFER THE MOTION IS FILED MAY BE DEEMED SUFFICIENT CAUSE TO GRANT THE MOTION, EXCEPT WHERE THE PLEADINGS PROVIDE SUFFICIENT GROUNDS TO DENY THE MOTION.  SEE D.CONN. L. CIV. R. 7(a)1

COUNSEL AND PRO SE PARTIES ARE FURTHER NOTIFIED THAT THEY ARE REQUIRED TO COMPLY WITH REQUIREMENTS RELATING TO MOTIONS FOR SUMMARY JUDGMENT AS SET FORTH IN FED. R. CIV. P. 56 AND D.CONN. L. CIV. R. 56. A PARTY MAY MOVE FOR SUMMARY JUDGMENT WHEN THAT PARTY BELIEVES THERE IS NO GENUINE ISSUE OF MATERIAL FACT REQUIRING TRIAL AND THE PARTY IS ENTITLED TO JUDGMENT AS A MATTER OF LAW. THE MOTION MAY BE DIRECTED TOWARD ALL OR PART OF A CLAIM OR DEFENSE AND IT MAY BE MADE ON THE BASIS OF THE PLEADINGS OR OTHER PORTIONS OF THE RECORD IN THE CASE OR IT MAY BE SUPPORTED BY AFFIDAVITS AND OTHER MATERIALS OUTSIDE THE PLEADINGS.

WHEN A PARTY SEEKING SUMMARY JUDGMENT (THE "MOVING PARTY") FILES A SUPPORTING AFFIDAVIT, THE PARTY OPPOSING SUMMARY JUDGMENT MUST FILE AN AFFIDAVIT, OR OTHER DOCUMENTARY EVIDENCE, CONTRADICTING THE MOVING PARTY'S SUBMISSIONS TO DEMONSTRATE THAT THERE ARE FACTUAL ISSUES REQUIRING A TRIAL. FACTS ASSERTED IN THE AFFIDAVIT(S) OF THE MOVING PARTY WILL BE TAKEN AS TRUE IF NOT CONTROVERTED BY COUNTER-AFFIDAVITS OR OTHER DOCUMENTARY EVIDENCE.

LOCAL CIVIL RULE 56(a) REQUIRES THE PARTY SEEKING SUMMARY JUDGMENT TO FILE A DOCUMENT ENTITLED " LOCAL RULE 56(a)1 STATEMENT," WHICH SETS FORTH IN SEPARATELY NUMBERED PARAGRAPHS A CONCISE STATEMENT OF EACH MATERIAL FACT AS TO WHICH THE MOVING PARTY CONTENDS THERE IS NO GENUINE ISSUE TO BE TRIED. THE MATERIAL FACTS SET FORTH IN  THIS STATEMENT SHALL BE DEEMED ADMITTED UNLESS CONTROVERTED BY THE "LOCAL RULE 56(a)2 STATEMENT"  REQUIRED TO BE SERVED BY THE OPPOSING PARTY. THE PARAGRAPHS IN THE 56(a)2 STATEMENT SHALL CORRESPOND TO THE PARAGRAPHS IN THE 56(a)1 STATEMENT AND SHALL STATE WHETHER THE FACTS ASSERTED BY THE MOVING PARTY ARE ADMITTED OR DENIED. THE LOCAL RULE 56(a)2 STATEMENT MUST ALSO INCLUDE IN A SEPARATE SECTION A LIST OF EACH ISSUE OF MATERIAL FACT AS TO WHICH IT IS CONTENDED THERE IS A GENUINE ISSUE TO BE TRIED.

(Revised 1/2/03)                                                                                                        (OVER)

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

## ORDER

The parties are to commence normal discovery immediately and not await

the Court's approval of the Report of Parties Planning Meeting which is to be

filed pursuant to Fed.R.Civ.P. 26(f) and L.R. 26(e).  The plaintiff shall serve a

copy of this Order by registered mail on all defendants directly for whom no

appearance has been filed as of the date of this Order.

BY ORDER OF THE COURT
Dominic J. Squatrito
United States District Judge

(Revised 1/2/03)

# UNITED STATES DISTRICT COURT

# DISTRICT OF CONNECTICUT

## ORDER RE: DISCLOSURE STATEMENT

ANY NONGOVERNMENTAL CORPORATE PARTY TO AN ACTION IN
THIS COURT SHALL FILE A STATEMENT IDENTIFYING ALL ITS
PARENT CORPORATIONS AND LISTING ANY PUBLICLY HELD
COMPANY THAT OWNS 10% OR MORE OF THE PARTY'S STOCK. A
PARTY SHALL FILE THE STATEMENT WITH ITS INITIAL PLEADING
FILED IN THE COURT AND SHALL SUPPLEMENT THE STATEMENT
WITHIN A REASONABLE TIME OF ANY CHANGE IN THE
INFORMATION. COUNSEL SHALL APPEND A CERTIFICATE OF
SERVICE TO THE STATEMENT IN COMPLIANCE WITH LOCAL
RULE 5(b).

COUNSEL FOR PLAINTIFF OR REMOVING DEFENDANT SHALL BE
RESPONSIBLE FOR SERVING A COPY OF THIS ORDER UPON ALL
PARTIES TO THE ACTION.

BY ORDER OF THE COURT

KEVIN F. ROWE, CLERK

Revised 1/2/03



United States District Court
District of Connecticut
Kevin F. Rowe, Clerk

| | | |
|---|---|---|
| 141 Church Street | 450 Main Street | 915 Lafayette Blvd. |
| New Haven, CT 06510 | Hartford, CT 06103 | Bridgeport, CT 06604 |
| (203) 773-2140 | (860) 240-3200 | (203) 579-5861 |

## HELPFUL HINTS FOR COUNSEL

1. Do make sure filings have original signatures, name, address and federal bar number printed beneath. (We prefer blue ink so we know it isn't a photocopy.) Each pleading must include a certificate of service.

2. Do not sign pleadings unless you have filed an appearance.

3. Do let us know if you have an address change in accordance with Local Rule 83.1(c)3. Just putting a different address on an appearance is not enough.

4. Do file pleadings in the correct seat of court.

5. Do include the judges initials after the case number.

6. Do not staple separate documents together.

7. Do not submit documents in a 3-ring binder, unless directed by a judge.

8. Do file original signed documents with only one case number, unless a consolidation order is entered by the court.

9. Do two-hole punch filings at the top center, especially big ones.

10. Do not use "blue backs" on your pleadings. They are not used in our court.

11. Do not file motions with titles that are so confusing that no one can figure out what relief you are seeking.

12. Do not send courtesy copies unless ordered by the judge.

13. Do call us if you have any questions, we are here to help you.

(Revised 1/2/03)

