# EXHIBIT 1

BOARD OF MEDIATION AND ARBITRATION
38 Wolcott Hill Road
Wethersfield, CT 06109

# COPY

IN THE MATTER OF:

DAY 2

---

CITY OF STAMFORD          :   Case No.
                          :   2002-A-0842
   -and-                  :
                          :
AFSCME CO 4, LOCAL 2657   :(David Vecchia Termination)

---

Held on Monday, October 21, 2002 before:

DAVID DEE, ESQ., Chair
ROBERT CANNING, Management Advocate
JOHN P. COLANGELO, Union Advocate

(3)

```
 1                    APPEARANCES

 2

 3

 4   REPRESENTING TOWN OF STAMFORD:

 5      KAINEN, ESCALERA & MCHALE, P.C.
        21 Oak Street
 6      Hartford, CT  06106
        (860) 493-0870
 7           By:  Patrick J. McHale, Esq.

 8

 9
     REPRESENTING THE UNION:
10
        AFSCME Co. 4
11      444 East Main Street
        New Britain, CT  06051
12           By:  Nicholas D'Andrea, Staff Rep

13

14

15

16

17

18

19

20

21

22

23

24

25
```

1                              WITNESSES
2
3
    DAVID VECCHIA
4
    Direct Examination by Mr. McHale ............... 55
5   No Cross-Examination

6
    BARBARA MURPHY
7
    Direct Examination by Mr. McHale ............... 121
8   No Cross-Examination

9
    MARY VECCHIA
10
    Direct Examination by Mr. McHale ............... 129
11  No Cross-Examination

12
    WILLIAM STOVER
13
    Direct Examination by Mr. McHale ............... 140
14  Cross-Examination by Mr. D'Andrea ............. 145

15
    FRED MANFREDONIA
16
    Direct Examination by Mr. D'Andrea ............. 156
17  Cross-Examination by Mr. McHale ................ 158

18
    WILLIAM STOVER
19
    Direct Examination by Mr. D'Andrea ............. 167
20  No Cross-Examination

21
    DAVID VECCHIA
22
    Direct Examination by Mr. D'Andrea ............. 180
23  No Cross-Examination

24
25


4

# EXHIBITS

| JOINT EXHIBITS | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Collective Bargaining Agreement between The City of Stamford and Stamford Municipal Supervisory Employees Union, AFSME Council #4, Local #2657 Effective 7/1/97 through 6/30/00.... | 11 |
| 2 | Letter to David Vecchia from Thomas Hamilton, Director of Administration dated December 1st, 2000 .......... | 13 |
| 3 | Letter to David Vecchia from Fred Manfredonia, Human Resources, dated January 25th, 2002 .......... | 14 |
| 4 | Letter to David Vecchia from Thomas Hamilton dated February 15, 2002 ........... | 14 |
| 5 | Grievance dated February 19, 2002 filed by the Union/David Vecchia ... | 14 |
| 6 | Memorandum dated March 12, 2002 from William Stover, Director of Human Resources, to the Union consisting of the City's response to the grievance ...................... | 15 |

| CITY EXHIBITS | DESCRIPTION | PAGE |
|---|---|---|
| 1 | Collective Bargaining Agreement between City of Stamford and Stamford Municipal Supervisory Employees Union, AFSME Council #4, Local #2657 Effective 7/1/01 through 6/30/05 ... | 12 |
| 2 | City of Stamford's sexual harassment policy as adopted on June 24, 1998.. | 13 |

```
 1        3        Job description for the position of
                   Purchasing Agent for the City
 2                 of Stamford ........................     15

 3        4        Handwritten letter to "Barbara"
                   from "David", undated ..............     84
 4
          5        Transcript from a court hearing on
 5                 January 23, 2002 ...................    109

 6        6        Voluntary Statement of Barbara Murphy
                   Stamford Police Department
 7                 dated 10/26/00 .....................    123

 8        7        Letter to Honorable Richard Comerford
                   from Barbara Murphy
 9                 dated January 10th, 2002 ...........    124

10        8        Copy of a page from a yearbook with
                   a picture of Barbara Murphy ........    132
11
          9        Sworn statement of Mary Vecchia to
12                 the State Police, dated 9/11/99 ....    134

13       10        Detective Report to Mary Vecchia
                   dated March 24, 1998 ...............    139
14

15

16

17

18

19

20

21

22

23

24

25
```

```
 1                (On the record:  10:02 a.m.)
 2
 3           ARBITRATOR:  Good morning, everyone.
 4   This is the second hearing on case number
 5   2002-A-0842.  I'm passing around a sheet,
 6   if you would all sign in please I would
 7   appreciate it.
 8           Have the parties discussed an issue
 9   for the panel?
10           MR. MCHALE:  Mr. Dee, this is the
11   City's proposed submission.
12           ARBITRATOR:  Would the Union kindly
13   review that and indicate whether or not
14   they object.
15           MR. D'ANDREA:  Mr. Dee, this is the
16   Union's submission.
17           ARBITRATOR:  Do you have one more?
18           MR. D'ANDREA:  Yes, I do, sir.
19           ARBITRATOR:  There's only a slight
20   variation between the two.
21           MR. MCHALE:  Yes, there is a slight
22   variation.  The only difference, as I read
23   it, is that the City's submission points
24   out that the panel's remedy needs to be
25   consistent with the applicable Collective
```

```
 1   Bargaining Agreement. And that's what the
 2   language in the Collective Bargaining
 3   Agreement provides so I would hope we could
 4   agree to that.
 5       ARBITRATOR: Does the Union have a
 6   response?
 7       MR. D'ANDREA: Mr. Chairman, we
 8   wouldn't be here if it wasn't for the
 9   Collective Bargaining Agreement. I think
10   the Union's submission is more traditional
11   and we would stand with it.
12       ARBITRATOR: And the City is unwilling
13   to accept the Union's submission?
14       MR. MCHALE: That's correct.
15       ARBITRATOR: I would agree with the
16   Union on this point that the Union's issue
17   is more traditional and in line with what
18   this panel has accepted in the past.
19       So the panel is going to formulate
20   the issue as follows: Did the City have
21   just cause to discharge David Va-chee-a
22   (phonetic) --
23       MR. D'ANDREA: Vek-kia (phonetic).
24       ARBITRATOR: -- Vecchia, thank you --
25   if not, what shall the remedy be?
```

```
 1              MR. D'ANDREA:  Mr. Chair, may we be
 2     advised, sir, of who's in the room?
 3              THE ARBITRATOR:  In one moment when
 4     the attendance sheet comes around.
 5              Are there any joint agreements?
 6              MR. MCHALE:  There are not.  The City
 7     has prepared a number of exhibits that we
 8     think are pro forma exhibits of the
 9     grievance procedure, the contract, the
10     relevant documents that have been
11     communicated to the grievant regarding a
12     paid leave of absence that preceded the
13     pre-termination hearing, ultimately the
14     termination, and hoped that they could be
15     submitted jointly.  But we have no
16     agreement in advance.
17              ARBITRATOR:  Why don't you provide
18     your first proposed joint exhibit.
19              MR. MCHALE:  This is the Collective
20     Bargaining Agreement between the City of
21     Stamford and Stamford Municipal
22     Supervisory Employees Union, covering the
23     period of July 1, 2001 through June 30,
24     2005.  The contract is a 40-page document,
25     I have reproduced the relevant pages with
```

9

1  the index.
2      MR. D'ANDREA: Chairman, the Union
3  objects to the submission of the employer:
4  We have the document that was in effect at
5  the time and we have it complete,
6  unabridged.
7      MR. MCHALE: We have no objection to a
8  complete Collective Bargaining Agreement
9  being submitted.
10     MR. D'ANDREA: Mr. Chairman --
11     ARBITRATOR: One moment. Does the
12 City object to this contract?
13     MR. MCHALE: If I could just have one
14 second.
15     Mr. Dee, if the Union would like to
16 submit it in addition to the documents we
17 disclosed, we would not. This is the
18 contract covering the period of 1997
19 through 2000. The grievant was terminated
20 from his employment on February 15th of
21 2002. And so we think it's important that
22 we have the contract that was in effect and
23 the relevant provisions of the contract
24 that was in effect at the time he was
25 terminated.

```
 1              I have no objection to introducing
 2      this as well.  None at all.  But the
 3      additional exhibit that we have shared
 4      seems like it should be introduced
 5      similarly.
 6          MR. D'ANDREA:  Mr. Chairman, this
 7      contract was in effect at the time.
 8          ARBITRATOR:  All I'm attempting to do
 9      here is to see if the two of you can agree
10      on simply the exhibits that would assist
11      the panel in helping to decide this manner.
12      Can we agree that the Union's contract can
13      be marked as Joint 1?
14          MR. MCHALE:  Yes.
15          ARBITRATOR:  Joint 1 is the contract
16      effective July 1, 1997 through June 30th,
17      2000.
18          Do the parties desire that the court
19      reporter mark officially a set of exhibits
20      to go along with the transcript and to
21      create an official file?
22          MR. MCHALE:  Yes.
23          ARBITRATOR:  And the answer in this
24      case is yes.
25          This will be Joint 1.
```

```
 1
 2          (Joint Exhibit 1:  Marked into
 3     Evidence.)
 4
 5          ARBITRATOR:  The Union had inquired
 6     whether or not I marked the issue as an
 7     exhibit, and I do not.
 8          Now, as to the City's proffer of
 9     excerpts from the contract dated July 1,
10     2001 through June 30, 2005, does the Union
11     object to this coming in as a joint
12     exhibit?
13          MR. D'ANDREA:  Mr. Chairman, we object
14     to the exhibit coming in and we want to
15     point to you why, sir.  If you look to this
16     Joint 1, it clearly indicates on the
17     signature page, sir, that --
18          ARBITRATOR:  The purpose of marking
19     exhibits are not as to relevancy, as to the
20     weight, et cetera.  I just need to know do
21     you believe these are excerpts from the
22     contract?  It will then be up to the City
23     to somehow tie the exhibit into the
24     evidence as they present it.
25          MR. D'ANDREA:  I don't know this
```

```
 1    document has --
 2         ARBITRATOR:  What I am going to do is
 3    I'm going to --
 4         MR. D'ANDREA:  I can't without
 5    reviewing it, sir.  But it is marked
 6    March 21st, which is after the date.
 7         ARBITRATOR:  I am going to mark this
 8    exhibit as City 1.
 9         MR. MCHALE:  Thank you.
10
11         (City Exhibit 1:  Marked into
12    Evidence.)
13
14         MR. MCHALE:  Mr. Dee, the next
15    document is the document of the City of
16    Stamford's sexual harassment policy as
17    adopted on June 24, 1998.
18         ARBITRATOR:  Does the Union object to
19    this coming in as a joint exhibit?
20         MR. D'ANDREA:  Yes.
21         ARBITRATOR:  And why is that?
22         MR. D'ANDREA:  We have no knowledge of
23    this document.
24         ARBITRATOR:  Okay.  City 2.
25
```

```
 1              (City Exhibit 2:  Marked into
 2     Evidence.)
 3
 4         MR. MCHALE:  Mr. Dee, the next
 5     document the City proposes as an exhibit is
 6     a letter dated December 1st, 2000 from
 7     Thomas Hamilton, Director of
 8     Administration of the City of Stamford, to
 9     David Vecchia.
10         ARBITRATOR:  Any objection to this
11     being a joint exhibit?
12         MR. D'ANDREA:  No, sir.
13         ARBITRATOR:  Joint 2.
14
15             (Joint Exhibit 2:  Marked into
16     Evidence.)
17
18         MR. MCHALE:  The next document is a
19     letter dated January 25th, 2002 from
20     Fred Manfredonia of the City of Stamford to
21     David Vecchia.
22         ARBITRATOR:  Any objection?
23         MR. D'ANDREA:  No.
24         ARBITRATOR:  Joint 3.
25
```

```
 1          (Joint Exhibit 3: Marked into
 2   evidence.)
 3
 4          MR. MCHALE: The next document the
 5   City proposes is a letter dated
 6   February 15, 2002 from Thomas Hamilton to
 7   David Vecchia.
 8          ARBITRATOR: Any objection?
 9          MR. D'ANDREA: No, sir.
10          ARBITRATOR: Joint 4.
11
12          (Joint Exhibit 4: Marked into
13   Evidence.)
14
15          MR. MCHALE: The next document is
16   the grievance. The next document the
17   City proposes is a grievance dated
18   February 19th, 2002 filed by the Union,
19   David Vecchia.
20          MR. D'ANDREA: No objection, sir.
21          ARBITRATOR: Joint 5.
22
23          (Joint Exhibit 5: Marked into
24   Evidence.)
25
```

1    MR. MCHALE: The next document is a
2    memorandum dated March 12, 2002 from
3    William Stover, the director of human
4    resources to the Union consisting of the
5    City's response to the grievance.
6        MR. D'ANDREA: No objection.
7        ARBITRATOR: Joint 6.
8
9        (Joint Exhibit 6: Marked into
10   Evidence.)
11
12       MR. MCHALE: The next document is the
13   job description for the position of
14   purchasing agent, last updated as
15   of November 19, 1992. It's the
16   purchasing agent position within the City
17   of Stamford.
18       MR. D'ANDREA: We're not willing to
19   accept it as a joint submission, sir.
20       ARBITRATOR: City 3 will be the job
21   description.
22
23       (City Exhibit 3: Marked into
24   Evidence.)
25

```
 1              MR. MCHALE:  That's all the City has
 2     to offer at this time for joint
 3     submissions.
 4              ARBITRATOR:  Does the Union have any
 5     proposed exhibits at this time?
 6              MR. D'ANDREA:  Not at this time,
 7     sir.
 8              MS. MAURER:  Mr. Chairman, my name is
 9     Elizabeth Maurer.  I'm here on behalf of
10     Mary Vecchia and Barbara Murphy, they are
11     witnesses.  I would like to raise an issue
12     as to how their testimony will be
13     presented.  Would this be the appropriate
14     time?
15              ARBITRATOR:  Yes, we are going to hear
16     both of those witnesses first in whichever
17     order the City pleases.  I thought that was
18     the intent of the parties.
19              MS. MAURER:  Would you like to resolve
20     how you will be hearing them prior to the
21     testimony beginning?
22              ARBITRATOR:  When you say how am I
23     going to hear the testimony?
24              MS. MAURER:  Yes.
25              ARBITRATOR:  In what fashion?
```

```
 1              MS. MAURER:  Both Ms. Murphy and
 2     Mrs. Vecchia were subpoenaed to be here.
 3     However, as part of the settlement of
 4     Mr. Vecchia's criminal matter he is not to
 5     have any contact with Ms. Murphy.
 6              Also, Ms. Murphy is under the care of
 7     a psychiatrist.  And I have here an opinion
 8     from the psychiatrist which basically says
 9     that she is not sufficiently stable based
10     on the harassment that she did experience
11     from Mr. Vecchia to be able to testify in
12     his presence.
13              So, therefore, I would like to make
14     arrangements so that when she does come in
15     to testify that Mr. Vecchia is not in the
16     room.
17              ARBITRATOR:  Does the Union have a
18     position?
19              MR. D'ANDREA:  Yes, we do.
20     Mr. Chairman, the Union's position is that
21     the grievant is here to face his accusers
22     and certainly the element of due
23     process would be violated if the witnesses
24     were not in his presence when they
25     testified.
```

```
 1              ARBITRATOR:  The City?
 2              MR. MCHALE:  Well, the City is aware
 3      that there is a protective order issued by
 4      a court prohibiting Mr. Vecchia from having
 5      any contact with Barbara Murphy.
 6              The City is also aware and we'll be
 7      prepared to present today a court judgment
 8      where the court has ordered that
 9      Mr. Vecchia have no contact with the victim
10      of this harassment of Barbara Murphy.
11              I don't know how we can preserve the
12      integrity of the court order without having
13      Mr. Vecchia excluded for the portion of the
14      testimony at least of Barbara Murphy.
15              I have a suggestion.  You know,
16      perhaps what we can do is I think this is a
17      legitimate issue and I think it's one where
18      I want to be respectful of the rights of
19      the victim here, but maybe if the City
20      could be allowed to present its case we may
21      be able to deal with or minimize the nature
22      of the questioning that may be required of
23      the others who are here, or the alleged
24      victims, if I may.
25              So we could postpone this decision
```

1   until we can present some evidence
2   regarding the matter and then we can take
3   up Attorney Maurer's objection if we need
4   to then, in the hopes we may not.
5       ARBITRATOR: You may not have to call
6   your witness?
7       MR. MCHALE: Well, I don't know. It
8   may be for some limited purpose. I want to
9   observe the individual's due process rights
10  and I want to observe the rights of the
11  victim, which in my view right now is the
12  most important.
13      But I think if we can present our case
14  in an hour or so or couple of hours,
15  whatever it takes, we may have a different
16  need with regard to those witnesses, and we
17  can take that issue up.
18      I'm not asking you to fail to address
19  Attorney Maurer's objections or concerns or
20  the issue she's raised, I'm suggesting that
21  maybe we postpone it until later in the day
22  where the issue may be different, if that
23  helps.
24      MR. D'ANDREA: Mr. Chairman.
25      ARBITRATOR: Go ahead.