UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------X
BARBARA E. MURPHY,                  :     3:03 CV 00519 (MRK)
       Plaintiff,                   :
                                    :
       v.                           :
                                    :
                                    :
THE CITY OF STAMFORD and            :
DAVID VECCHIA,                      :     May 26, 2005
       Defendants.                  :
------------------------------------------------X

PLAINTIFF'S MEMORANDUM OF LAW
IN OPPOSITION TO VECCHIA'S MOTION TO MODIFY
THIS COURT'S APRIL 16, 2004 PROTECTIVE ORDER,
FOR AN EXTENSION OF TIME TO OPPOSE
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
and TO REOPEN DISCOVERY

The Plaintiff, Barbara Murphy ("Murphy") respectfully submits this Memorandum of Law in Opposition to Vecchia's motion May 16, 2005 : (i) requesting a second extension of time, through and including June 6, 2005, to submit his opposition to Plaintiff's motion for summary judgment; (ii) asking the Court to release information that was redacted in Plaintiff's medical records pursuant to a protective order issued by this Court on April 16, 2004; and (iii) for further time to review the discovery that has been completed and conduct further discovery in this case, months after discovery in this case has been closed.[1]

---

[1] While Vecchia's motion explicitly seeks the relief specific in sub parts (i) and (ii) of this paragraph, Vecchia also seems to implicitly ask that the Court give him further time to review discovery that has been completed and conduct further discovery in this case, months after discovery has been closed. We will therefore address this issue as well in order to make sure we have been complete in our opposition.

As indicated below and in the Affirmation of Elisabeth Seieroe Maurer accompanying this Memorandum, Vecchia's motion has no basis and should be denied.

## STATEMENT OF FACTS

A statement of pertinent facts is contained in the Affirmation of Elisabeth Seieroe Maurer ("Maurer Aff.") accompanying this memorandum of law.

## ARGUMENT

### I.     Vecchia Has Failed to Establish a Basis for Modification of this Court's April 16, 2004 Protective Order

Rule 26(c) of the Federal Rules of Civil Procedure provides, in relevant part:

> **Protective Orders.** Upon motion by a party...for good cause shown, the court in which an action is pending...may make any order which justice requires to protect a party or person from annoyance, embarrassment, oppression, or undue burden or expense....

A party seeking to modify a Court's protective order must meet the following standards:

> [i]t is "presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied." S.E.C. v. TheStreet.com, 273 F.3d 222, 230 (2d Cir. 2001). Once a court enters a protective order and the parties rely on that order, it cannot be modified "absent a showing of improvidence in the grant" of the order or "some extraordinary circumstance or compelling need." Martindell, 594 F.2d at 296.

AT&T Corp. v. Sprint Corp., 2005 U.S. App. LEXIS 8131 (2d Cir., 2005).

A claim for damages due to emotional distress

> does not, however, give Defendants an unfettered right to pursue discovery into ...[a party's]...entire medical history. See Gill v. Defrank, 2000 U.S. Dist. LEXIS 8836, 2000 WL at *12 (holding that a plaintiff who claimed that he could not work due to certain specific medical restrictions did not waive his right to privacy for other non-related medical conditions); cf. Evanko v. Electronic Systems Assoc., Inc., 1993 U.S. Dist. LEXIS 218, No. 91 Civ. 2851, 1993 WL 14458 at *2 (S.D.N.Y. Jan. 8, 1993) [*6] (applying the New York state physician-patient privilege, and holding that where plaintiff claimed that she suffered emotional distress, defendants did not have "a

2

> license to rummage through all aspects of the plaintiff's life in search of a possible source of stress or distress," including plaintiff's medical records); <u>Wachtman v. Trocaire College</u>, 143 A.D.2d 527, 528, 532 N.Y.S.2d 943, 944 (4th Dep't 1988) (holding that the scope of a waiver of the physician-patient privilege in personal injury cases is "limited and does not permit discovery of information involving unrelated illnesses and treatment"); <u>Sgambellone v. Wheatley</u>, 165 Misc. 2d 954, 958, 630 N.Y.S.2d 835, 838 (Sup. Ct. Schenectady Co. 1995) (holding that in a personal injury action, plaintiff's waiver of the physician-patient privilege "is not a wholesale waiver of all information about the plaintiff's entire physical and mental conditions but a waiver only of the physical and/ or mental condition that is affirmatively placed in controversy") (emphasis in original).

<u>Manessis v. N.Y. City DOT</u>, 2002 U.S. Dist. LEXIS 17884, 5-6 (S.D.N.Y., 2002).

Vecchia has failed to sustain his burden to show that there is some extraordinary circumstance or compelling need to uncover the redactions in Plaintiff's medical records. The redactions are not relevant to Plaintiff's claims, or damages she seeks herein. The redacted portions of Plaintiff's medical records contain highly private, sensitive information, unrelated to issues in this matter and the damages sought herein. Maurer Aff., ¶5. Other redacted portions of Plaintiff's medical records contain information about a psychiatrist who treated plaintiff in the early 1990s. <u>Id.</u>

Vecchia has had a full and fair opportunity to conduct discovery into the claims made, and damages sought by Plaintiff. <u>Id.</u>, ¶ 9. Vecchia had a full and fair opportunity to examine Plaintiff about her emotional damage, and what was contained in her redacted psychiatrist's notes, during the discovery period of this case, which closed on March 1, 2005, after being repeatedly reset and extended from the initial discovery cut off date of December 24, 2003. <u>Id.</u>, ¶9. For example, Vecchia attended Plaintiff's continued deposition on June 11, 2004 during which Plaintiff was extensively examined about her emotional condition, including what was stated in her psychiatrist's redacted notes. <u>Id.</u>, ¶6. Vecchia actively participated in that deposition, and used those redacted notes to question Plaintiff about her emotional condition and psychological damage. <u>Id.</u>

Vecchia alleges that the reason he wishes to see the redacted information is that he "has never received a list of all people who have been deposed in this case". That statement is untrue. Id., ¶10. Vecchia has been copied on each and every deposition notice that has been served in this case, and was entitled to attend any such deposition. Id. Vecchia even admits in his submission that he had been given the opportunity by the City to review its deposition transcripts, but has, to date, failed to do so. Id. Such neglect is completely inexcusable and should not be tolerated by this Court.

Furthermore, the parties have relied, to their detriment, on the protective order issued by the Court on April 16, 2004, that the resulting redactions made in Plaintiff's medical records would remain. For example, the parties conducted Plaintiff's continued deposition in reliance on the redactions that were made. Id. at ¶ Plaintiff's deposition was conducted, with Vecchia participating, based on the agreement that no one would be permitted to inquire into the particularly sensitive information that was redacted in those records. Id., ¶¶6-10. Moreover, the City, and the Plaintiff, have proceeded with summary judgment motions while adhering to the terms of the Court's protective order. Discovery cut off date of March 1, 2005 has long since past, after numerous extensions of time made since the initial cut off date of December 24, 2003. Id., at ¶¶7-9. To release the information covered by those redactions would open the possibility that Vecchia would seek further discovery, seek to depose Plaintiff about the information revealed, and would in all likelihood require the City and Plaintiff to expend significant time and resources in redrafting new summary judgment motions. Vecchia should not be permitted to cause such prejudice and expenditure of resources where he has

4

knowing and willfully allowed the discovery process and summary judgment motion briefing to proceed and be completed.

Revealing the redacted information to Vecchia would cause harm, anguish and prejudice that far outweighs any perceived use by Vecchia for such information. Id., ¶13. Permitting Vecchia to have access to the highly private, sensitive information that has been redacted would upset Plaintiff greatly if revealed, and in all likelihood would be used by Vecchia to cause Plaintiff further anguish. Id. Based on Plaintiff's counsel's own personal observation, on occasions that Plaintiff has testified in front of Vecchia, Vecchia has shown that he personally enjoys the reaction he sees in Plaintiff when he upsets her. Id. If Vecchia had access to the redacted information, he would use the information to upset her further.

In addition, if the redacted information concerning the identity of a doctor who treated Murphy in the early 1990s is revealed, Vecchia may be prompted to harass, annoy or exhibit other inappropriate behavior toward that individual. Id., ¶14. Vecchia has a long history of harassing behavior towards individuals other than Plaintiff, including but not limited to his ex-wife Mary Vecchia and the psychiatrist who counseled his children. Id. There is a significant chance that if given the opportunity Vecchia would exhibit the same behavior toward any other psychiatrists who have assisted Plaintiff in any way. Id.

II. **Vecchia's Request to Reopen Discovery and for the Release of Information Redacted Pursuant to this Court's Protective Order, Is Improper Under the Federal Rules of Civil Procedure and this Court's Local Rules of Civil Procedure**

    a) **Vecchia has not Provided this Court With The Submissions required by Rule 56(f)**

Rule 56(f) of the Federal Rules of Civil Procedure states that a party seeking to reopen discovery must comply with the following:

> the opponent of a motion for summary judgment who claims to be unable to produce evidence in opposition to the motion to file an affidavit explaining:
>
> 1) the nature of the uncompleted discovery, i.e., what facts are sought and how they are to be obtained; and
>
> 2) how those facts are reasonably expected to create a genuine issue of material fact; and
>
> 3) what efforts the affiant has made to obtain those facts; and
>
> 4) why those efforts were unsuccessful.

See Burlington Coat Factory Warehouse Corp. v. Esprit de Corp., 769 F.2d 919, 926 (2d Cir., 1985). Moreover, in the Second Circuit, and other circuits

> **it has been held that the failure to file such an affidavit under Rule 56(f) is by itself enough to reject a claim that the opportunity for discovery was inadequate.**

Id., 769 F.2d at 927 (emphasis added), citing Mid-South Grizzlies v. National Football League, 720 F.2d 772, 780 & n.4 (3d Cir. 1983), Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 294 (6th Cir. 1984); Lewis v. Knutson, 699 F.2d 230, 240 (5th Cir. 1983); Munitrad Systems, Inc. v. Standard & Poor's Corp., 672 F.2d 436, 440 (5th Cir. 1982); THI-Hawaii, Inc. v. First Commerce Financial Corp., 627 F.2d 991, 994 (9th Cir.

1980); British Airways Board v. Boeing Co., 585 F.2d 946, 954 (9th Cir. 1978), cert. denied, 440 U.S. 981, 99 S. Ct. 1790, 60 L. Ed. 2d 241 (1979); Scooper Dooper, Inc. v. Kraftco Corp., 494 F.2d 840, 849-850 (3d Cir. 1974).

Vecchia's motion fails to provide the above information in affidavit form, but rather consists of unsworn statements signed by Vecchia. Vecchia has been provided by the Court with a copy of the Federal Rules of Civil Procedure, which set forth this requirement. Moreover, on April 1, 2005, Plaintiff served Vecchia with her motion for partial summary judgment along with a copy of FRCP 56, Rule 56 of the District of Connecticut's Local Rules of Civil Procedure, and the Notice to Pro Se Litigant Opposing Motion for Summary Judgment, all of which instructed Vecchia that any submission he makes in response to Plaintiff's summary judgment motion <u>must</u> include his own statement, in affidavit form, and warned that the failure to comply with such requirement may result in a judgment being granted against Vecchia. Thus, Vecchia clearly had notice of, but chose to disregard, this requirement.

### b)   Vecchia's Request to Reopen Discovery and For Release of Redacted Information is Not Proper Under FRCP 56(f)

In any event, even if the submissions made by Vecchia were in proper form as required by FRCP 56(f), it nonetheless remains that Vecchia's request to reopen discovery and for the release of information redacted pursuant to this Court's protective order is improper under FRCP 56, because Vecchia had a full and fair opportunity to conduct discovery, and to seek to open the redactions on Plaintiff's medical records, and has provided no basis for his significant delay.

It is well settled in the Second Circuit that

> Under Rule 56(f), summary judgment "may be inappropriate where the party opposing it shows . . . that he cannot at the time present facts essential to justify his opposition. [**18] " Fed. R. Civ. P. 56(e) advisory committee's note (1963). The nonmoving party should not be "railroaded" into his offer of proof in opposition to summary judgment. See Celotex, 477 U.S. at 326. The nonmoving party must have "had the opportunity to discover information that is essential to his opposition" to the motion for summary judgment. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 250, 91 L. Ed. 2d 202, 106 S. Ct. 2505 n.5 (1986). **But the trial court may properly deny further discovery if the nonmoving party has had a fully adequate opportunity for discovery.** See First Nat'l Bank of Ariz. v. Cities Serv. Co., 391 U.S. 253, 290-99, 20 L. Ed. 2d 569, 88 S. Ct. 1575 (1968); Burlington [*512] Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927-28 (2d Cir. 1985).

Trebor Sportswear Co. v. Limited Stores, Inc., 865 F.2d 506, 511-512 (2d Cir., 1989) (emphasis added). See also Contemporary Mission v. New York Times Co., 842 F.2d 612, 622 (2d Cir., 1988) (2nd Circuit concluded that trial court was "well within its discretion" in denying request for additional discovery under Rule 56(f), where movant was given "reasonable access" to means of discovery.)

Citing Second Circuit and District Courts therein, the Court in Bonnie & Co. Fashions v. Bankers Trust Co., 945 F. Supp. 693, 706 (S.D.N.Y., 1996) states as follows with respect to requests to reopen discovery pursuant to FRCP 56(f):

> Rule 56(f) requires courts to ensure that parties have a reasonable opportunity to make their record before ruling on a motion for summary judgment. Sundsvallsbanken v. Fondmetal, Inc., 624 F. Supp. 811, 814-15 (S.D.N.Y. 1985) (citation omitted). It protects a party opposing a summary judgment motion [**25] "who for valid reasons cannot by affidavit--or presumably by any other means authorized under Rule 56(e)--present 'facts essential to justify his opposition' to the motion." 10A Charles A. Wright, et al., Federal Practice and Procedure § 2740, at 529-30 (2d ed. 1983). Rule 56(f) thus "allows a party who has no specific material contradicting his adversary's presentation to survive a summary judgment motion **if he presents valid reasons justifying his failure of proof.**" Id. § 2740, at 530. Because it is a safeguard against premature grants of summary judgment, Rule 56(f) "should be applied with a spirit of liberality." Id. at 532 (footnote omitted).
>
> **Commentators note, however, that "the rule will not be liberally applied to aid parties who have been lazy or dilatory."** Id. at 535. Moreover, while "Rule 56(f) discovery is specifically designed to enable a plaintiff to fill material evidentiary gaps in its case . . . **it does not permit a...[party]... to engage in a 'fishing expedition.'"**

8

> Capital Imaging Assoc. v. Mohawk Valley Medical Assoc., Inc., 725 F. Supp. 669, 680 (N.D.N.Y. 1989) (citing Waldron v. Cities Service Co., 361 F.2d 671, 673 (2d Cir. 1966)) (citations [**26] omitted), aff'd, 996 F.2d 537 (2d Cir.), cert. denied, 385 U.S. 1024, 17 L. Ed. 2d 672, 87 S. Ct. 743 (1993). "Rule 56(f) is not a shield against all summary judgment motions." Sundsvallsbanken 624 F. Supp. at 815. Rather, "litigants seeking relief under the rule must show that the material sought is germane . . . and that it is neither cumulative nor speculative." Id. (citation omitted). A party opposing summary judgment who chooses to utilize Rule 56(f) "directly and forthrightly invokes the trial court's discretion." 6 James W. Moore, Moore's Federal Practice P 56.24, at 56-797 (2d Ed. 1995). Accordingly, a district court's denial of a request for more time under Rule 56(f) "is subject to reversal only if it abused its discretion." Burlington Coat Factory Warehouse v. Esprit de Corp., 769 F.2d 919, 925 (2d Cir. 1985); see also Contemporary Mission v. United States Postal Serv., 648 F.2d 97, 105 (2d Cir. 1981).

(Emphasis added).

If a party has, by its own choice, failed to conduct discovery despite having time to do so, that party's application to reopen discovery will be denied:

> On the contrary, plaintiffs' Rule 56(f) application arises as a result of plaintiffs' own inaction. For instance, in the three years that this action was pending prior to defendant's summary judgment motion, **plaintiffs undertook very little discovery**. (BTC Supp. Memo at 4-5.) That was their prerogative. This Court **refuses to allow plaintiffs to penalize defendant for plaintiffs' choice to limit their own discovery efforts**. If this Court permitted plaintiffs to stymie defendant's summary judgment motion on this ground, this Court would encourage a party that suspected that its opponent would move for summary judgment to make a Rule 56(f) request. Promoting such dilatory tactics is neither the purpose of Rule 56(f) nor the practice of this Court.

Bonnie & Co. Fashions v. Bankers Trust Co., 945 F. Supp. 693, 707 (S.D.N.Y., 1996) (emphasis added).

As the 2nd Circuit has aptly stated,

> all litigants, including pro ses, have an obligation to comply with court orders. When they flout that obligation they . . . must suffer the consequences of their actions.

Baba v. Japan Travel Bureau Int'l, 111 F.3d 2, 5 (2d Cir., 1997), citing McDonald v. Head Criminal Court Supervisor Officer, 850 F.2d 121, 124 (2d Cir. 1988). Pro-se, as well as parties represented by counsel, must act in good faith and refrain from dilatory delay tactics. As the above indicates, should any party fail to act in good faith, and

9

unreasonably delay seeking the reopening of discovery, as Vecchia has done, there is simply no basis for that request.

Vecchia's request to reopen discovery has no basis. Vecchia by his own choice, made no effort for over one year to obtain the "discovery" he now seeks, despite being given ample opportunity to seek discovery and to ask that the Court remove the redactions from Plaintiff's medical records. Vecchia has not shown any effort whatsoever to comply with this Court's discovery deadlines, which have been extended four times since December 24, 2003, and has allowed the final discovery cut of date of March 1, 2005 to pass, without ever giving the parties or this Court any notice of the issues he now raises. Maurer Aff., ¶¶8-15. Vecchia has therefore waived any right to conduct this further discovery. His request that the Court at this late date, reopen discovery has no basis.

Vecchia has been on notice since Plaintiff moved for a protective order on or about April 8, 2004, that Plaintiff was seeking that certain portions of her psychiatrist's notes be redacted and unseen by him. Id., at ¶8. Vecchia never opposed that motion for protective order and, until now, never informed any party that he had any objection to, or intended to ask that any such protective order be modified. Id.

Moreover, on April 16, 2004, this Court issued an Order granting Plaintiff's request for a protective order. Id. at 4. That order explicitly instructed that "Plaintiff may redact certain particularly sensitive portions of her medical record so long as she does so in an open and obvious manner and files an unredacted copy of the medical record under seal (along with a motion to seal) with the Court", and that "Defendant shall have the right to move the Court to open any redacted portion of Plaintiff's medical record".

Id. Vecchia waited over one year since receiving that instruction to give any indication that he wished to open any portion of those redacted records. Id., 8-9.

On June 11, 2004, Vecchia attended and actively participated in Plaintiff's deposition. Id., ¶6. Using the medical records that Plaintiff redacted pursuant to the Court's instructions, Vecchia questioned Plaintiff during her deposition about her psychiatrist's notes, the treatment she received, among various other topics. Id. He never once stated during or at any time after that deposition that he felt he needed more time for deposition or any other discovery. Id., ¶¶7-10.

Granting Vecchia's request to reopen discovery and open the redactions contained in Plaintiff's medical records, at this late date, would also cause undue prejudice to Plaintiff. If Vecchia is allowed to reopen discovery, this will inevitably force all parties the expense of further discovery, and any resulting discovery motions. The parties, furthermore, would then be forced to spend significant resources renewing their pending summary judgment motions.

The reopening of discovery and elimination of the redactions made on Plaintiff's medical records will also cause Plaintiff unspeakable grief and anguish. Id., ¶¶11-14. The redacted portions of Plaintiff's medical records contain highly private, sensitive information, unrelated to this matter and the damages sought herein, which would upset her greatly if revealed. Id. As indicated in Plaintiff's April 2004 motion for protective order, Vecchia has been observed by Plaintiff's counsel herein to enjoy the reaction he sees in Plaintiff when he upsets her. Id. If Vecchia had access to the redacted information, he would likely use the information to upset her further. Id. Any information concerning Plaintiff's treatment during the relevant period in this case remains intact.

The redactions at issue also block the name and address of a past doctor who treated Plaintiff in the early 1990's. Id. This was done for that person's protection. Id. As the Complaint herein indicates, Vecchia has a long history of harassing behavior towards individuals other than Plaintiff, including but not limited to his ex-wife Mary Vecchia and the psychiatrist who counseled his children. Id. See also, Complaint, ¶¶ 48, 60, 61, and Exhibits 3, 5 and 6 thereto. There is a significant chance that if given the opportunity Vecchia would exhibit the same behavior toward the doctor who assisted Plaintiff in the early 1990s. Id.

### c) Vecchia's Request to Reopen Discovery Is Improper Under FRCP 26

> Pursuant to Rule 26(b)(1), Fed. R. Civ. P., "parties may obtain discovery regarding any matter . . . that is relevant to the claim . . . of the party . . [*12] .." This rule may be limited by a court where "(i) the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome, or less expensive; (ii) the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought; or (iii) the burden or expense of the proposed discovery outweighs its likely benefit . . . ." Fed. R. Civ. P. 26(b)(2).
>
> **Discovery should not be extended when a party had an ample opportunity to pursue the evidence during discovery**. See Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989) (denying further discovery when the party opposing summary judgment had a "fully adequate opportunity for discovery"); see also Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927 (2d Cir. 1985) (denying plaintiff's request to reopen discovery when it had "ample time in which to pursue the discovery that it now claims is essential").

Kulkarni v. City Univ. of N.Y., 2003 U.S. Dist. LEXIS 7, 11-12 (S.D.N.Y., 2003)

As indicated above, Vecchia by his own choice, made no effort for over one year to obtain the "discovery" he now seeks, despite being given ample opportunity to seek discovery and the release the redacted material he now challenges. Maurer Aff., ¶¶8-9. He has known since Plaintiff moved for a protective order on April 8, 2004 that Plaintiff

12

was seeking to have portions of her psychiatrist's notes redacted, but never once opposed that motion. Id., ¶8. Moreover, the Court advised him by Order dated April 16, 2004 that he had the right to move to open any portion of the material redacted by Plaintiff. Id., ¶4. During the more than one year since that Order was issued, Vecchia not once, until now, ever sought to have those redactions opened and never provided the parties with notice that he intended to do so. Id., 7-9.

Moreover, the discovery cut off date set by this Court has repeatedly been extended by the Court. Id., ¶9. Vecchia has to date actively participated in scheduling conference with the Court in person and by phone, and never once indicated that he wished to extend discovery further. Id.

d) **Vecchia's Request to Reopen Discovery and for Release of Redacted Information is Improper under Rule 16(b) of This Court's Local Rules of Civil Procedure, under Rule 16(b) of the Federal Rules of Civil Procedure and This Court's Modified Scheduling Order dated April 20, 2004**

This Court's Modified Scheduling Order dated April 20, 2004, this Court warned as follows:

> *All discovery issues should be resolved in good faith by counsel in accordance with their obligations to the Court under the Federal Rules of Civil Procedure and the District's Local Rules. Before filing any motion relating to discovery, the parties are required to jointly confer with the Court by telephone, 203-773-2022*

Vecchia received, but has chosen to ignore this directive by the Court. Vecchia made no effort to advise other parties of the issues he now raises before filing his recent motion to reopen discovery, nor did he ever make an effort to confer with the Court by telephone. Maurer Aff., ¶¶8-9.

13

Rule 16(b) of this Court's Local Rules of Civil Procedure ("D. Conn. L. Civ. R___") and of the Federal Rules of Civil Procedure ("FRCP") also govern the procedures a party must follow to request an extension of deadlines contained in this Court's scheduling order. As indicated below, Vecchia has completely disregarded these requirements as well.

Pursuant to D. Conn. L. Civ. R 16(b),

> [t]he schedule established by the Court for completing discovery, filing dispositive motions and filing joint trial memorandum shall not be modified except by further order of the Court on a showing of good cause. The **good cause standard requires a particularized showing that the schedule cannot reasonably be met, despite the diligence of the party seeking the modification, for reasons that were not reasonably foreseeable when the parties submitted their proposed case management plan.**

(Emphasis added).

Similarly, FRCP 16(b) provides that the scheduling order issued by the Court "shall not be modified **except upon a showing of good cause and by leave of the district judge** or, when authorized by local rule, by a magistrate judge". FRCP 16(b) (emphasis added).

Good cause under the above rules depends on whether the party seeking modification of the Court's scheduling order has been "diligent". Grochowski v. Phoenix Constr., Ypsilon Constr. Corp., 318 F.3d 80, 86 (2d Cir., 2003) (upholding trial court's denial of party's request for modification of scheduling order). In the Second Circuit, if a party unreasonably delays making a request to modify the Court's scheduling order, such a request must be denied. Id. Thus, for example, where a party waited over one year before seeking modification of the Court's scheduling order, while summary judgment motions were pending, and after completion of discovery, good cause does

14

not exist under Rule 16 to modify the Court's scheduling order. See id.

Good cause does not exist for Vecchia's request to modify this Court's scheduling order and reopen discovery. Vecchia has had over one year, from April 8, 2004, the date on which Plaintiff's motion for protective order was served, to object to that protective order request, and over one year from April 16, 2004, the date the redacted materials were served upon him, to conduct discovery regarding the information contained therein. Maurer Aff., ¶3, 4, 5. The Court's order granting the protective order clearly instructed the Vecchia that he must file a motion with the Court if he wishes to challenge the scope of the protective order. Id., ¶4.

Vecchia has actively participated in this proceeding. For example, after protective order was granted, he attended and participated in Plaintiff's deposition on June 11, 2004. During that deposition, the City of Stamford and Vecchia examined Plaintiff extensively about her emotional damage and her redacted psychiatrist's notes. Id., ¶6. Vecchia until now never mentioned or indicated that he disagreed with, or would seek to overturn the protective order sought by Plaintiff, or that he wished to conduct additional discovery on such matters. Id., ¶¶8-9. Vecchia's failure to act promptly, before the close of discovery, to address such matters, is unjustified, and calculated for the purpose of further delay.

While Vecchia is *pro* se, he is not unsophisticated. He has actively litigated this case throughout its pendency, and has participated in numerous conferences in person and by telephone with all parties and the Court before and after the Court issued the protective order at issue. Id., ¶¶6,9. He also had full notice of his responsibility to abide by this Court's Local Rules and the Federal Rules of Civil Procedure, and was

15

instructed by this Court in separate standing and scheduling orders of his responsibility to act immediately and timely in complying with this Court's scheduling orders, and, should he wish, in seeking a modification of any Order by this Court. Id., 4, 9.

Vecchia made absolutely no mention ever in this case that he had any issue whatsoever, regarding the protective order issued by this Court, or regarding the date set for the close of discovery. Id., ¶¶5-9. Rather, Vecchia waited until Plaintiff made her motion for partial summary judgment against him, until the City moved for summary judgment against Plaintiff, and until after discovery had closed, to submit a request that the Court reverse its protective order and reopen discovery. Vecchia's delay of over one year, until discovery has closed and summary judgment motions are pending, is unreasonable and unjustified. See e.g., NAS Elecs., Inc. v. Transtech Elecs. Pte Ltd., 262 F. Supp. 2d 134 (S.D.N.Y., 2003). (Holding that good cause did not exist to modify scheduling order, where the party "**never requested an extension of the discovery deadline, and only sought to reopen discovery in response...[to his adversary's]...motion for summary judgment**", and that the party "**should have taken discovery and made any discovery motion prior to the deadline for the completion of discovery**") (emphasis added). "Such egregious circumstances justify denying...[a party's]... motion to reopen discovery" under Rule 16. Id. at 152, citing Burlington Coat Factory Warehouse Corp. v. Esprit De Corp., 769 F.2d 919, 927-28 (2d Cir. 1985) ("A party who both fails to use the time available and takes no steps to seek more time until after a summary judgment motion has been filed need not be allowed more time for discovery absent a strong showing of need.").

e)  **Vecchia's Request to Reopen Discovery and to Modify this Court's Protective Order Violates D. Conn. L. Civ. R 37(a)(2)and (3)**

Rule 37(a) of this Court's Local Rules of Civil Procedure ("D. Conn. L. Civ. R"), provides as follows:

> 2. No motion pursuant to Rules 26 through 37, Fed. R. Civ. P., shall be filed unless counsel making the motion has conferred with opposing counsel and discussed the discovery issues between them in detail in a good faith effort to eliminate or reduce the area of controversy, and to arrive at a mutually satisfactory resolution. In the event the consultations of counsel do not fully resolve the discovery issues, counsel making a discovery motion shall file with the Court, as a party of the motion papers, an affidavit certifying that he or she has conferred with counsel for the opposing party in an effort in good faith to resolve by agreement the issues raised by the motion without the intervention of the Court, has been unable to reach such an agreement. If some of the issues raised by the motion have been resolved by agreement, the affidavit shall specify the issues so resolved and the issues remaining unresolved.
>
> 3. Memoranda by both sides shall be filed with the Clerk in accordance with Rule 7(a)1 of these Local Rules before any discovery motion is heard by the Court.

Vecchia has not complied with D. Conn. L. Civ. R. (a). Not only did he fail to submit his application with a proper affidavit, but the unsworn statement he did submit contains no information about whether he made an effort to confer with other parties, and information about whether his motion is made in good faith. Vecchia in fact, admits in his submission that he was offered the opportunity by the City to review deposition transcripts in this case, but has not yet done so. Vecchia clearly has chosen to disregard this Court's requirements and is attempting to evade responsibility for his own deliberate, and unjustified, inaction.

## CONCLUSION

Based on the foregoing, Plaintiff respectfully requests that the Court deny Vecchia's motion dated May 16, 2005 (i) requesting a second extension of time, through and including June 6, 2005, to submit his opposition to Plaintiff's motion for summary judgment; (ii) asking the Court to release information that was redacted in Plaintiff's medical records pursuant to a protective order issued by this Court on April 16, 2004; and (iii) for further time to review the discovery that has been completed and conduct further discovery in this case, months after discovery in this case has been closed.

PLAINTIFF,
BARBARA E. MURPHY

BY: _____
Elisabeth Seieroe Maurer (ct11445)
Eva M. Puorro (ct25772)
Maurer & Associates, PC
871 Ethan Allen, Hwy., Suite 202
Ridgefield, CT 06877
Phone (203) 438-1388
Fax (203) 431-0357