UNITED STATES DISTRICT COURT
DISTRICT OF CONECTICUT

------------------------------------------------------------X
BARBARA E. MURPHY,                    :    3:03 CV 00519 (MRK)
    Plaintiff,                        :
v.                                    :
                                      :
THE CITY OF STAMFORD and              :
DAVID VECCHIA,                        :
    Defendants.                       :    May 26, 2005
------------------------------------------------------------X

AFFIRMATION OF ELISABETH SEIEROE MAURER IN OPPOSITION TO
DEFENDANT VECCHIA'S MOTION TO MODIFY THIS COURT'S APRIL 16,
2004 PROTECTIVE ORDER, TO EXTEND HIS TIME TO OPPOSE
PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JDUGMENT AND TO
REOPEN DISCOVERY[1]

    Elisabeth Seieroe Maurer hereby affirms under the penalties of perjury that:

    1.    I am an attorney licensed to practice law in the State of Connecticut and the United States District Court of the District of Connecticut. I am the principal of Maurer & Associates, P.C., which represents Plaintiff Barbara E. Murphy ("Plaintiff") in this action. I submit this affirmation in opposition to the May 16, 2005 motion by Defendant David Vecchia for the following relief: (i) requesting a second extension of time, through and including June 6, 2005, to submit his opposition to Plaintiff's motion for summary judgment; (ii) asking the Court to release information that was redacted in Plaintiff's medical records pursuant to a protective order issued by this Court on April 16, 2004; and (iii) for further time to review the

---

[1] See footnote 2, infra.

discovery that has been completed and conduct further discovery in this case, months after discovery in this case has been closed.[2]

2.    Vecchia seeks by his motion to modify a protective order issued by this Court on April 16, 2004, which, among other things, permitted Plaintiff to redact "certain particularly sensitive portions" of her medical records before their production to all parties. As indicated below and in the memorandum of law accompanying this affirmation, there is no basis to modify this Court's protective order.

3.    On April 8, 2004, I moved, on Plaintiff's behalf, for a protective order under FRCP 26(c), on the grounds that the relief sought was necessary to protect Plaintiff from undue annoyance, embarrassment and oppression. Vecchia never once opposed that motion, or ever indicated to me or the Court that he opposed that protective order. At the time I made the motion for protective order, the first part of Murphy's deposition had occurred in February 2004; the City had noticed Murphy's continued deposition for June 11, 2004 to delve into Plaintiff's emotional damage including the medications she takes, her dreams, her prior psychological condition, etc. In that motion, I asked the Court to bar Vecchia from Plaintiff's continued deposition and to seal the record thereof in its entirety, on the grounds that, inter alia, Murphy had suffered extreme psychological

---

[2] While Vecchia's motion explicitly seeks the relief specific in sub parts (i) and (ii) of this paragraph, Vecchia also seems to implicitly ask that the Court give him further time to review discovery that has been completed and conduct further discovery in this case, months after discovery has been closed. We will therefore address this issue as well in order to make sure we have been complete in our opposition.

2

trauma after testifying twice in front of Vecchia, and that at the times that Plaintiff did testify in front of Vecchia, Vecchia often acted gleeful, repeatedly positioned himself to close the distance between himself and Plaintiff, obviously taking pleasure in making Plaintiff extremely upset. In that motion I also noted that Vecchia has a long standing behavior of inappropriate conduct toward Plaintiff for which he has been arrested, plead guilty to, been terminated for and has challenged his termination in arbitration unsuccessfully.

4. By Order dated April 16, 2004 (**Exhibit A** hereto), this Court granted in part Plaintiff's motion for a protective order, stating as follows:

> **Plaintiff may redact certain particularly sensitive portions of her medical record** so long as she does so in an open and obvious manner and files an unredacted copy of the medical record under seal (along with a motion to seal) with the Court. **Defendants shall have the right to move the Court to pen any redacted portion of Plaintiff's medical record.**

(Emphasis added).

5. Pursuant to the Court's instructions in that order, on April 21, 2004, I served a redacted copy of Plaintiff's medical records, with a motion to seal, upon all parties and the Court. The redacted portions of Plaintiff's medical records contain highly private, sensitive information, unrelated to issues in this matter and the damages sought herein. The redacted portions of Plaintiff's medical records contain information about a psychiatrist who treated plaintiff in the early 1990s. An order granting that motion to seal subsequently followed.

3

6. Once that protective order was granted, Vecchia had a full and fair opportunity to examine Plaintiff about her emotional damage, and what was contained in her redacted psychiatrist's notes. Vecchia attended Plaintiff's continued deposition on June 11, 2004 during which Plaintiff was extensively examined about her emotional condition, including what was stated in her psychiatrist's redacted notes. Vecchia actively participated in that deposition, and used those redacted notes to question Plaintiff about her emotional condition and psychological damage.

7. As indicated below and in the memorandum of law accompanying this affirmation, Vecchia has waited an inordinate and unreasonable amount of time, much to Plaintiff's prejudice, to oppose the redactions sought and made, by Plaintiff and to request modification of this Court's protective order.

8. Vecchia has been on notice since Plaintiff moved for a protective order on or about April 8, 2004, that Plaintiff was seeking that certain portions of her psychiatrist's notes be redacted and unseen by him. Vecchia never opposed that motion for protective order and, until now, never informed any party that he had any objection to, or intended to ask that any such protective order be modified.

9. Moreover, Vecchia has never mentioned or indicated since the protective order was granted that he would seek to overturn the Court's protective order, or seek additional discovery on such matters, despite having numerous opportunities to do so in writing, and/or during the several conferences he attended with all parties and the Court in person and by telephone. The

discovery cut off in this case has been extended several times, from December 24, 2003, to February 23, 2004, November 24, 2004, and March 1, 2005. Vecchia has attended and participated in several conferences with the parties and the Court, in person or by telephone. Vecchia never once indicated that he would seek to challenge the protective order granted by this Court or the redactions made to the medical records at issue, and never once mentioned that he was missing any information regarding the discovery taken in this case. Vecchia's failure to act promptly, before the close of discovery, to address such matters, is unjustified, and calculated for the purpose of further delay.

10. Vecchia claims that he wishes to see the redacted information because he "has never received a list of all people who have been deposed in this case". That statement is untrue. Vecchia has been copied on each and every deposition notice that has been served in this case, and was entitled to attend any such deposition. Vecchia even admits that he had been given the opportunity by the City to review its deposition transcripts, but has, to date, failed to do so. Such neglect is completely inexcusable and should not be tolerated by this Court.

11. The underlying basis for our request for the protective order at issue remains the same today as when I first sought that protective order in early April 2004.

12. The information redacted is not relevant to Plaintiff's claims or damages in this case. Vecchia has already had a full and fair opportunity to examine plaintiff personally about her emotional damage and psychological

5

condition, using her redacted psychiatrist's notes. He did that on June 11, 2004, during Plaintiff's continued deposition.

13. Moreover, revealing the redacted information to Vecchia would cause harm, anguish and prejudice that far outweighs any perceived use by Vecchia for such information. Allowing Vecchia access to the highly private, sensitive information that has been redacted would upset Plaintiff greatly if revealed, and in all likelihood would be used by Vecchia to cause Plaintiff further anguish. As indicated in motion for protective order I filed with the Court in April, 2004, based on my own personal observation, Vecchia personally enjoys the reaction he sees in Plaintiff when he upsets her. If Vecchia had access to the redacted information, he would use the information to upset her further.

14. In addition, if the redacted information concerning the identity of a doctor who treated Murphy in the early 1990s is revealed, Vecchia may be prompted to harass, annoy or exhibit other inappropriate behavior toward that individual. Vecchia has a long history of harassing behavior towards individuals other than Plaintiff, including but not limited to his ex-wife Mary Vecchia and the psychiatrist who counseled his children. See Complaint, ¶¶ 48, 60, 61, and Exhibits 3, 5 and 6 thereto. There is a significant chance that if given the opportunity Vecchia would exhibit the same behavior toward any other psychiatrists who have assisted Plaintiff in any way.

15. Vecchia's request for further discovery in this case also has no merit. Vecchia has actively participated in this litigation, and has attended numerous conferences in person and by telephone with the Court. The

discovery cut off deadline in this case has been set, and re-set numerous times, with notice to Vecchia, a total of four times: from December 24, 2003, to February 23, 2004, to November 24, 2004, and, lastly, to March 1, 2005. Vecchia never once, until now, indicated that wished to conduct further discovery. For the reasons stated in the accompanying memorandum of law, Vecchia's opportunity for further discovery has been waived, and his request for further discovery has no procedural or substantive basis. Therefore the Court should deny Vecchia's request for further discovery in its entirety.

Executed on May 26, 2005

_____
Elisabeth Seieroe Maurer (ct11445)

# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

BARBARA E. MURPHY,
    Plaintiff,

v.

NO. 3:03CV519(MRK)

THE CITY OF STAMFORD and
DAVID VECCHIA,
    Defendants.

## RULING AND ORDER

The Parties having appeared before the Court on April 16, 2004, the Court enters the following orders on pending motions:

1. Plaintiff's Motion to Compel [doc. # 34] is GRANTED IN PART and DENIED IN PART. No later than May 14, 2004, Defendant City of Stamford will provide Plaintiff with complete answers to outstanding Interrogatories and provide all documents requested by all outstanding document requests. Plaintiff's request for imposition of sanctions is DENIED.

2. Plaintiff's Motion for Summary Judgment [doc. # 39] is DENIED without prejudice to renewal if necessary. No later than May 14, 2004, Defendant Vecchia shall serve answers to Plaintiff's Requests For Admissions and shall also provide all documents requested in Plaintiff's outstanding document requests.

3. Plaintiff's Motion for Protective Order [doc. # 30] is GRANTED IN PART and DENIED IN PART. The continuation of the deposition of Plaintiff will be conducted by use of

1

video conferencing facilities so that the Plaintiff is in a different location from the Defendants, and there shall be both a paper transcript and a videotape of the deposition. Defendant City of Stamford has agreed to bear the cost of video conferencing and videotaping the deposition as an initial matter, without prejudice to its right to seek to impose some or all of those costs on Plaintiff or Defendant Vecchia in the future. Plaintiff may redact certain particularly sensitive portions of her medical record so long as she does so in an open and obvious manner and files an unredacted copy of the medical record under seal (along with a motion to seal) with the Court. Defendants shall have the right to move the Court to open any redacted portion of Plaintiff's medical record. The Court may impose monetary and other sanctions on any party, counsel or pro se litigant who engages in any misconduct or misbehavior during the deposition of Plaintiff or any other witness or who uses any deposition or court processes for an improper purpose or for purposes of harassment.

IT IS SO ORDERED,

/s/ _____Mark R. Kravitz_____
U.S.D.J.

Dated at New Haven, Connecticut: April 16, 2004

2

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

----------------------------------------------------X
BARBARA E. MURPHY,                :    3:03 CV 00519 (MRK)
Plaintiff,                                       :
    v.                                         :
THE CITY OF STAMFORD and        :
DAVID VECCHIA,                        :    May 26, 2005
<u>Defendants</u>                              X

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the Plaintiff's Memorandum of Law in Opposition to Vecchia's Motion to Modify This Court's April 16, 2004 Protective Order, for an Extension of Time to Oppose Plaintiff's Motion for Partial Summary Judgment and to Reopen Discovery and the Affirmation of Elisabeth Seieroe Maurer in Opposition to Defendant Vecchia's Motion to Modify This Court's April 16, 2004 Protective Order, to Extend His Time to Oppose Plaintiff's Motion for Partial Summary Judgment and to Reopen Discovery has been sent in the manner set forth below, prepaid, on May 26, 2005 to the following counsel of record and Pro Se Defendant:

    James V. Minor                    VIA First Class Mail
    Assistant Corporation Counsel
    888 Washington Boulevard,
    Box 10152
    Stamford, CT 06904-2152

David Vecchia  
PO Box 159  
West Redding, CT 06896

First Class Mail  
Delivery Confirmation  
#0304 0370 0000 6524 3267

_____  
Elisabeth Seieroe Maurer  (ct 11445)