UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARBARA E. MURPHY, | : |
| | : |
| Plaintiff, | : |
| | : NO. 3:03CV519(MRK) |
| v. | : |
| | : |
| THE CITY OF STAMFORD and | : |
| DAVID VECCHIA, | : |
| | : |
| Defendants. | : |
| | : |

## ORDER

Currently before this Court are four motions in this case: Defendant David Vecchia's Motions for Extension of Time [docs. #76 & 83] and his Motions for Release of Information [docs. #77 & 84].[1] The Court DENIES the Motions for Release of Information [**docs. #77 & 84**], but GRANTS IN PART the Motions for Extension of Time [**docs. #76 & 83**].

The Plaintiff, Barbara Murphy, has filed a Motion for Partial Summary Judgment [doc. #65] against Mr. Vecchia and among the papers she has submitted in support of that motion are redacted notes made by Ms. Murphy's psychiatrist during the period 1998 through 2002. *See* Ex. 14 attached to Pl.'s Appex. [docs. #79-81]. In his Motion for Release of Information, Mr. Vecchia seeks "release of the blocked information if the name of the person blocked has been

---

[1] After filing his initial Motion for Extension of Time [doc. #76] and Motion for Release of Information [doc. #77], Mr. Vecchia later filed another Motion for Extension of Time [doc. #83] and Motion for Release of Information [doc. #84], requesting substantially the same relief. Therefore, for purposes of this ruling, the Court will refer primarily to the first set of motions that Mr. Vecchia filed.

deposed, supplied affidavits or has been mentioned in any of the testimony or documents in this case." Def.'s Motion for Release of Information [doc. #77] at 1. [2] The psychiatrist's notes had been redacted by Ms. Murphy pursuant to a Protective Order issued by this Court on April 16, 2004, in which this Court stated as follows:

> Plaintiff may redact certain particularly sensitive portions of her medical record so long as she does so in an open and obvious manner and files an unredacted copy of the medical records under seal (along with a motion to seal) with the Court. Defendants shall have the right to move the Court to open any redacted portion of Plaintiff's medical record.

Protective Ord. [doc. #47] at 2. The Court has reviewed the unredacted notes filed under seal, and it is clear that Ms. Murphy has abided by the terms of the Protective Order with respect to the material that was redacted. Ms. Murphy objects to the unsealing of the redacted information on a number of grounds. *See* Pl.'s Mem. in Opp'n to Vecchia's Motion to Modify This Court's April 16, 2004 Protective Ord. [doc. #82].

At this time, the Court is not willing to release the sealed information because Mr. Vecchia has not shown good cause for doing so. Mr. Vecchia advances two reasons in support of his Motion to Release Information [doc. #77]. The first reason Mr. Vecchia provides is that because this case involves allegations of emotional distress, "fairness is only reached when Defendants have equal knowledge to the Plaintiff of the people mentioned to the psychiatrist during the time period mentioned 1998 through 2002." Def.'s Motion for Release of Information [doc. #77] at 1. However, that argument is not a basis for releasing particular information that has been sealed; instead, it is an argument against entry of the Protective Order in the first place, and the Court is not inclined to revisit its ruling on that issue. Moreover, as the Second Circuit has recognized,

---

[2] The Defendant Town of Stamford takes no position on Mr. Vecchia's request.

"[i]t is 'presumptively unfair for courts to modify protective orders which assure confidentiality and upon which the parties have reasonably relied.' " *AT&T Corp. v. Sprint Corp.*, 507 F.3d 560, 561 (2d Cir. 2005) (quoting *SEC v. TheStreet.com*, 273 F.3d 222, 230 (2d Cir. 2001)). Mr. Vecchia has failed to overcome this presumption.

Mr. Vecchia's second reason for requesting release of the psychiatrist's notes is that "[t]here have been so many people involved [in this case] that there is the possibility that a person offering testimony about the Plaintiff's stress could be people the Plaintiff is mentioning to her doctor's as bringing her stress." Def.'s Motion for Release of Information [doc. #77] at 1. Mr. Vecchia has known of Ms. Murphy's claims of emotional distress for nearly two years. Yet, Mr. Vecchia did not seek release of any of the redacted information during the discovery period in this case, which has now expired and which this Court does not intend to reopen.[3] Therefore, the Court finds that Mr. Vecchia has not demonstrated good cause for his belated request for release of information.

Nevertheless, the Court is sensitive to the fact that Mr. Vecchia does not have the complete notes and will bear that in mind as the Court considers the materials that Ms. Murphy has submitted in support of her partial summary judgment motion. If the Court concludes that the redacted portions of any note are important to the issues raised in the motion or to Mr. Vecchia's defense of the motion, the Court will permit Mr. Vecchia to renew his request for release of

---

[3] In her opposition memorandum, Ms. Murphy suggests that Mr. Vecchia has moved under Fed. R. Civ. P. 56(f) for more time to conduct discovery. *See* Pl.'s Mem. in Opp'n to Vecchia's Motion to Modify This Court's April 16, 2004 Protective Ord. [doc. #82] at 6-12. The Court does not construe Mr. Vecchia as seeking to reopen the discovery period, and in any event, the Court would not grant such a motion on the basis of the current record.

information and will consider release of the redacted portions of the particular note involved. However, the Court will not order a wholesale unblocking of the notes at this time without a proper showing of necessity by Mr. Vecchia.

In his Motion for Extension of Time, Mr. Vecchia sought additional time to respond to Ms. Murphy's partial summary judgment motion because of his need to examine the unredacted portions of the notes that he requested. In view of this Court's disposition of Mr. Vecchia's Motions for Release of Information [docs. #77 & 84], Mr. Vecchia does not require additional time to review the notes. However, he will require some additional time to file his response. Accordingly, the Court directs Mr. Vecchia to file his response to Ms. Murphy's partial summary judgment motion no later than **June 30, 2005**.

For the foregoing reasons, the Court DENIES Mr. Vecchia's Motions for Release of Information [**docs. # 77 & 84**] but GRANTS IN PART his Motions for Extension of Time [**docs. #76 & 83**].


IT IS SO ORDERED.


/s/       Mark R. Kravitz
         United States District Judge

**Dated at New Haven, Connecticut: June 10, 2005**.