UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 JUN 30  P 1: 20

BARBARA E MURPHY
Plaintiff

CIVIL NO
3:03 cv 00519 (MRK)

U.S. DISTRICT COURT
NEW HAVEN, CT

v

THE CITY OF STAMFORD AND
DAVID VECCHIA
Defendants

JUNE 30, 2005

DEFENDANT'S MEMORANDUM OF LAW IN OPPOSITION
TO THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT
OF APRIL 1, 2005

Defendant David Vecchia respectfully submits this Memorandum of Law with Defendant's Statement of Facts in Dispute pursuant to Local 56 (a) 2 with its Appendix in Opposition to the to the Plaintiff's Motion for Partial Summary Judgment. Plaintiff's motion must be denied because there remains material and genuine issues of fact in dispute. Further, even if this Court were to find that there were not factual issues in dispute that must be tried by jury, the Plaintiff cannot win on the law.

It is the Defendant's position the FACTS (p.4 Plaintiff's Motion) do not support the Claims, Cause of Action Nine, Ten and Eleven.

ARGUMENT

Cause Of Action Nine- Civil Assault

Defendant Vecchia recognizes that his conduct in 1998 was illegal

and pleaded guilty in State of Connecticut Superior Court to criminal trepass and was sentenced to three years of probation. Term of probation was from January, 2002 thru January, 2005. Probation was completed in January, 2005 to satisfaction of the State of Connecticut. Vecchia was arrested for stalking, pleaded not guilty, and charges were dismissed after investigation by the State of Connecticut States Attorney.

As to seeing Barbara Murphy in the year 2000 at Taranto's restaurant Defendant Vecchia states that this incident was coincidence. Defendant Vecchia pleaded guilty to disorderly conduct because the Connecticut States Attorney stated his intention to charge Vecchia with a felony for breaking into Plaintiff's Murphy car (Statue of limitations for misdemeanor charge had passed) unless he plead guilty to disorderly conduct in 2000. Vecchia had sent Murphy a letter in 1998 apologizing for breaking into her car and was advised by counsel to accept the disorderly conduct charge.

In Plaintiff's COMPLAINT of March 20,2003 the Ninth Cause Of Action (Civil Assault by Vecchia) is covered by Paragraphs 136 thru 144. the basis of the claim is that Vecchia was stalking Murphy. After being arrested by the Stamford Police Department, the charge of stalking was investigated by State of Connecticut States Attorney and dismissed. Plaintiff's motion is not supported by the FACTS and should not be granted.

2

Cause of Action Ten- Invasion of Privacy by Intrusion

In Plaintiff's COMPLAINT of March 20,2003 the Tenth Cause of Action
(Invasion of Privacy by Intrusion by Vecchia) is covered by Paragraphs
145-156. The basis of the claim is the arrest warrant prepared by the
Stamford Police Department to support Vecchia's arrest for stalking.
After investigation by the State of Connecticut States Attorney the
charge of stalking was dismissed. Plaintiff has supplied no proof
in support of these allegations. The 72 Facts (p.4) in the Plaintiff's Motion
for Partial Summary Judgment Against Defendant David Vecchia
dated April 1, 2005 do not deal with the allegations in the
Complaint of March 20, 2003 for this Tenth Cause of Action.
Plaintiff's motion is not supported by the Facts (p.4 of Plaintiff's Motion)
and should not be granted.

Cause of Action Eleven- Intentional Infliction of Emotional Distress
by Vecchia

In Plaintiff's Complaint of March 20,2003 the Eleventh Cause of Action
(Intentional Infliction of Emotional Distress by Vecchia) is covered by
Paragraphs 157-168. Plaintiff has not provided Facts in support of
these allegations.

As to "emotional distress" the Plaintiff's deposition testimony is incompatible
with her claim of damage. The Plaintiff testified at her

3

deposition that she mentioned to her psychiatrist the alleged stalking by Vecchia briefly on October 19,1998 but then not again until March 2001. long after Vecchia was arrested (December, 2000). The lack of mention of stalking from her visits in October 1998 to March 30, 2001 so surporised the therapist that he checked his notes from before to see if Murphy mentioned stalking more than one time (Murphy deposition, p. 203). In fact, the only time in the period of 1998 2001 when Plaintiff seems to be upset is when she expresses her anger that Defendant Vecchia gets a "paid vacation" (from his paid suspension from December, 2000 to the date of his termination in February, 2002.) Facts are, Plaintiff Murphy's anger and frustration comes only after Defendant Vecchia is arrested and suspended ; her emotional distress is from her view that she is not treated with respect by the City of Stamford .

Plaintiff Murphy did not complain about Vecchia from September 1998 until October, 2000 and a chance restaurant meeting where she never went before and Vecchia saw here.

In her deposition Plaintiff Murphy states that she never spoke to Defendant Vecchia from March 1998 until her deposition in this case in February 2004. Defendant Vecchia is in agreement with Plaintiff's Murphy statement.

4

Plaintiff's motion is not supported by the Facts (p.4 of Plaintiff's Motion) and should not be granted.

CONCLUSION

For all the reasons stated above, David Vecchia respectfully requests that this Court deny the Plaintiff's motion in every regard.

DEFENDANT

David Vecchia

*/s/ David Vecchia*

PO Box 159
West Redding, CT 06896
Email: davidvecchia@yahoo.com

## CERTIFICATION OF SERVICE

A copy of the foregoing motion has been sent via first class mail via the United States Post Office, postage prepaid, on June 30, 2005 to the following counsel of record..

Elisabeth S. Maurer
Maurer & Associates
871 Ethan Allen Highway
Suite 202
Ridgefield, CT 06877

James V Minor
Assistant Corporation Counsel
888 Washington Boulevard
Box 10152
Stamford, CT 06904-2152

David Vecchia (ProSe)