UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
-------------------------------------------------x
BARBARA E. MURPHY,              :    3:03 CV 00519 (MRK)
      Plaintiff,                :
                                :
      v.                        :
                                :
                                :
THE CITY OF STAMFORD and        :
DAVID VECCHIA,                  :    July 11, 2005
      Defendants.               :
-------------------------------------------------x
```

## MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE VECCHIA'S OPPOSITION TO PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT and IN FURTHER SUPPORT OF PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT

Plaintiff Barbara Murphy ("Plaintiff", "Murphy") submits this memorandum (i) in support of her motion, pursuant to Rules 12(f) and 56(e) of the Federal Rules of Civil Procedure ("FRCP"), 28 U.S.C. §1746 and Rule 56(a) of the District of Connecticut's Local Rules of Civil Procedure ("D. Conn. L. Civ. R.____"), to strike in its entirety the document titled "Defendant's Memorandum of Law In Opposition to the Plaintiff's Motion for Partial Summary Judgment of April 1, 2005" dated June 30, 2005 (hereinafter, "Vecchia Opp'n" or "Vecchia opposition") submitted by Defendant David Vecchia ("Vecchia") in opposition to Plaintiff's Motion For Partial Summary Judgment ("Motion for Partial Summary Judgment"); and (ii) in further support of her Motion for Partial Summary Judgment dated April 1, 2005.

For the reasons stated below and in the submissions made by Plaintiff in support of her Motion for Partial Summary Judgment, Plaintiff's Motion to Strike and Motion for Partial Summary Judgment should be granted in their entirety.

## STATEMENT OF FACTS

On or about April 1, 2005, Plaintiff submitted to this Court a Motion for Partial Summary Judgment pursuant to FRCP 56, on the grounds that there is no genuine issue of material fact to be tried and Murphy is entitled to judgment as a matter of law against Vecchia on the following claims of Murphy's Complaint: (i) Cause of Action Nine – Civil Assault by David Vecchia; (ii) Cause of Action Ten – Invasion of Privacy by David Vecchia; and (iii) Cause of Action Eleven – Intentional Infliction of Emotional Distress by David Vecchia.

As indicated by the certificate of service on file with this Court, on April 1, 2005 Plaintiff served Vecchia by first class mail with all of her submissions in support of her Motion for Partial Summary Judgment, including, among other things, a "Notice to Pro Se Litigants Regarding Summary Judgment" and a copy of FRCP 56 and D. Conn. L. Civ. R. 56 attached thereto, as required by D. Conn. L. Civ. R. 56. (*A copy of the delivery confirmation verifying Vecchia's receipt of the foregoing D. Conn. L. Civ. R 56 "Notice To Pro Se Litigants" and a copy of the foregoing rules, is attached hereto as* **Exhibit "A"**).

On or about April 20, 2005, Vecchia sought an extension of time from April 21, 2005 until May 18, 2005 to submit his opposition to Plaintiff's Motion for Partial Summary Judgment on the grounds that he needed "time for preparation

and development of a proper response". On April 27, 2005, the Court granted this extension request.

On or about May 15, 2005, Vecchia sought another extension of time from May 18, 2005 to June 8, 2005 to oppose Plaintiff's Motion for Partial Summary Judgment. On June 6, 2005 Vecchia sought a third extension of time through and including July 12, 2005, to submit his opposition to Plaintiff's Motion for Partial Summary Judgment. By Order dated June 10, 2005, the Court granted Vecchia an extension of time, through June 30, 2005, to file his opposition to Plaintiff's Motion for Partial Summary Judgment.

As indicated below, despite receiving notice of the nature, requirements and consequences of a summary judgment motion under FRCP 56, and of the requirements he must follow to submit a proper opposition thereto, and despite being granted over two months' extra time to prepare and file his opposition thereto, Vecchia's opposition fails to comply with the requirements of FRCP 56(e), 28 U.S.C. §1746 and D. Conn. L. Civ. R. 56(a), and fails to create any dispute of material facts with respect to the claims for which summary judgment is sought.

## ARGUMENT

### I. Vecchia Has Been Provided Full and Complete Notice of The Nature, Consequences and Obligations of A Rule 56 Motion for Summary Judgment

The Second Circuit requires that pro se parties against whom motions for summary judgment have been made, be provided notice of the nature, requirements and consequences of a summary judgment motion:

3

> [B]ecause the process of summary judgment is "not obvious to a layman," <u>Vital v. Interfaith Medical Ctr.</u>, 168 F.3d 615, 620 (2d Cir. 1999) the district court must ensure that a pro se plaintiff understands the nature, consequences and obligations of summary judgment, see id. at 620-621.

<u>Rzayeva v. Foster</u>, 134 F. Supp. 2d 239, 246 (D. Conn. 2001), aff'd, 67 Fed. Appx. 75 (2d Cir. 2003). In the Second Circuit "[t]here is no requirement that the district court affirmatively advise the pro se litigant of the nature and consequences of a summary judgment motion if the pro se litigant has otherwise been adequately notified or is already aware of such consequences". <u>M.B. # 11072-054 v. Reish</u>, 119 F.3d 230, 232 (2d Cir., 1997). Thus an easily comprehensible notice from the party moving for summary judgment will suffice to provide the pro se party with notice of the nature, requirements and consequences of a summary judgment motion. See e.g., <u>Champion v. Artuz</u>, 76 F.2d 483 (2d Cir. 1996) (*affirmed decision granting summary judgment against pro se inmate, after finding that pro-se was given notice of nature, requirements and consequences of summary judgment motion*).

Rule 56(b) of the District of Connecticut's Local Rules of Civil Procedure (effective January 1, 2004) ("D. Conn. L. Civ. R.___") requires that

> [a]ny represented party moving for summary judgment against a party proceeding pro se shall file and serve, as a separate document, in the form set forth below, a 'Notice to Pro Se Litigant Opposing Motion for Summary Judgment'...The movant shall attach to the notice copies of the full text of Rule 56 of the Federal Rules of Civil Procedure and this Local Rule 56.

D. Conn. L. Civ. R. 56(b). It has been repeatedly held that D. Conn. L. Civ. R. 56(b)'s required notice to pro-se litigants is "more than sufficient" to provide the pro-se non-movant with notice of the nature, consequences and obligations of summary judgment. See, e.g., <u>Lawson v. Wollenhaupt</u>, 2004 U.S. Dist. LEXIS

4

3832, *4-5 (D. Conn. 2004) (Kravitz, J.) *(movant provided pro-se party with notice required by Local Rule 56(b), which Court held is 'more than sufficient' to provide pro se party with notice of consequences of summary judgment motion).* A pro se party provided with notice pursuant to D. Conn. L. Civ. R. 56(b) will thus be fully responsible for complying with all instructives and directives contained in that notice. Id.

As the certificate of service and other submissions in support of Plaintiff's motion for partial summary judgment illustrate, Plaintiff simultaneously served Vecchia with a copy of the notice required by D. Conn. L. Civ. R. 56(b), with copies of D. Conn. L. Civ. R. 56 and Rule 56 of the FRCP attached thereto. Vecchia has been provided with full and complete notice of the nature and consequences of a summary judgment, with a detailed explanation of what he must do to properly oppose that motion. Vecchia is thus fully responsible for complying with all requirements of the rules referenced in that notice.

II.     **Vecchia's Submission in Opposition To Murphy's Motion for Partial Summary Judgment <u>Should be Stricken Pursuant to FRCP 12(f)</u>**

As indicated below, Vecchia's opposition to Plaintiff's Motion for Partial Summary Judgment fails to comply with the requirements of Rule 56(e) of the FRCP, 28 U.S.C. §1746, D. Conn. L. Civ. R. 56(a)2 and 3. As such, it should be stricken in its entirety, pursuant to Rule 12(f) of the FRCP.

Rule 56(e) of the FRCP provides in part that affidavits submitted in opposition to motions for summary judgment "<u>shall</u> be made on personal knowledge, <u>shall</u> set forth facts as would be admissible in evidence, and <u>shall</u>

5

show affirmatively that affiant is competent to testify to the matters stated therein". FRCP 56(e) (emphasis added). Moreover, 28 U.S.C. §1746 provides that, whenever a rule requires a matter to be supported by sworn affidavit, the matter may be supported instead by an unsworn, written declaration or statement subscribed as true under penalty of perjury, and dated.

Rule 56(e) of the FRCP further indicates that in opposing a motion for summary judgment, the non-movant "may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial". Accordingly,

> **[u]nsworn statements, letters [*18] addressed to litigants, and affidavits composed of hearsay and non-expert opinion evidence do not satisfy Rule 56(e) and must be disregarded.** See Adickes v. S.H. Kress & Co., 398 U.S. 144, 158, n. 17, 26 L. Ed. 2d 142, 90 S. Ct. 1598. (1970). In addition, general averments or conclusory allegations of an affidavit do not create specific factual disputes. See Lujan v. National Wildlife Fed'n, 497 U.S. 871, 888-89, 111 L. Ed. 2d 695, 110 S. Ct. 3177 (1990).

Barlow v. Connecticut, 319 F. Supp. 2d 250, 2004 U.S. Dist. LEXIS 10869, *17-18 (D. Conn. 2004). See also, Gottlieb v. County of Orange, 84 F.3d 511, 519 (2d Cir. 1996) (*court ignored submissions made by non-movant and granted summary judgment, where non-movant's arguments were "conclusory or ignores the record"*).

As this Court has also noted, a party opposing a motion for summary judgment has an obligation to make an affirmative showing that an issue of material fact exists that warrants denying a motion for summary judgment:

> Even though the burden is on the moving party to demonstrate the absence of any genuine factual dispute, the party opposing summary judgment "may not rest upon mere conclusory allegations or denials, but **must bring forward some**

**affirmative indication that his version of relevant events is not fanciful."** Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal quotation marks and citations omitted). **He "'must do more than simply show that there is some [*4] metaphysical doubt as to the material facts.'"** Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)).

Channer v. Murray, 2005 U.S. Dist. LEXIS 5304, 3-4 (D. Conn., 2005) (emphasis added) (*granted summary judgment against pro-se party, where pro-se party failed to present sufficient evidence creating issues of material fact*).

As Courts in our circuit have made clear, a pro-se party's submissions when presented in a conclusory or self-serving format, cannot overcome a properly presented motion for summary judgment:

> Where one party is proceeding pro se, the court reads the pro se party's papers liberally and interprets them to raise the strongest arguments they suggest. See Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994). Despite that liberal interpretation, however, a "bald assertion," unsupported by evidence, cannot overcome a properly supported motion for summary judgment. Carey v. Crescenzi, 923 F.2d 18, 21 (2d Cir. 1991).

Bourguignon v. Guinta, 247 F. Supp. 2d 189, 191 (D. Conn., 2003), aff'd, 2003 U.S. App. LEXIS 21958 (2d Cir. 2003) (*Court granted motion for summary judgment made against pro-se party, noting that pro-se's submissions in opposition thereto were presented in conclusory manner, and contained no evidence from which one could infer the existence of issues of material fact*). See also, Shumway v. US Parcel Service, 118 F3d 60, 64 (2d Cir. 1997) (*affirmed judgment granting summary judgment in employer's favor, and trial court's related holding that submissions made in opposition thereto were 'little more than conclusory statements' that therefore had "no probative value"*).

Rule 12(f) of the FRCP provides in part that "upon motion by a party...the court may order stricken from any pleading any insufficient defense or any

7

redundant, immaterial, impertinent, or scandalous matter". Motions to strike can be used to remedy defects in submissions made in support of, or in opposition to, a motion for summary judgment:

> The principles concerning [*11] admissibility of evidence do not change on a motion for summary judgment. Raskin v. Wyatt Co., 125 F.3d 55, 66 (2d Cir. 1997); Newport Elecs. v. Newport Corp., 157 F. Supp. 2d 202, 208 (D.Conn. 2001). Accordingly, a motion to strike is appropriate if documents submitted in support of a motion for summary judgment contain inadmissible hearsay or conclusory statements, are incomplete, or have not been properly authenticated. See, e.g. Hollander v. American Cyanamid Co., 999 F. Supp. 252, 255-56 (D.Conn. 1998); Dedyo v. Baker Eng'g N.Y., 1998 U.S. Dist. LEXIS 132, 1998 WL 9376 at *4 (S.D.N.Y. 1998).

Barlow, supra, 319 F. Supp. 2d at 250, 2004 U.S. Dist. LEXIS 10869, at *10-11 *(granted summary judgment against pro se party, and struck several submissions made by pro se party to Court in opposition to summary judgment, on the grounds that certain submissions contained incomplete documents and unsworn statements not properly certified as true and not based on personal knowledge).*

As indicated in further detail below, Vecchia's opposition to Plaintiff's Motion for Partial Summary Judgment contains conclusory statements that are not sworn, dated or subscribed as true under penalty of perjury. Thus, Vecchia's opposition should be disregarded on the grounds that it violates 28 U.S.C. §1746 and Rule 56(e) of the Federal Rules of Civil Procedure.

As also indicated in further detail below, even if Vecchia's opposition to Plaintiff's Motion for Partial Summary Judgment was in proper affidavit format or subscribed as true under penalties of perjury, there remain other reasons why Vecchia's opposition should be stricken. Vecchia's opposition, for example, does not assert that it is based on personal knowledge, and in fact contains

conclusory assertions that are not, and indeed cannot be, based on Vecchia's personal knowledge. Vecchia's opposition also contains arguments and assertions that are directly contradicted by evidence.

### a) The Court Should Reject Vecchia's Unsubstantiated Argument that "Plaintiff Cannot Win on the Law"

On page one of Vecchia's submission in opposition to Plaintiff's Motion for Partial Summary Judgment, Vecchia argues that "even if this Court were to find that there were not factual issues in dispute that must be tried by jury, the Plaintiff cannot win on the law". Vecchia Opp'n, p. 1. However, Vecchia's submission contains no legal argument, cites no legal authorities and contains no explanation why Vecchia claims that "Plaintiff cannot win on the law". This argument is conclusory, wholly without basis, and should thus be stricken by the Court.

### b) The Court Should Strike The First Section of Vecchia's Opposition titled "Cause of Action Nine -- Civil Assault"

In the first section of Vecchia's opposition regarding Plaintiff's Civil Assault claim, Vecchia repeatedly makes statements that are conclusory, not based on Vecchia's personal knowledge and contradicted by the evidence. See Vecchia Opp'n, pp. 1-2. For example, Vecchia asserts that the "term of probation" he served as a result of his guilty pleas to disorderly conduct and criminal trespass "was completed in January 2005 **to the satisfaction of the State of Connecticut**". See Vecchia Opp'n, p. 2 (top paragraph) (emphasis added). Vecchia also states in this section that "the charge of stalking was investigated

9

by the State of Connecticut States [sic] Attorney and dismissed". Id., bottom of page 2. Vecchia has no basis for making these conclusory statements, because he has no personal knowledge of the State of Connecticut's position or what the State of Connecticut did with respect to the charges against him. As such Vecchia's arguments in this section should be stricken.

Vecchia's statements in this section are also contradicted by his own sworn testimony. For example, Vecchia alleges in this section that "the charge of stalking [against Vecchia] was investigated by the State of Connecticut States [sic] Attorney and dismissed". Id., bottom of page 2. This statement misleadingly implies that Vecchia was cleared of any wrongdoing. However as Plaintiff's submissions in support of her motion for Partial Summary Judgment illustrate, Vecchia was not cleared of wrongdoing. Vecchia pled guilty to crimes of criminal trespass and disorderly conduct in connection with his conduct toward Plaintiff. (An excerpt of the transcript of Vecchia's guilty pleas to both of those crimes is contained in the Puorro Aff., Exhibit E (which contains Plaintiff's Request for Admissions --- Exhibit 5 thereto contains the transcript of Vecchia's pleas)). As the transcript of Vecchia's guilty pleas illustrates, Vecchia swore to the Court that he knowingly and voluntarily pled guilty to those crimes, and admitted committing the offenses upon which those charges were based. See Id., transcript of Vecchia's guilty pleas, p. 7, and 11.

In this section of his opposition, Vecchia also seemingly attempts to "explain away" his guilty plea to disorderly conduct. See Vecchia Opp'n, p. 2, second paragraph. The assertions that Vecchia makes in this paragraph ignore

the clear admissions of guilt that Vecchia made during his guilty pleas in open court. Puorro Aff., Exhibit E --- Exhibit 5 to Plaintiff's Request for Admissions, transcript of Vecchia's guilty pleas, p. 7, 11.

The arguments and assertions that Vecchia has made in contradiction of the evidence and his own sworn testimony must therefore be stricken and disregarded by this Court. See e.g., Cooper v. Ragaglia, 1999 U.S. Dist. LEXIS 18936, *7, n1 (D. Conn. 1999) (*Disregarded non-movant's conclusory statements contradicting his own admissions, and held "A party opposing summary judgment does not create a triable issue by denying [h]is [sic] own previously sworn statements"*) citing Heil v. Santoro, 147 F.3d 103, 110 (2d Cir. 1998) (*including a party's own admissions, sworn deposition testimony, [s]worn [sic] affidavit and his pleadings*).

This section of Vecchia's opposition should also be stricken because it cites to no evidence whatsoever.

Based on the foregoing, the first section of Vecchia's opposition (addressing Plaintiff's Civil Assault claim) to Plaintiff's Motion for Partial Summary Judgment should be stricken in its entirety.

c) <u>The Court Should Strike the Second Section of Vecchia's Opposition titled "Cause of Action Ten – Invasion of Privacy by Intrusion"</u>

The second section of Vecchia's opposition to Plaintiff's Motion for Partial Summary Judgment, which addresses Plaintiff's Claim for Invasion of Privacy by Intrusion, contains statements that are conclusory, contradicted by the evidence and not based on Vecchia's personal knowledge. See Vecchia Opp'n., p. 3.

11

In this section, Vecchia begins by stating what he feels is the "basis" of Plaintiff's invasion of privacy claim. Plaintiff objects to Vecchia's assertions in this regard, as the Complaint speaks for itself.

Vecchia then alleges that "[a]fter investigation by the State of Connecticut States [sic] Attorney the charge of stalking was dismissed". Id. Vecchia has no basis for making these conclusory unsupported statements, because he has no personal knowledge of the State of Connecticut's position or what the State of Connecticut did. These statements are also objectionable because they misleadingly imply that Vecchia was cleared of any wrongdoing, and contradict Vecchia's own sworn testimony.

As Plaintiff's submissions in support of her motion for partial summary judgment illustrate, Vecchia was not cleared of wrongdoing. Vecchia pled guilty to crimes of criminal trespass and disorderly conduct in connection with his conduct toward Plaintiff. (An excerpt of the transcript of Vecchia's guilty pleas is contained in the Puorro Aff., Exhibit E (Plaintiff's Request for Admissions — Exhibit 5 thereto)). As the transcript of Vecchia's guilty pleas illustrates, Vecchia swore to the Court that he knowingly and voluntarily pled guilty to those crimes, and admitted committing the offenses upon which those charges were based. See Id., transcript of Vecchia's guilty pleas, p. 7, and 11.

The arguments and assertions that Vecchia has made in contradiction of the evidence and his own sworn testimony must therefore be stricken and disregarded by this Court. See e.g., Cooper, 1999 U.S. Dist. LEXIS at *7, n1 (*Disregarded non-movant's conclusory statements contradicting his own*

12

*admissions, and held "A party opposing summary judgment does not create a triable issue by denying [h]is [sic] own previously sworn statements")* citing Heil, 147 F.3d at 110 *(including a party's own admissions, sworn deposition testimony, [s]worn [sic] affidavit and his pleadings)*.

Vecchia's remaining arguments in this section should be stricken because they are conclusory and cite to no evidence.

Based on the foregoing, the second section of Vecchia's opposition (addressing Plaintiff's Invasion of Privacy claim) to Plaintiff's Motion for Partial Summary Judgment should be stricken in its entirety.

### d) The Court Should Strike the Third Section of Vecchia's Opposition Titled "Cause of Action Eleven – Intentional Infliction of Emotional Distress"

The third section of Vecchia's opposition to Plaintiff's Motion for Partial Summary Judgment, which relates to Plaintiff's claim for Intentional Infliction of Emotional Distress, contains statements that are contradicted by the evidence, conclusory and not based on Vecchia's personal knowledge. See Vecchia Opp'n, pp. 3-5.

Vecchia first argues in a conclusory manner that "Plaintiff has not provided facts" in support of her allegations for this claim. Vecchia Opp'n, p. 3. However, Vecchia fails to specify further what exact portions of this claim he feels are deficient.

Vecchia then argues that Plaintiff's claim of damages for this claim is "incompatible" with her deposition testimony. Id. (bottom). In purported support of this argument, Vecchia alleges that Plaintiff testified during deposition that she

13

did not mention to her therapist at any time from 1998 through 2001 incidents of stalking involving Vecchia. Id., p. 4. However these arguments are without basis because they contradict Plaintiff's deposition testimony and other evidence presented in support of Plaintiff's motion for partial summary judgment. (A copy of Plaintiff's Deposition Testimony dated June 11, 2004, was not enclosed with Vecchia's opposition. Plaintiff previously provided a copy of that transcript to all parties, and submits herewith to the Court, as **Exhibit "B"** hereto, a copy of that transcript, for the Court's convenience).

For example, Plaintiff's deposition transcript reveals that Plaintiff testified that she could not recall specific dates and times on which she mentioned to her therapist stalking incidents involving Vecchia, but that she nonetheless recalls mentioning such incidents to her therapist repeatedly during the period from 1998 through 2001. See, Exhibit "B" hereto, p. 197, lines 8-12 (*Vecchia, referring to Murphy's therapist's notes, asks Murphy why she allegedly did not mention Vecchia's stalking to her therapist during the period 1998 through 2001, to which Murphy replies "I don't know that I didn't mention it. These are his notes not mine"*), and lines 13-15 (*similar testimony by Murphy*); and p. 201, lines 7-13 (*Murphy was asked whether she remembers talking to her therapist about incidents of stalking involving Vecchia. Murphy responds "Yes", stating "from the beginning of 1998 to date, I have talked to him [about such stalking incidents involving Vecchia] but I don't know what occasions and how long a length of time, and I don't know how much it required. I don't know"*). Moreover, the notes of Murphy's psychiatrist directly confirm that Murphy mentioned stalking incidents

involving Vecchia during the period of 1998 through 2001. See, by way of example, Puorro Aff. submitted in support of Plaintiff's Motion for Partial Summary Judgment, Exhibit "G" thereto, (therapist's notes dated October 19, 1998, March 20, 2001, March 21, 2001, April 9, 2001, April 19, 2001, May 10, 2001 and November 29, 2001).

Page 203 of Plaintiff's deposition transcript, which is the only evidence that Vecchia cites in his opposition to Plaintiff's Motion for Summary Judgment, contains a discussion during which Vecchia is reminded once again by counsel for Plaintiff that Plaintiff testified many times that she spoke to her therapist repeatedly about incidents involving Vecchia but that she does not recall the exact dates and times on which that occurred. See Exhibit "B" hereto, pp. 203 (line20) through p. 204 (line 1).

Vecchia cites to page 203 of Plaintiff's deposition in support of his claim that "[Murphy's] therapist [was so surprised from Murphy's alleged failure to mention Vecchia's stalking from 1998 through 2001] that he checked his notes from before to see if Murphy mentioned stalking more than one time". Vecchia Opp'n, p. 4. Page 203 of Murphy's deposition does not support this contention. The only reason why page 203 of Murphy's deposition makes any mention that Plaintiff's therapist had been 'checking his notes' for such a purpose was because at that point during Plaintiff's deposition, Vecchia was improperly reading a portion of Murphy's psychiatrist's notes into the record. See Exhibit "B" hereto, p. 202 line 25 through p. 203 line 16. The transcript also reveals that Vecchia agreed to have the portion of the transcript where he reads Murphy's

15

psychiatrist's notes stricken from the record on the ground that he was simply reading from those notes without asking a properly phrased question. Id., p. 203, lines 5-10 (*After reading those notes, Vecchia is asked "Is there a question, Mr. Vecchia?", to which Vecchia responds "No". Vecchia then says "You can strike it".*). This portion of Murphy's deposition, where Vecchia is reading notes from Murphy's psychiatrist into the record, is inadmissible hearsay.

Moreover, Murphy's deposition transcript shows that just after Vecchia read those notes into the record, he asked Murphy why her therapist wrote them. See id., p. 203, lines 11-16. Counsel for Plaintiff objected to that question, and other questions similar thereto, on the grounds that any questions to Murphy about her psychiatrist's notes or his methodology in keeping same called for speculation. See id. Vecchia did not thereafter challenge that objection. See id.

For the foregoing reasons, Vecchia's attempt to cite page 203 of Murphy's Deposition in support of his arguments, should be rejected and stricken.

The remainder Vecchia's arguments in this section are conclusory, not based on personal knowledge and cite to no evidence. Vecchia for example, speculates about what he believes is the source and reason for Murphy's anger, frustration and emotional distress, makes unsubstantiated allegations about having a "chance restaurant meeting" with Murphy, and then makes further allegations about Plaintiff's deposition testimony without citing to any evidence in support. These wholly unsubstantiated allegations should be rejected.

16

For the foregoing reasons, the Court should strike the third section of Vecchia's opposition, relating to Plaintiff's claim for Intentional Inflection of Emotional Distress, in its entirety.

### III. This Court Should Deem Admitted All Statements in Plaintiff's Rule 56(a)1 Statement Because Vecchia Has Failed to Submit a Rule 56(a)2 Statement And Has Failed to Dispute Plaintiff's Rule 56(a)1 Statement

Rule 56(a)2 of this Court's Local Rules of Civil Procedure requires that

> [t]he papers opposing a motion for summary judgment **shall** include a document entitled "Local Rule 56(a)2 Statement," which states in separately numbered paragraphs corresponding to the paragraphs contained in the moving party's Local Rule 56(a)1 Statement whether each of the facts asserted by the moving party is admitted or denied. The Local Rule 56(a)2 Statement **must** also include in a separate section entitled "Disputed Issues of Material Fact" a list of each issue of material fact as to which it is contended there is a genuine issue to be tried.

D. Conn. L. Civ. R. 56(a)2 (emphasis added).

Rule 56(a)3 of this Court's Local Rules of Civil Procedure requires that:

> [e]ach statement of material fact....by an opponent in a Local Rule 56(a)2 Statement, and each denial in an opponent's Local Rule 56(a)2 Statement, **must** be followed by a **specific citation** to (1) the affidavit of a witness competent to testify as to the facts at trial and/or (2) evidence that would be admissible at trial...**Counsel and pro se parties are hereby notified that failure to provide specific citations to evidence in the record as required by this Local Rule may result in sanctions, including....when the opponent fails to comply, an order granting the motion.**

D. Conn. L. Civ. R. 56(a)3 (emphasis added). Thus, if a pro se opponent to a summary judgment motion fails to submit a Rule 56(a)2 Statement in accordance with the requirements of Rule 56(a)3, despite being advised of the requirements of filing a proper opposition to a motion for summary judgment (and the consequences of failing to do so), our Courts will deem all statements contained

17

in the movant's Rule 56(a)1 Statement to be admitted. See e.g., Lawson, supra, 2004 U.S. Dist. LEXIS at *4-5 (Kravitz, J.) (*Plaintiff pro se prisoner failed to submit Rule submit Rule 56(a)2 Statement, despite being advised of requirements of proper response to summary judgment motion; thus Court held that pro se prisoner admitted as true all statements in movant's Rule 56(a)1 Statement*); and Torres v. Stewart, 263 F.Supp.2d 463 (D. Conn. 2003) (Underhill, J.) (*same*).

As section I herein, supra, illustrates, Vecchia was provided with full and complete notice of the requirements of his obligations in opposing Plaintiff's motion for partial summary judgment, pursuant to Rule 56(b) of this Court's Local Rules of Civil Procedure.

Despite receiving such notice, and numerous extensions of time, Vecchia did not submit a Rule 56(a)2 Statement with his opposition to Plaintiff's Motion for Partial Summary Judgment. Rather as indicated above, he submitted a document consisting of vague, conclusory statements that are not supported by the evidence, are contradicted by the evidence, and that are not sworn nor otherwise subscribed as true under penalties of perjury.

Even if Vecchia's submission is deemed to be a "Rule 56(a)2 Statement", Vecchia submission fails to comply with Rule 56(a)2's specific requirements. For example, Vecchia's opposition fails to contain as required by Rule 56(a)2 of our District's Local Rules of Civil Procedure, separately numbered paragraphs corresponding to the paragraphs contained in Plaintiff's Local Rule 56(a)1 Statement, specifying whether each is admitted or denied. Vecchia's opposition

18

also did not provide a list of "Disputed Issues of Material Fact" as Local Rule 56(a)2 requires.

Vecchia's submission also violates Local Rule 56(a)3 because it fails to provide specific citations to an affidavit of a witness competent to testify and/or to other evidence admissible at trial. Other than Vecchia's citations to Plaintiff's Complaint and Plaintiff's Motion for Partial Summary Judgment, Vecchia makes one citation to evidence in his entire opposition, -- to Page 203 of Plaintiff's deposition (Vecchia Opp'n, p. 4 thereto).[1] However, as indicated in Section II (d) of this memorandum, supra, Vecchia's citation to page 203 of Plaintiff's deposition is improper and should be disregarded because (i) Plaintiff's deposition testimony, including page 203 thereof, does not support the arguments for which they are cited, (ii) other evidence presented in support of Plaintiff's Motion for Partial Summary Judgment contradicts the arguments for which page 203 of Plaintiff's deposition is cited; and (iii) page 203 of Plaintiff's deposition transcript contains statements that are inadmissible and that Vecchia agreed during that deposition would be stricken from the transcript. See Section II(d) of this Memorandum, supra.

As illustrated here, Vecchia has shown complete disregard of the requirements of Rule 56(a)2 and 56(a)3 of this Court's Local Rules of Civil Procedure, despite being advised of those requirements and the consequences of failing to comply with them. Vecchia, furthermore, has asked for and been given significant extensions of time in which to comply with these, and the other

---

[1] Vecchia did not enclose a copy of the transcript of Plaintiff's June 11, 2004 deposition with his opposition. A copy of that transcript was previously provided to the parties, and is enclosed with the Court's copy of this memorandum. See Exhibit "B" hereto.

19

rules he has failed to follow in connection with submitting his opposition to Plaintiff's Motion for Partial Summary Judgment.

For the foregoing reasons, this Court should deem all statements contained in Plaintiff's Rule 56(a)1 statement to be admitted by Vecchia.

## CONCLUSION

For the reasons stated herein and in the submissions made by Plaintiff in support of her Motion for Partial Summary Judgment, Plaintiff's Motion to Strike and Motion for Partial Summary Judgment should be granted in their entirety.

PLAINTIFF,
BARBARA E. MURPHY

BY: *(signature)*

Elisabeth Seieroe Maurer (ct11445)
Eva M. Puorro (ct25772)
Maurer & Associates, PC
871 Ethan Allen, Hwy., Suite 202
Ridgefield, CT 06877
Phone (203) 438-1388
Fax (203) 431-0357