UNITED STATES DISTRICT COURT
DISTRICT OF CONECTICUT

---------------------------------------------------------------X
BARBARA E. MURPHY,                          :        3:03 CV 00519 (MRK)
      Plaintiff,                              :
v.                                                          :
                                                            :
THE CITY OF STAMFORD and           :
DAVID VECCHIA,                             :
      Defendants.                           :        August 5, 2005
---------------------------------------------------------------X

### AFFIRMATION OF EVA M PUORRO IN OPPOSITION TO DEFENDANT DAVID VECCHIA'S AUGUST 3, 2005 MOTION FOR AN EXTENSION OF TIME TO OPPOSE PLAINTIFF'S MOTION TO STRIKE

Eva M. Puorro hereby affirms under the penalties of perjury that:

1. I am an attorney licensed to practice law in the State of Connecticut and the United States District Court of the District of Connecticut. I am one of the attorneys for Plaintiff Barbara E. Murphy ("Plaintiff") in this action. I submit this affirmation in opposition to Defendant David Vecchia's ("Vecchia") motion for an extension of time dated August 3, 2005 to submit his response to Plaintiff's Motion to Strike Vecchia's Opposition to Plaintiff's Motion for Partial Summary Judgment ("Motion to Strike").

2. As indicated below, Vecchia's latest extension request has no basis and should be denied. Plaintiff respectfully submits that Vecchia's extension request is a tactic designed to delay these proceedings unnecessarily.

3.	Vecchia's most recent extension request is the latest in a series of motions by Vecchia that have caused ongoing delays of this case. Specifically, as the Motion to Strike illustrates, before making his most recent extension request, Vecchia filed, at the last minute, three motions for extensions of time to respond to Plaintiff's Motion for Partial Summary Judgment. Between his second and third extension request, Vecchia filed a motion dated May 16, 2005 for the release of highly sensitive information that was redacted in Barbara Murphy's psychiatrist's notes in accordance with this Court's protective order. That motion was ultimately denied. Consistent with his past pattern and practice, Vecchia now submits, on the last day his opposition to Plaintiff's Motion to Strike is due, yet another extension request.

4.	Vecchia fails to show this Court that there is good cause for his latest extension request. He contents that this extension is needed because the Motion to Strike involves "legal issues" that are "complex", and "procedural and evidentiary issues" that are "serious and may be fatal to my defense". However, as indicated below, Vecchia has been aware of these issues <u>for over one year</u>.

5.	As the Motion to Strike illustrates, Vecchia was repeatedly given extra time to formulate his opposition to Plaintiff's Motion for Partial Summary Judgment but nonetheless chose to ignore the requirements for submitting an opposition thereto.

2

6. Even more significantly, Vecchia has known for over one year the nature and consequences of summary judgment motions and what he must do to properly oppose one. While the Motion to Strike correctly notes that on April 1, 2005 Vecchia was provided complete notice required by D. Conn. L. Civ. R. 56(b) of the nature, consequences and obligations of properly opposing a summary judgment motion, see Memorandum of Law submitted in support of Motion to Strike, pp. 3-5, **Vecchia has in fact known about the nature, consequences and obligations of summary judgment motions for over one year.** Plaintiff first made a Motion for Summary Judgment against Vecchia in this case on April 6, 2004. As noted in the pleadings and certificate of service submitted in support of Plaintiff's first motion for summary judgment against Vecchia, on April 6, 2004 Plaintiff provided Vecchia with the "Notice to Pro-Se Litigants" required by D. Conn. L. Civ. R. 56(b). That notice warns pro-se parties that should they choose to ignore the Rules' requirements and obligations for properly opposing a summary judgment motion, the Court may grant summary judgment. Accordingly, Vecchia has known for over one year that should he ignore those requirements, he does so at his own peril. The issues raised in Plaintiff's Motion to Strike are nothing new and should come as no surprise to him.

7. Based on the foregoing, it is respectfully requested that the Court deny Vecchia's motion for an extension of time dated August 3, 2005

3

in its entirety, and immediately proceed with deciding Plaintiff's Motion to Strike and Motion for Partial Summary Judgment.

Executed on August 5, 2005

_____
Eva M. Puorro (ct25772)

    I hereby certify that a copy of the Affirmation of Eva M. Puorro in Opposition to Defendant David Vecchia's August 3, 2005 Motion for An Extension of Time to Oppose Plaintiff's Motion to Strike, has been sent via First Class Mail, postage prepaid, on August 5, 2005 to the following parties and counsel of record:

| | |
|---|---|
| James V. Minor<br>Assistant Corporation Counsel<br>888 Washington Boulevard, Box 10152<br>Stamford, CT 06904-2152 | Conf. #0304 0370 0000 6524 3335 |
| Barry J. Boodman<br>Corporation Counsel<br>City of Stamford<br>888 Washington Boulevard<br>Stamford, CT 06904-2152 | Conf. #0304 0370 0000 6524 3311 |
| Michael Steven Toma<br>City Of Stamford<br>Law Department<br>888 Washington Boulevard<br>P.O. Box 10152<br>Stamford, CT 06904-2152 | Conf. #0304 0370 0000 6524 3328 |
| David Vecchia<br>PO Box 159<br>West Redding, CT 06896<br>Delivery confirmation #0304 0370 0000 6524 | Conf. #0304 0370 0000 6524 3304 |

_____
Eva M. Puorro  (ct 25772)

4