UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 AUG 25 A 8: 11

BARBARA E MURPHY
Plaintiff

CIVIL NO
3:03 cv 00519 (MRK)

U.S. DISTRICT COURT
NEW HAVEN, CT

v

THE CITY OF STAMFORD AND
DAVID VECCHIA
Defendants

AUGUST 24, 2005

LOCAL RULE 56(a) 2 STATEMENT

Defendant DAVID VECCHIA, submits this Local Rule 56 (a) 2 Statement of Facts in Dispute in opposition to the Plaintiff Motion for Partial Summary Judgment. Pursuant to Local Rule 56(a) 3, each statement of fact is supported by a citation to affidavits, deposition excerpts or to Exhibits, all of which are listed in an Appendix submitted with Defendant's opposition to the Plaintiff's Motion for Summary Judgment.

Defendant's Statement of Facts in Dispute is contained in the paragraphs below designated by SECTION II.

Using the same paragraph numbers the Plaintiff used in Plaintiff Local Rule 56(a) (1) Statement of April 1, 2005, the Defendant has listed his reply in paragraphs 1 to 72 below. Copy of Vecchia Disposition and other documents referenced have been supplied to the Court by Plaintiff

1. Defendant agrees. Vecchia Disposition Page 5

2. Defendant agrees but stipulates that Vecchia was not a supervisor of the Plaintiff Murphy
3. Vecchia disposition page 69-70

3. Defendant agrees. Vecchia Disposition page 55

4. Defendant agrees. Vecchia Disposition page 86-87.

5. Defendant agrees Vecchia Termination proceeding at 62 (testimony of David Vecchia) lines 6-8

6. Defendant agrees Vecchia disposition page 53

7. Defendant agrees Vecchia Disposition page 9; page 89-90
8. Defendant agrees Vecchia disposition page 9

9. Defendant agrees. Vecchia disposition page 9

10. Defendant has agreed to #9 and does not understand difference between candy and M&Ms and candy which may have been M&Ms one time; not two times as could be inferred. VD page 9

11 Defendant agrees. Vecchia Disposition page 84

12 Defendant agrees Vecchia Disposition page 54

13 Defendant agrees Vecchia Disposition page 54

14 Defendant agrees Vecchia Disposition page 61

15 Defendant agrees Vecchia Disposition page 116

16 Defendant agrees Vecchia Disposition page 111

17 Defendant agrees Vecchia Disposition page 84

18 Defendant agrees Vecchia Disposition page 18

19. Defendant disagrees, he spoke to Murphy at approximately 3 PM on Saturday afternoon and again later in the evening. Vecchia Disposition page 84

20. Defendant agrees ;Vecchia Disposition page 84

21. Defendant disagrees that Murphy left request in her telephone message to leave items at the Fire Station. Defendant never heard the telephone message. Vecchia Disposition 84

22 Defendant agrees;Vecchia disposition page 112

23 Defendant agrees; Vecchia disposition page 112

24 Defendant agrees; Vecchia disposition page 112

25 Defendant agrees; Vecchia disposition page 12

26 Defendant agrees: Vecchia Respone to Request for Admissions p 44

27 Defendant disagrees and believes he left the letter at the Fire Station (see 21 above).

28 Defendant agrees. Vecchia Disposition page 59-60

29 Defendant agrees; Defendant agrees Vecchia Disposition (VD) page 59-60

30 Defendant Vecchia agrees ; VD page 13

31 Defendant Vecchia agrees ; VD page 13

32 Defendant Vecchia agrees ; VD page 13

33 Defendant Vecchia agrees ; VD page 13

34 Defendant Vecchia agrees; VD page 34

35 Vecchia agrees he saw Barbara Murphy after the meeting but disagrees if the implication is that he saw her within minutes of the meeting. ; VD page 58

36 Vecchia agrees; VD  page 85

37 Defendant saw Murphy at Brennan's and approached Murphy to

apologize to her for his actions in March. Murphy had telephoned Vecchia earlier that day

to schedule training for the new Fire Chief on the purchase requisition approval system.

It is 7 years since Vecchia took items from Murphy's car and this is the only time

in that 7 years Vecchia attempted to speak to Murphy.;  VD  page 58

36  Defendant agrees. it was one of 10 races Vecchia ran in 1998. Defendant does not believe the

the race was sponsored by the City.

38 Defendant agrees; VD page 92

39 Defendant agrees.; VD page 15

40 Defendant agrees; VD page 10

41 Defendant agrees; VD page 11

42 Defendant agrees; VD page 31

43 Defendant agrees ; VD page 15

44 Defendant agrees; VD page 17

45 Defendant agrees; VD page 17

46 Defendant agrees; VD page 21-22

47 Defendant agrees; Termination Hearing; line 22-25

48. Defendant agrees; Termination Heating; line 22-25

49 Defendant agrees; VD page 16

50 Defendant agrees; VD page 72

51 Defendant agrees; VD page 72

52 Defendant agrees; VD page 69

53 Defendant agrees; Vecchia Response to Admissions 55

54 Defendant agrees; Vecchia response to Admissions 57

55 Defendant agrees; Vecchia Response to Admissions 55

56 Defendant agrees; VD page 63

57 Defendant agrees; VD page 57

58 Defendant agrees; VD page 57

59 Defendant agrees; Transcript of Termination, 101, line 23-25

60 Defendant agrees; Termination , 102, line 6-9

61 Defendant agrees; Termination. 102. line 3-9

62 Defendant agrees, Termination 105 line 2-8

63 Defendant agrees; VD page 83. line 1-15

64 Defendant agrees; Termination 5-8

65 Defendant agrees; VD page 76

66 Defendant agrees; VD p.79

67  Defendant agrees; VD p.25

68  Defendant agrees; VD p.23

69  Defendant agrees; VD p 32

70  Defendant agrees, VD p 64

71  Defendant agrees, Court Transcript

72  Defendant agrees; Court Transcripts

## SECTION II

DISPUTED ISSUES OF MATERIAL FACT

1. Defendant was not a Supervisor of Barbara Murphy. He never told her what to do; he had no authority to hire, fire, discipline, or reprimand her. Vecchia Deposition p 69-70

2  Defendant denies he was stalking Murphy. Charge was dismissed by the State of Connecticut. See Court Transcript

3  Defendant states that he had seen Murphy outside the workplace after September 1998 at restaurants and had even sat across the table from Murphy for 2 hours at a birthday party and Murphy had not complained.; Vecchia Affidavit

THE DEFENDANT
DAVID VECCHIA

*/s/ David Vecchia*

David Vecchia
PO BOX 159
West Redding, CT 06896
203-744-4307

CERTIFICATION

I hereby certify that a copy of the forgoing Production was mailed, postage prepaid, this 24th day of AUGUST, 2005 to the following:

Law Offices of Elisabeth S Maurer, PC
871 Ethan Allen Hwy, Suite 202
Ridgefield, CT 06877


James V, Minor
Assistant Corporate Counsel
City of Stamford
888 Washington Boulevard
Box 10152
Stamford, CT 06904-2152

David Vecchia
Defendant
Pro Se