UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

FILED

2005 AUG 25 A 8: 11

BARBARA E MURPHY
Plaintiff

CIVIL NO
3:03 cv 00519 (MRK)

US DISTRICT COURT
NEW HAVEN, CT

v

THE CITY OF STAMFORD AND
DAVID VECCHIA
Defendants

AUGUST 23, 2005

AFFIDAVIT OF DAVID VECCHIA

1. My name is David Vecchia. I am a Pro Se Defendant in this case. I submit this affidavit in opposition to the Plaintiff's Motion for Partial Summary Judgment. Everything I testify to is on first hand knowledge except where I testify on information and belief, the basis of which is stated..I will have my signature witnessed and notarized.

2. In March. 1998 I took items from the Plaintiff's unlocked car parked in her driveway at her home. I had been drinking and do not know why I took such action. I knew my actions were wrong moments after stepping away from the vehicle and attempted to replace them but could not because I had locked the door.

3. The following day the Plaintiff called my home and left a message asking if I had taken items from her car. I called her and told her I had and eventually returned what I could and wrote the Plaintiff a letter admitting my actions and asking for her forgiveness.

4. In January 2002 at Stamford Superior Court I admitted my actions and was sentenced to 3 years probation. The probation was completed to the satisfaction of the State of Connecticut in January 2005. I was told this by the Probation Officer and that I have no requirement to meet with him.

5. In January 2002 I also entered a plea of guilty to disorderly conduct for being in the same restaurant as the Defendant in the fall of 2000. This was a contrived charge by the prosecutor who threatened to prosecute my entering the car as a felony if I did not enter a plea of guilty to the disorderly conduct. My attorney told me the prosecutor said had to give the Plaintiff something. My attorney advised me that verbally and in writing I had admitted to taking items from the vehicle and that juries were unpredictable and I could go to jail if convicted of a felony.

6. I have not spoken to the Plaintiff in over 7 years. Since taking items from her car in March 1998, the only time I attempted to speak to the Plaintiff was in July 1998 to apologize for my actions in March. At the time I attempted to speak to the Plaintifft in July, she told me she did not want to talk to me. I never approached her again.

7. From July 1998 to November 2000 I saw the Plaintifft more than 40 times at a restaurant in Stamford named Brennan's. I sat across the table from her at a birthday party for a City accounting employee for more than two hours at Pellicis restaurant in Stamford. I saw the Plaintifft one time at Taranto and this chance occurrence that led to the disorderly conduct charge. I never spoke to the Plaintifft in all these times I saw her.

8. The Partial Summary Judgment requested by the Plaintifft is for three Causes. Action Nine is for Civil Assault. I never intended to inflict any harmful or offensive bodily contact on the Plaintiff. I have never taken any overt act evidencing some corporeal threat.

9 Action Ten is for Invasion of Privacy. I was wrong for taking items from the Plaintiff's vehicle. I knew I was wrong moments after but could not return the items. I admitted my guilt to the Plaintiff both verbally and in writing, I apologized for my actions.
I did not mean to harm her.

10 Action Eleven is for Intentional Infliction of Emotional Distress. I never intended to harm the

Plaintiff I have never said a harsh word to her or about her. The Plaintiff's therapist notes that he is surprised that for nearly 3 years after talking about my entering her car in early 1998, there was no mention again until 2001. The therapist has to go back and read his notes because he is surprised by his patient's statements. In William Stover's deposition he states he checked with the Plaintiff during the period from October 1998 to the Fall of 2000 and she had no complaints about my actions.

11 The above is true and to the best of my knowledge and belief.

*/s/ David Vecchia*

David Vecchia

STATE OF CONNECTICUT
COUNTY OF FAIRFIELD    ss. STRATFORD  8-23  20 05

Personally appeared the above named individual who, has provided sufficient identification, swore to the true and above statement and acknowledged it to be their own free act and deed.

*Sandra M. Maleski*

Notary Public my commission expires  9.30.08

CERTIFICATION

I hereby certify that a copy of the forgoing Production was mailed, postage prepaid, this 24th day of AUGUST, 2005 to the following:

Law Offices of Elisabeth S Maurer, PC
871 Ethan Allen Hwy, Suite 202
Ridgefield, CT 06877


James V, Minor
Assistant Corporate Counsel
City of Stamford
888 Washington Boulevard
Box 10152
Stamford, CT 06904-2152

David Vecchia
Defendant
Pro Se