UNITED STATES DISTRICT COURT
DISTRICT OF CONECTICUT

------------------------------------------------------------X
BARBARA E. MURPHY,                              :   No. 3:03 CV 00519 (MRK)
    Plaintiff,                                          :
v.                                                           :
                                                             :
THE CITY OF STAMFORD and                    :
DAVID VECCHIA,                                      :
    Defendants.                                      :   September 7, 2005
------------------------------------------------------------X

**PLAINTIFF'S MEMORANDUM OF LAW IN FURTHER SUPPORT OF HER MOTION FOR PARTIAL SUMMARY JUDGMENT AGAINST DEFENDANT DAVID VECCHIA**

Barbara Murphy (hereinafter at times, "Murphy") submits this memorandum of law in reply to the further response submitted by Defendant David Vecchia ("Vecchia") on August 23, 2005. Based on all of the Affirmations, Exhibits and Memoranda of Law submitted in this matter, there is no genuine issue of material fact to be tried and Murphy is entitled to judgment as a matter of law against Vecchia on the following claims: (i) Cause of Action Nine – civil assault by David Vecchia; (ii) Cause of Action Ten – invasion of privacy by David Vecchia; and (iii) Cause of Action Eleven – intentional infliction of emotional distress by David Vecchia.

    **A.**     **Plaintiff's Motion for Partial Summary Judgment Should be Granted because Vecchia Has Offered No Material Fact in Dispute**

First, Vecchia asserts that a material factual dispute exists as to whether he was Murphy's supervisor. Vecchia's Local Rule 56 (a) 2 Statement. Page 4. Being the victim's supervisor is not an element of claims for Invasion of Privacy,

Intentional Infliction of Emotional Distress, or Civil Assault. Miller v. Edward Jones & Co, 2005 U.S. Dist. LEXIS 1705 39-40 (D. Conn., 2005) (Kravitz, J.) citing Berube v. Nagle, 81 Conn. App. 681, 698, 841 A.2d 724 (2004). Norman v. Distasio, 2001 Conn. Super. LEXIS 1644, 11-12 (Conn. Super. Ct., 2001). Because there is no requirement that Murphy prove that Vecchia was her direct supervisor, this factual dispute is not material and does not preclude this court from granting partial summary judgment to Murphy.

Second, Vecchia asserts that it is disputed whether he was "stalking" Murphy. Vecchia's Local Rule 56 (a) 2 Statement. Page 4. Stalking Murphy is not an element of claims for Invasion of Privacy, Intentional Infliction of Emotional Distress, or Civil Assault. Miller v. Edward Jones & Co, 2005 U.S. Dist. LEXIS 1705 39-40 (D. Conn., 2005) (Kravitz, J.) citing Berube v. Nagle, 81 Conn. App. 681, 698, 841 A.2d 724 (2004). Norman v. Distasio, 2001 Conn. Super. LEXIS 1644, 11-12 (Conn. Super. Ct., 2001). Because there is no requirement that Murphy prove that Vecchia stalked her, this factual dispute is not material and does not preclude this court from granting partial summary judgment to Murphy.

Further, Vecchia has sited to the "Court Transcript" of his guilty plea for the proposition that a charge of "stalking" was dismissed. Vecchia's Local Rule 56 (a) 2 Statement. Page 4. Nowhere in this document does it say that any charge of "stalking" was dismissed. See Puorro Aff. Submitted in Support of Motion for Summary Judgment, Exhibit "A" thereto, which contains a copy of the transcript

2

of Vecchia's guilty pleas. Therefore, Vecchia has failed to comply with Local Rule 56 (a) 3 which requires that each assertion contained in the Local Rule 56 (a) 2 Statement be supported by admissible evidence and this "disputed Issue of Material Fact" should be ignored. Gottlieb v. County of Orange, 84 F.3d 511, 519 (2d Cir. 1996) (*court ignored submissions made by non-movant and granted summary judgment, where non-movant's arguments were "conclusory or ignores the record"*).

Third, Vecchia asserts that there is a material dispute regarding his assertion that he has seen Murphy outside of work after September 1998 and she has not complained. Vecchia's Local Rule 56 (a) 2 Statement. Page 4. Seeing Murphy without her complaining is not an element of claims for Invasion of Privacy, Intentional Infliction of Emotional Distress, or Civil Assault. Miller v. Edward Jones & Co, 2005 U.S. Dist. LEXIS 1705 39-40 (D. Conn., 2005) (Kravitz, J.) citing Berube v. Nagle, 81 Conn. App. 681, 698, 841 A.2d 724 (2004). Norman v. Distasio, 2001 Conn. Super. LEXIS 1644, 11-12 (Conn. Super. Ct., 2001). Because there is no requirement that Murphy prove that when Vecchia saw her she complained, this factual dispute is not material and does not preclude this court from granting partial summary judgment to Murphy.

As this Court has also noted, a party opposing a motion for summary judgment has an obligation to make an affirmative showing that an issue of material fact exists that warrants denying a motion for summary judgment:

3

> Even though the burden is on the moving party to demonstrate the absence of any genuine factual dispute, the party opposing summary judgment "may not rest upon mere conclusory allegations or denials, but **must bring forward some affirmative indication that his version of relevant events is not fanciful.**" Podell v. Citicorp Diners Club, Inc., 112 F.3d 98, 101 (2d Cir. 1997) (internal quotation marks and citations omitted). **He '"must do more than simply show that there is some [*4] metaphysical doubt as to the material facts.'"** Caldarola v. Calabrese, 298 F.3d 156, 160 (2d Cir. 2002) (quoting Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 586, 89 L. Ed. 2d 538, 106 S. Ct. 1348 (1986)).

Channer v. Murray, 2005 U.S. Dist. LEXIS 5304, 3-4 (D. Conn., 2005) (emphasis added) (*granted summary judgment against pro-se party, where pro-se party failed to present sufficient evidence creating issues of material fact*).

### B. Vecchia Has Offered No Legal Reason That Summary Judgment Should Not Be Granted For Invading Murphy's Privacy

Vecchia offers as his sole reason that this court should not grant Murphy summary judgment on this claim that the charge of "stalking" was dismissed. Defendant's Memorandum of Law, page 3. As described above, Vecchia has provided no evidence whatsoever that this assertion is correct. The document he refers to does not say that a charge of "stalking" was dismissed. See Puorro Aff. Submitted in Support of Motion for Summary Judgment, Exhibit "A".

Vecchia was not cleared of wrongdoing. Vecchia pled guilty to crimes of criminal trespass and disorderly conduct in connection with his conduct toward Plaintiff. Id. As the transcript of Vecchia's guilty pleas illustrates, Vecchia swore to the Court that he knowingly and voluntarily pled guilty to those crimes, and admitted

4

committing the offenses upon which those charges were based. See Id., transcript of Vecchia's guilty pleas, p. 7, and 11. The arguments and assertions that Vecchia has made in contradiction of the evidence and his own sworn testimony must be disregarded by this Court. See e.g., Cooper, 1999 U.S. Dist. LEXIS at *7, n1 (*Disregarded non-movant's conclusory statements contradicting his own admissions, and held "A party opposing summary judgment does not create a triable issue by denying [h]is [sic] own previously sworn statements"*).

Thus, there is no issue of material fact with respect to each and every aspect of Murphy's claim for invasion of privacy. Accordingly, summary judgment on Murphy's invasion of privacy claim (Cause of Action Ten) against Vecchia should be granted.

### C.   Vecchia Has Offered No Legal Reason That Summary Judgment Should Not Be Granted on Murphy's Claim of Intentional Infliction of Emotional Distress

Vecchia asserts, without factual support of any kind, that Murphy is only upset because he received a paid vacation, implying that none of his conduct caused her emotional distress. Defendant's Memorandum of Law, page 4. At no point does he dispute Murphy's Local Rule 56 (a) 1 Statement on this point, nor does he raise this issue in his Local Rule 56 (a) 2 Statement of Disputed Material Facts. Reading Vecchia's Affidavit and Memorandum of Law as generously as possible, his assertions must be disregarded.

5

Vecchia has admitted, through certain pleadings herein, through his testimony under oath and his guilty plea to trespass and disorderly conduct, to breaking and entering Murphy's car, stealing her belongings from her car and destroying and disposing of certain of those items, and to committing disorderly conduct when, after promising to have no further contact with Murphy, he saw Murphy at a restaurant in October of 2000, and upon seeing her sat near her rather than leaving immediately.

Admissions 20 and 21, 25, 26, 27, 28, 29 65, 66, 71. See also Puorro Aff., Exhibit "A" thereto, which contains a copy of the transcript of Vecchia's guilty pleas. Vecchia was informed, and understood he was being asked not to have any contact with Murphy because of the traumatic impact such contact had upon her. Admission 29. He agreed during that meeting that he would have no further contact with Murphy. Admission 31. Yet, he continued to go frequently and regularly to the places he knew Murphy would go to, and continued to make contact with her. Admission 5 (acknowledges that during the entire period 1997 through 2000, he went to Brennan's ---- a bar frequented by Murphy---- over 300 times); Admission 37 (admits he saw Murphy at Brennan's in July 1998, approached her and tried to talk to her); Admission 63 (admits that after September of 1998, when he was again told by City officials about the harmful effect his contacts and acts toward Murphy were having, he went to Brennan's and saw Murphy there "plenty of times").

6

The notes compiled by Murphy's psychiatrist (attached as Exhibit "G" to the Puorro Aff.) during his treatment of Murphy from 1998 through 2002 illustrate the significant distress Vecchia's contact had upon Murphy and that Murphy continues to experience that distress years after those incidents. There is no issue of material fact as to Murphy's claim of intentional infliction of emotional distress against Vecchia. Accordingly, summary judgment on Murphy's intentional infliction of emotional distress (Cause of Action Eleven) against Vecchia is warranted.

### D. Vecchia Has Offered No Legal Reason That Summary Judgment Should Not Be Granted on Murphy's Claim of Civil Assault

As described in Section B. above, Vecchia asserts that because the charge of "Stalking" was dismissed, he should not be found liable for Civil Assault. As described above that factual assertion is false and unsupported by the evidence provided.

Clearly, Vecchia's actions toward Murphy placed her repeatedly in apprehension of imminent bodily harm. The psychological effect that Vecchia's treatment of her was so extreme, Murphy continues to re-experience those same feelings of terror and danger, again, years after the incidents occurred.

There is no issue of material fact as to Murphy's claim of civil assault against Vecchia. Accordingly, summary judgment on Murphy's invasion of privacy claim (Cause of Action Ten) against Vecchia is warranted.

7

I.  **CONCLUSION**

For all of the reasons stated above, in the pleadings previously submitted, and during any hearing on this motion, Murphy respectfully requests that the Court grant summary judgment against David Vecchia on the following causes of action in her Complaint: (i) Cause of Action Nine – civil assault; (ii) Cause of Action Ten – invasion of privacy; and (iii) Cause of Action Eleven – intentional infliction of emotional distress.

PLAINTIFF,
BARBARA E. MURPHY

BY: _____
Elisabeth Seieroe Maurer (ct11445)
Maurer & Associates, PC
871 Ethan Allen, Hwy., Suite 202
Ridgefield, CT 06877
Phone (203) 438-1388
Fax (203) 431-0357
esmaurer@maurerandassociates.com