UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| BARBARA E. MURPHY,<br>    Plaintiff,<br><br>v.<br><br>THE CITY OF STAMFORD and DAVID VECCHIA,<br>    Defendants. | CIVIL ACTION NO.<br>3:03cv519 (SRU) |

## RULING ON MOTION FOR RECONSIDERATION

In March 2003, Barbara Murphy filed a complaint against the City of Stamford ("Stamford") and another former city employee, David Vecchia,[1] who Murphy claimed had harassed her between 1997 and 2002.  Specifically, Murphy sued Stamford pursuant to 42 U.S.C. § 1983, claiming that Stamford violated her rights under the Equal Protection Clause to be free from a hostile work environment, because Stamford's ongoing failure to remedy Vecchia's harassment of Murphy constituted an unconstitutional policy or practice.  Murphy also raised several state law claims, including negligent supervision, negligent retention, and breach of contract.

Stamford filed a motion for summary judgement on all counts, arguing that there was not sufficient evidence to support any theory of municipal liability, and that Murphy's claims were barred by the statute of limitations.  On March 8, 2006, I granted in full Stamford's motion for summary judgment.  On March 20, 2006, Murphy filed a motion for reconsideration, arguing that I overlooked material facts and controlling law.

In general, there are three grounds that may justify reconsideration: (1) an intervening

---

[1] Murphy also brought claims against Vecchia.  Those claims are not at issue here.

change of controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error or prevent manifest injustice. *Virgin Atlantic Airways, Ltd. v. National Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992). The standard for granting a motion for reconsideration is strict. *Shrader v. CSX Transp., Inc.*, 70 F.3d 255, 257 (2d Cir. 1995). A "motion for reconsideration may not be used to plug gaps in an original argument or to argue in the alternative once a decision has been made." *Lopez v. Smiley*, 375 F. Supp. 2d 19, 21-22 (D. Conn. 2005). It is also not appropriate to use a motion to reconsider solely to re-litigate an issue already decided. *Id.* A motion to reconsider should be denied, "unless the moving party can point to controlling decisions or data that the court overlooked – matters, in other words, that might reasonably be expected to alter the conclusion reached by the court." *Id.*

    Here, Murphy has made primarily the same arguments that she made at oral argument. At oral argument Murphy could not point to any evidence in the record where a final policymaker was aware that a Stamford policy with respect to sexual harassment was not being enforced and failed to respond once armed with that knowledge. In her motion for reconsideration, Murphy has not pointed to any fact that I overlooked in that regard. In addition, Murphy has not pointed to controlling law that I disregarded, but rather has attempted to distinguish the facts of this case from other controlling cases. Prior to ruling at oral argument, I had carefully considered the principles and cases Murphy claims that I ignored, although I did not necessarily cite each case on the record.

    In sum, Murphy has not raised any issue that would reasonably alter my previous ruling; rather, she has re-argued the issues I have already decided. Therefore, she has not met the

standard for reconsideration.  Murphy's Motion for Reconsideration (**doc. # 107**) is **DENIED**.

The clerk shall **close this file**.

       It is so ordered.

       Dated at Bridgeport, Connecticut, this 14th day of August 2006.

                                       /s/_____
                                        Stefan R. Underhill
                                        United States District Judge